**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MALLINCKRODT PUBLIC LIMITED COMPANY, MARK C. TRUDEAU, BRYAN M. REASONS, GEORGE A. KEGLER, and MATTHEW K. HARBAUGH, <br><br> Defendants. | Case No. 1:19-cv-07030-ER |

**MEMORANDUM OF LAW IN SUPPORT OF DENNIS DAUENHAUER'S MOTION OF FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Dennis Dauenhauer ("Movant") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Movant as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Movant's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

**I. PRELIMINARY STATEMENT**

This is a class action on behalf of persons who purchased or otherwise acquired Mallinckrodt public limited company ("Mallinkrodt" or the "Company") securities between February 28, 2018 and July 16, 2019, inclusive (the "Class Period").

1

Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Movant respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Movant's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Mallinckrodt develops, manufactures, markets, and distributes specialty pharmaceutical products and therapies. It has two operating segments: Specialty Brands, and Specialty Generics and Amitiza. The Company's portfolio includes H.P. Acthar Gel ("Acthar"), an injectable drug for various indications, such as rheumatoid arthritis, multiple sclerosis, infantile spasms, systemic lupus erythematosus, polymyositis, and others. During the Class Period, Acthar was in a Phase 2B study called the PENNANT Trial, which was designed to assess its efficacy and safety as an investigational treatment for amyotrophic lateral sclerosis ("ALS").

On July 16, 2019, after the market closed, the Company announced that it was permanently discontinuing the PENNANT Trial assessing Acthar's safety and efficacy as an ALS treatment. Mallinckrodt "halt[ed] the trial after careful consideration of a recent recommendation by the study's independent Data and Safety Monitoring Board" ("DSMB"), which "was based on the specific concern for pneumonia, which occurred at a higher rate in the ALS patients receiving Acthar Gel compared to those on placebo" and that "the board also mentioned other adverse events specific to this patient population."

On this news, the Company's stock price fell $0.64 per share, or nearly 8%, to close at $7.56 per share on July 17, 2019, thereby injuring investors.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that Acthar posed significant safety concerns that rendered it a non-viable treatment for ALS; (2) that, accordingly, the Company overstated the viability of Acthar as an ALS treatment; and (3) that, as a result, the Company's public statements were materially false and misleading at all relevant times.

## III.    ARGUMENT

### A.    Movant Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most

capable of adequately representing the interests of the Class—is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movant Filed a Timely Motion

Movant has made a timely motion in response to a PSLRA early notice. Barbara Strougo commenced the above-captioned action against Mallinckrodt on July 26, 2019. The same day, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Strougo published a notice of the

4

pendency of Plaintiff's case on *Globe Newswire*, announcing that a securities class action had been filed against Defendants herein.  *See* Declaration of Lesley F. Portnoy ("Portnoy Decl."), Exhibit ("Ex.") A. Therefore, Movant had sixty days or until September 24, 2019, to file a motion to be appointed as Lead Plaintiff. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Portnoy Decl., Ex. B. Accordingly, Movant satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.   Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Movant purchased Mallinckrodt securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial losses of $206,344.06.  *See* Portnoy Decl., Ex. C. To the best of his knowledge, Movant is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss.  Movant believes he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.  *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making a determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

#### a) Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

6

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Mallinckrodt's business, operations, and financial prospects violated the federal securities laws. Movant, like all of the members of the Class, purchased Mallinckrodt securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b)      Movant Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Portnoy Decl., Ex. C. Movant is not aware of any conflict between his claims and those asserted on behalf of the Class.

### B.      The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as

7

reflected by the firm's résumé attached to the Portnoy Declaration as Exhibit D.  Thus, the Court may be assured that, by granting Movant's Motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as lead plaintiff; (2) approving Movant's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: September 24, 2019                    **GLANCY PRONGAY & MURRAY LLP**


By:   *s/ Lesley F. Portnoy*
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite 530
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
lportnoy@glancylaw.com

-and-

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant*

8

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On September 24, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 24, 2019, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy
