**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA STROUGO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MALLINCKRODT PUBLIC LIMITED COMPANY, MARK C. TRUDEAU, BRYAN M. REASONS, GEORGE A. KEGLER, and MATTHEW K. HARBAUGH,<br><br>Defendants. | CASE No.: 1:19-cv-07030-ER<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRAD DAVIS TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

Plaintiff Brad Davis ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers of the publicly traded securities of Mallinckrodt Public Limited Company ("Mallinckrodt" or the "Company") between February 28, 2018 through July 16, 2019, both dates inclusive (the "Class Period"); and

1

(b)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on July 26, 2019 against Mallinckrodt and certain of its officers and directors for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Mallinckrodt develops, manufactures, markets, and distributes specialty pharmaceutical products and therapies in the United States and internationally. Mallinckrodt markets its products to physicians, pharmacists, pharmacy buyers, hospital procurement departments, ambulatory surgical centers, and specialty pharmacies.  Mallinckrodt's portfolio of products includes H.P Acthar Gel ("Acthar") which is an injectable drug for various conditions such as rheumatoid arthritis, multiple sclerosis, infantile spasms, systemic lupus erythematosus, polymyositis and other conditions. During the Class Period, the Company was conducting a Phase 2B study which was designed to assess the efficacy and safety of Acthar as a treatment for amyotrophic lateral sclerosis ("ALS"). The complaint alleges that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Acthar posed significant safety concerns that rendered it a non-viable treatment for ALS; (2) accordingly, Mallinckrodt overstated the viability of Acthar as an ALS treatment; and (3) as a result, Mallinckrodt's public statements were materially false and misleading at all relevant times.

On July 16, 2019, after the market closed, Mallinckrodt issued a press release in which the Company announced that it was permanently discontinuing the Phase 2B study based on the recommendation of the study's independent Data and Safety Monitoring Board which "was

based on the specific concern for pneumonia, which occurred at a higher rate in the ALS patients receiving Acthar Gel compared to those on placebo" and that "the board also mentioned other adverse events specific to this patient population." On this news, shares of Mallinckrodt fell $0.64 per share, or 7.8%, to close at $7.56 per share on July 17, 2019, damaging investors.

## ARGUMENT

### I.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if

3

necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $390,387.67 in connection with his purchases of Mallinckrodt securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Mallinckrodt securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Mallinckrodt's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

5

## 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained financial losses from investments in Mallinckrodt securities and is therefore, extremely motivated to pursue claims in this action.

## D.  Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is

6

discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen

7

Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: September 24, 2019                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
Sherin Mahdavian, Esq.
Rina Restaino, Esq.
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com
sherin@schallfirm.com
rina@schallfirm.com

*Additional Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>

9