**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, <br><br>          Plaintiff, <br><br>    v. <br><br> MALLINCKRODT PUBLIC LIMITED COMPANY, MARK C. TRUDEAU, BRYAN M. REASONS, GEORGE A. KEGLER, and MATTHEW K. HARBAUGH <br><br>          Defendants. | Case No.: 1:19-cv-07030-ER <br><br> Hon. Edgardo Ramos |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TIMOTHY J. WILCOX FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF COUNSEL</u>**

## **TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ................................................................................................ 2

II.   PROCEDURAL HISTORY ................................................................................................ 3

III.  ARGUMENT ..................................................................................................................... 3

    A.    Appointing Movant as Lead Plaintiff Is Appropriate ...................................................... 3

        1.    Movant Filed a Timely Motion. ................................................................................ 4

        2.    Movant Has the Largest Financial Interest. ............................................................... 5

        3.    Movant Satisfies the Relevant Requirements of Rule 23. ......................................... 5

            a.    Movant's Claims Are Typical. ........................................................................... 6

            b.    Movant Is an Adequate Representative. ............................................................. 7

    B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ...................................... 7

IV.   CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp.*,
   264 F.3d 201 (3d Cir. 2001)............................................................................................ 7

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
   269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................ 6, 7

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ..................................................................................... 6

*Francisco v. Abengoa, S.A.*,
   No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) .................... 8

*Inchen Huang v. Depomed, Inc.*,
   289 F. Supp. 3d 1050 (N.D. Cal. 2017) ......................................................................... 8

*Isaacs v. Musk*,
   No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), ........... 8

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
   No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008) ................. 6

*Levin v. Res. Capital Corp.*,
   No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016) ................... 8

*Micholle v. Ophthotech Corp.*,
   No. 17-CV-210 (VSB), 2018 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 13, 2018).................. 4

*Polat v. Regulus Therapeutics, Inc.*,
   No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal. Oct. 26, 2017).... 9

*Pope v. Navient Corp.*,
   No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018).............. 8

*In re Tesla, Inc. Sec. Litig.*,
   No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018)............. 8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)........................................................................ 4, 5

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 7

**Statutes**

15 U.S.C. § 78j(b) ........................................................................................................... 1

15 U.S.C. § 78u-4(a)(3)(A)(i) ......................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................. 3

15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................... 3, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa) ................................................................................ 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ............................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ........................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(v) ........................................................................................ 7

**Rules**

FED. R. CIV. P. 23 ..................................................................................................... 1, 4, 6

Timothy J. Wilcox ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class of purchasers of Mallinckrodt Public Limited Company ("MNK" or the "Company") securities from February 28, 2018 through July 16, 2019, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against defendants MNK, Mark C. Trudeau ("Trudeau"), Bryan M. Reasons ("Reasons"), George A. Kegler ("Kegler"), and Matthew K. Harbaugh  ("Harbaugh") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this Action.

## I.    FACTUAL BACKGROUND[1]

MNK is a United Kingdom based specialty pharmaceutical company which develops, manufactures, markets, and distributes specialty pharmaceutical products and therapies in the United States, Europe, the Middle East, Africa, and internationally. ¶ 2. MNK's securities trade on the New York Stock Exchange ("NYSE") under the ticker symbol "MNK". ¶ 13.

MNK's business has two segments, Specialty Brands, and Specialty Generics and Amitiza. *Id.* One of MNK's drugs is H.P. Acthar Gel ("Acthar"), an injectable drug for various indications, such as rheumatoid arthritis, multiple sclerosis, infantile spasms, systemic lupus erythematosus, polymyositis, and others, and was in a Phase 2B study during the Class Period. ¶ 3.

Throughout the Class Period, Defendants made materially false and misleading statements regarding MNK's business, operations and prospects. ¶ 36. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that (i) Acthar posed significant safety concerns that rendered it a non-viable treatment for ALS; (ii) accordingly, MNK overstated the viability of Acthar as an ALS treatment; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶ 4.

The truth emerged about Acthar on July 16, 2019, after the market closed, MNK disclosed that the PENNANT Trial assessing Acthar's safety and efficacy as an ALS treatment was permanently discontinued. ¶ 5.  On this news, MNK securities fell almost 8%, or $0.64 per share, to close on July 17, 2019 at $7.56 pe share. ¶ 6.

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Strougo* Complaint") filed in the Action entitled *Strougo v. Mallinckrodt Public Limited Company et al.*, Case No. 1:19-cv-07030-ER. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Strougo* Complaint. The facts set forth in the *Strougo* Complaint are incorporated herein by reference.

2

## II.    PROCEDURAL HISTORY

Pending before this Court is a class action (the "Action") against the Defendants. Plaintiff Barbara Strougo ("Strougo") commenced the first filed action against MNK on July 26, 2019. On that same day, counsel acting on Strougo's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the above-captioned Defendants. *See* Exhibit C ("Press Release") to the Declaration of Gregory M. Nespole in Support of Movant's Motion ("Nespole Decl.").

## III.    ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

(aa) has either filed the complaint or made a motion in response to a notice. . .

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

3

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $124,711.37 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Nespole Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movant Filed a Timely Motion.

On July 26, 2019 pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Strougo published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of MNK securities that they had 60 days from the publication of the July 26, 2019 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Nespole Decl.; *Micholle v. Ophthotech Corp.,* No. 17-CV-210 (VSB), 2018 U.S. Dist. LEXIS 41120, at *4 (S.D.N.Y. Mar. 13, 2018) (filing a notice on *Globe Newswire* satisfied the PSLRA's notice requirement).

4

Movant timely filed his motion within the 60-day period following publication of the July 26, 2019 Press Release, submitted herewith sworn certifications attesting that he is willing to serve as a representative of the Class and attaching his transactions in MNK securities. *See* Nespole Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.      Movant Has the Largest Financial Interest.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant purchased MNK securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. As a result of the alleged fraud against Defendants, Movant suffered an approximate loss of $124,711.37.  *See* Nespole, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class.  *See Varghese,* 589 F. Supp. 2d at 396.

### 3.      Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule

5

23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at 296- 97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a.    Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions, and fraudulent scheme, concerning MNK's business, operational and compliance policies, violated the

6

federal securities laws. Movant, like all members of the Class, purchased MNK securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action, and Movant's financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Nespole Decl., Ex. B. Finally, Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

### B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and will retain the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Nespole Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Inchen Huang v. Depomed, Inc.,* 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3

8

(S.D. Cal. Oct. 26, 2017) (same). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court grant his Motion and enter an Order: (1) appointing Movant as lead plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on Following Page]*

Dated: September 24, 2019                           Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *Gregory M. Nespole*
Gregory M. Nespole (GN-6820)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: gnespole@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

9