UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:19-cv-07030-ER |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : : |  |
| MALLINCKRODT PUBLIC LIMITED COMPANY, MARK C. TRUDEAU, BRYAN M. REASONS, GEORGE A. KEGLER and MATTHEW K. HARBAUGH, | : : : : : |  |
| Defendants. | : : |  |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CANADIAN ELEVATOR INDUSTRY PENSION TRUST FUND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

## I.    PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of purchasers of Mallinckrodt public limited company ("Mallinckrodt" or the "Company") securities between February 28, 2018 and July 16, 2019, inclusive (the "Class Period"), alleging violations under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") [15 U.S.C. §78u-4 *et seq.*].

Proposed lead plaintiff Canadian Elevator Industry Pension Trust Fund (the "Pension Trust Fund") hereby moves this Court for an Order: (i) appointing it as Lead Plaintiff in the Action pursuant to the PSLRA; and (ii) approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel.

The Pension Trust Fund is the most adequate plaintiff as defined by the PSLRA because it possesses a significant financial interest in the Action, *see* Rosenfeld Decl., Exs. B-C,[1] and it otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

Accordingly, the Pension Trust Fund should be appointed Lead Plaintiff, and its selection of Lead Counsel should be approved.

---

[1]    References to the "Rosenfeld Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld in Support of Motion of Canadian Elevator Industry Pension Trust Fund for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, dated September 24, 2019, and submitted herewith.

## II.    FACTUAL BACKGROUND

Mallinckrodt, together with its subsidiaries, develops, manufactures, markets, and distributes specialty pharmaceutical products and therapies in the United States, Europe, the Middle East, Africa, and internationally.  Mallinckrodt common stock trades on the New York Stock Exchange under the ticker MNK.

Mallinckrodt markets its branded products to physicians, pharmacists, pharmacy buyers, hospital procurement departments, ambulatory surgical centers, and specialty pharmacies.  Among other products, Mallinckrodt's portfolio includes H.P. Acthar Gel ("Acthar"), an injectable drug for various indications, such as rheumatoid arthritis, multiple sclerosis, infantile spasms, systemic lupus erythematosus, polymyositis, and others.  During the Class Period, Acthar was in a Phase 2B study designed to assess its efficacy and safety as an investigational treatment for amyotrophic lateral sclerosis ("ALS").

The complaint alleges that, throughout the Class Period, defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. Specifically, the complaint alleges that defendants made false and/or misleading statements and/or failed to disclose that: (i) Acthar posed significant safety concerns that rendered it a non-viable treatment for ALS; (ii) accordingly, Mallinckrodt overstated the viability of Acthar as an ALS treatment; and (iii) as a result, defendants' public statements were materially false and misleading at all relevant times.

Then, on July 16, 2019, Mallinckrodt announced that the Company was permanently discontinuing the PENNANT Trial assessing Acthar's safety and efficacy as an ALS treatment. Mallinckrodt stated that it decided "to halt the trial after careful consideration of a recent recommendation by the study's independent Data and Safety Monitoring Board", which "was based on the specific concern for pneumonia, which occurred at a higher rate in the ALS patients

receiving Acthar Gel compared to those on placebo" and that "the board also mentioned other adverse events specific to this patient population."  ECF No. 1 at ¶5.

On this news, Mallinckrodt's stock price declined by approximately 7.8%, to close at $7.56 per share on July 17, 2019.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Mallinckrodt securities, the Pension Trust Fund and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Pension Trust Fund Should Be Appointed Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Notice regarding the pendency of this action was published on *GlobeNewswire*, a national, business-oriented newswire service, on July 26, 2019. *See* Rosenfeld Decl. Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing

the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Villella v Chem. & Mining Co. of Chile*, No. 15 Civ. 2106 (ER), 2015 WL 6029950, at * 5 (S.D.N.Y. Oct. 14, 2015) (Ramos, J.).

### 2.    The Pension Trust Fund Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a.    The Pension Trust Fund Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on July 26, 2019), the Pension Trust Fund timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class by the September 24, 2019 deadline.  A representative of the Pension Trust Fund has signed and filed a Certification stating that it is willing to serve as the representative party on behalf of the class. *See* Rosenfeld Decl. Ex. B.  In addition, the Pension Trust Fund has selected and retained competent counsel to represent it and the class.  Accordingly, the Pension Trust Fund is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

**b.     The Pension Trust Fund Has the Requisite Financial
Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed

Certification and loss chart, the Pension Trust Fund incurred a substantial loss of approximately

$1,833,000 on its transactions in Mallinckrodt and was injured thereby.  Rosenfeld Decl. Exs. B,

C.[2]  To the best of the knowledge of Pension Trust Fund's counsel, there are no other plaintiffs

with a larger financial interest.  Therefore, Pension Trust Fund satisfies the PSLRA's prerequisite

of having the largest financial interest.

**c.     The Pension Trust Fund Otherwise Satisfies Rule 23**

According to the PSLRA, in addition to possessing the largest financial interest in the

outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule

23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B).  Rule 23(a) provides that

a party may serve as a class representative only if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of

law or fact common to the class; (3) the claims or defenses of the representative parties are typical

of the claims or defenses of the class; and (4) the representative parties will fairly and adequately

protect the interests of the class.  Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly

address the personal characteristics of the class representative.  Consequently, in deciding a motion

to serve as lead plaintiff, courts limit their inquiry to the typicality and adequacy prongs of Rule

23(a), and defer examination of the remaining requirements until the motion for class certification.

---

[2]    The Pension Trust Fund's loss is the same under both the first-in, first-out ("FIFO") and last-in, first-out (FIFO) accounting methodologies.

*See, e.g.*, *Villella*, 2015 WL 6029950, at *6. The Pension Trust Fund satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

"The typicality requirement is satisfied when the class members' claims 'arise [ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at *7. The Pension Trust Fund satisfies this requirement because, just like all other class members, it: (1) purchased Mallinckrodt securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby. Thus, the Pension Trust Fund's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

"The adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id*. Here, the Pension Trust Fund is an adequate representative of the class because its interests are aligned with the putative class and there is no evidence of any antagonism between the Pension Trust Fund's interests and the class's interests. The Pension Trust Fund's substantial losses provide the requisite interest to ensure vigorous advocacy. In addition, as shown below, the Pension Trust Fund has retained competent and experienced counsel to prosecute these claims.

The Pension Trust Fund is a sophisticated institutional investor overseen by an independent six-person Board of Trustees that is responsible for its management.[3] The Pension Trust Fund is

---

[3] For additional details concerning the Pension Trust Fund and its governance, *see* https://ceiwpp.ca/english/welfare_and_pension_plans/pension_plan/pension_plan(GOVERNANCE).html.

precisely the type of institutional investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors."); *see also Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03 Civ. 8284 (RWS), 2004 WL 816440, at *2 (S.D.N.Y. Apr. 14, 2004) (citing Congressional intent to encourage institutional investors to serve as lead plaintiffs). Thus, the Pension Trust Fund satisfies the adequacy requirements of Rule 23(a)(4).

Because the Pension Trust Fund filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

## B.    The Court Should Approve the Pension Trust Fund's Choice of Lead Counsel

"The PSLRA provides that '[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Villella*, 2015 WL 6029950, at *8 (citing 15 U.S.C. §78u4(a)(3)(B)(v)). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel." *Id.* Here, the Pension Trust Fund has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney firm with offices nationwide, regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys

- 7 -

and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[4]

District courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Villella*, 2015 WL 6029950, at *8 ("After reviewing Tyne and Wear's submission detailing Robbins Geller's track record . . . , the Court, like many others in this Circuit before it, concludes that Robbins Geller 'is experienced in securities class action litigation and qualified to conduct this lawsuit.'"); *see also* Transcript of Proceedings, *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH (S.D.N.Y. July 30, 2015), ECF No. 502 (commending Robbins Geller for its work in achieving  $400 million settlement on the eve of trial: "Without the quality and the toughness that you exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations."); Transcript of Proceedings, *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y. May 2, 2016), ECF No. 243 at 10-11 (Preska, J.) (commending Robbins Geller for its work in achieving $272 million settlement and changing Second Circuit law: "Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job."); *In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of Robbins Geller's attorneys "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *see also* Order, *Purple Mountain Trust v. Wells*

---

[4]  For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

*Fargo & Co., et al.*, No. 1:18-cv-01318-ER (S.D.N.Y. June 20, 2018), ECF No. 24 at 3 (Ramos, J.) (appointing Robbins Geller as lead counsel and finding that "Robbins Geller Rudman & Dowd LLP, is a law firm experienced in litigating complex securities issues.").

Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[5] And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Thus, the Court can be assured that by approving the Pension Trust Fund's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

For all the foregoing reasons, the Pension Trust Fund respectfully requests that the Court: (i) appoint the Pension Trust Fund as Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

---

[5]   *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

DATED:  September 24, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


_s/ David A. Rosenfeld_
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SABRINA E. TIRABASSI
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
stirabassi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

- 10 -

- 11 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

_s/ David A. Rosenfeld_
DAVID A. ROSENFELD