UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA STROUGO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MALLINCKRODT PUBLIC LIMITED COMPANY, MARK C. TRUDEAU, BRYAN M. REASONS, GEORGE A. KEGLER, and MATTHEW K. HARBAUGH,<br><br>Defendants. | Case No.  1:19-cv-07030-ER |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DELBERT SMITH
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT ................................................................................................................................ 3

I.      SMITH SHOULD BE APPOINTED LEAD PLAINTIFF ................................................ 3

        A.      Smith is willing to serve as a Class Representative and has timely filed this
                motion to be appointed Lead Plaintiff. .................................................................. 4

        B.      Smith has the "largest financial interest" in the Action. ....................................... 5

        C.      Smith otherwise satisfies the Requirements of Rule 23 ......................................... 6

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 8

CONCLUSION ............................................................................................................................. 9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
  2018 WL 1634872, 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018) ..........................6

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
  141 F.R.D. 229 (2d Cir. 1992) ...............................................................................................7

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
  2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018).......................................................5

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
  2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).........................................................8

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................8

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)......................................................................................................5

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
  2007 WL 680779, 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007).......................5, 9

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 ............................................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) ...............................................................................................8

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................................5

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
  2008 WL 2811358, 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ...........................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................6

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) .............................................................................................7

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................................6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) ..................................................................................8

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..............................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
   2017 WL 5256769, 2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017).......5

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)..........................................................................8

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ................................................................1, 4, 6, 8

## Rules

Federal Rules of Civil Procedure Rule 23 ............................................................... *passim*

Delbert Smith ("Smith") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Smith as Lead Plaintiff on behalf of a class consisting of all persons who purchased or otherwise acquired Mallinckrodt plc ("Mallinckrodt" or the "Company") securities between February 28, 2018 and July 16, 2019, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaint in the above-captioned action (the "Action") alleges that Mallinckrodt and certain of its officers defrauded investors in violation of the Exchange Act. *See generally* Dkt. No. 1 ("Complaint"). Mallinckrodt investors, including Smith, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Mallinckrodt securities to fall sharply, damaging Smith and other Mallinckrodt investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of Mallinckrodt securities during the Class Period, Smith incurred losses of approximately $328,024 calculated on a first-in, first-out ("FIFO") basis, or $316,806 calculated on a last-in, first-out ("LIFO") basis. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A. Accordingly, Smith believes that he has the largest financial interest in the relief sought in this Action.

1

Beyond his considerable financial interest, Smith also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his obligations as Lead Plaintiff and vigorously prosecute this Action on behalf of the Class, Smith has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Smith respectfully requests that the Court enter an order appointing Smith as Lead Plaintiff and approving Smith's selection of Pomerantz as Lead Counsel.

## STATEMENT OF FACTS

As alleged in the Complaint (*see generally* Dkt. No. 1), Mallinckrodt was founded in 1867 and is based in the United Kingdom. The Company, together with its subsidiaries, develops, manufactures, markets, and distributes specialty pharmaceutical products and therapies in the United States, Europe, the Middle East, Africa, and internationally. It operates in two segments, Specialty Brands, and Specialty Generics and Amitiza. The Company markets its branded products to physicians, pharmacists, pharmacy buyers, hospital procurement departments, ambulatory surgical centers, and specialty pharmacies.

Among other products, Mallinckrodt's portfolio includes H.P. Acthar Gel ("Acthar"), an injectable drug for various indications, such as rheumatoid arthritis, multiple sclerosis, infantile spasms, systemic lupus erythematosus, polymyositis, and others. During the Class Period, Acthar was in a Phase 2B study designed to assess its efficacy and safety as an investigational treatment for amyotrophic lateral sclerosis ("ALS").

2

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Acthar posed significant safety concerns that rendered it a non-viable treatment for ALS; (ii) accordingly, Mallinckrodt overstated the viability of Acthar as an ALS treatment; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

On July 16, 2019, post-market, Mallinckrodt announced that the Company was permanently discontinuing the PENNANT Trial, assessing Acthar's safety and efficacy as an ALS treatment. Mallinckrodt stated that it decided "to halt the trial after careful consideration of a recent recommendation by the study's independent Data and Safety Monitoring Board", which "was based on the specific concern for pneumonia, which occurred at a higher rate in the ALS patients receiving Acthar Gel compared to those on placebo" and that "the board also mentioned other adverse events specific to this patient population."

On this news, Mallinckrodt's stock price fell $0.64 per share, or 7.8%, to close at $7.56 per share on July 17, 2019.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Smith and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    SMITH SHOULD BE APPOINTED LEAD PLAINTIFF

Smith should be appointed Lead Plaintiff because, to his knowledge, Smith has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in

response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

 (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Smith satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Smith is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On July 26, 2019, Pomerantz—counsel for plaintiff in the Action—caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Defendants and which advised investors in Mallinckrodt securities that they had until September 24, 2019—*i.e.*, 60 days—to file a motion to be appointed as lead plaintiff (the "PSLRA Notice"). *See* Lieberman Decl., Ex. B. Smith has timely filed the instant motion pursuant to the PSLRA Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class

and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Smith

satisfies the first requirement to serve as Lead Plaintiff of the Class.

> **B.    Smith has the "largest financial interest" in the Action.**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . .

is the person or group of persons that . . . has the largest financial interest in the relief sought by

the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Smith has the largest

financial interest of any Mallinckrodt investor or investor group seeking to serve as Lead

Plaintiff.  For claims arising under federal securities laws, courts frequently assess financial

interest based upon the four factors articulated in the seminal case *Lax v. First Merchants*

*Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of

net shares purchased during the class period; (3) the total net funds expended during the class

period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 WL 461036, 1997

U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).  In accord with other courts

nationwide,[1] these *Lax* factors have been adopted and routinely applied by courts in this judicial

district.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 WL 3093965, 2018

U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express*

*(Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 WL 5256769, 2017 U.S. Dist. LEXIS 187238, at

*3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D.

395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Smith: (1) purchased 26,376 shares of Mallinckrodt securities;

(2) expended $437,959 on purchases of Mallinckrodt securities; (3) retained 23,976 of his shares

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

of Mallinckrodt securities; and (4) incurred losses of $328,024 on a FIFO basis, or $316,806 on a LIFO basis in connection with his transactions in Mallinckrodt securities.  *See* Lieberman Decl., Ex. A.  To the extent that Smith possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.      Smith otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23".  *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 WL 1634872, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, 2018 U.S. Dist. LEXIS 57591, at *8.  Here, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all class members, including Smith.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 WL 2811358, 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Smith's claims are typical of those of the Class. Smith alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Mallinckrodt. Smith, as did all members of the Class, purchased Mallinckrodt securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Mallinckrodt's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed

lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 WL 1779348, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Smith has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Smith's interests and the interests of the Class.  Smith has submitted a sworn Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Smith demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

## II.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). *See also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Smith has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as

8

detailed in the firm's resume.  *See* Lieberman Decl., Ex. D.  Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See* Lieberman Decl., Ex. D.  Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company.  *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066).  As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in this Action, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of this Action.  Thus, the Court may be assured that by approving the selection of counsel by Smith, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Smith respectfully requests that the Court issue an Order: (1) appointing Smith as Lead Plaintiff; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated:  September 24, 2019                    Respectfully submitted,

                                            POMERANTZ LLP

                                            */s/ Jeremy A. Lieberman*
                                            Jeremy A. Lieberman
                                            J. Alexander Hood II
                                            600 Third Avenue, 20th Floor
                                            New York, NY 10016

Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant
and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant*

10