UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | x |  |
|---|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:19-cv-07030-ER |
|  | : |  |
|  | : | CLASS ACTION |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : |  |
| MALLINCKRODT PUBLIC LIMITED COMPANY, MARK C. TRUDEAU, BRYAN M. REASONS, GEORGE A. KEGLER and MATTHEW K. HARBAUGH, | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |
|  | x |  |

**CANADIAN ELEVATOR INDUSTRY PENSION TRUST FUND'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Proposed Lead Plaintiff Canadian Elevator Industry Pension Trust Fund ("Pension Trust Fund") respectfully submits this Memorandum of Law in Opposition to Competing Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel filed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## I.    PRELIMINARY STATEMENT

Presently pending before the Court are lead plaintiff motions filed by two investors in Mallinckrodt public limited company securities: (a) the Pension Trust Fund, with an alleged loss of $1,832,996  [ECF No. 23]; and (b) Timothy J. Wilcox, with an alleged loss of $124,711 [ECF No. 20].[1]

With losses greater than those alleged by Mr. Wilcox, the Pension Trust Fund has the largest financial interest in this action.  In addition to this greater financial interest, the Pension Trust Fund easily satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, thereby justifying the presumption in its favor that the Pension Trust Fund is the "most adequate plaintiff" to represent the class.

Mr. Wilcox may rebut that presumption only with proof that the Pension Trust Fund is unable to adequately represent the class.  This he cannot do.  To be sure, Mr. Wilcox cannot legitimately contend that the Pension Trust Fund will not fairly and adequately protect the interests

---

[1]    Motions for appointment as lead plaintiff were also filed by Brad Davis [ECF No. 17], Delbert Smith [ECF No. 26], and Dennis Dauenhauer [ECF No. 14].  On October 7, 2019, Brad Davis filed a Notice of Withdrawal of his motion, recognizing that he "does not appear to have the largest financial interest."  ECF No. 30.  Both Delbert Smith and Dennis Dauenhauer filed a Notice of Non-Opposition to the competing motions for appointment as lead plaintiff on October 8, 2019, similarly stating that they do not appear to "have the largest interest" in the relief sought by the class as required by the PSLRA.  ECF Nos. 31 & 32.

of the class or that the Pension Trust Fund is subject to unique defenses that render it incapable of adequately representing the class.

Accordingly, pursuant to the standards established by the PSLRA, the Pension Trust Fund should be appointed Lead Plaintiff in this action, and its selected counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), should be approved to serve as Lead Counsel.

## II.    ARGUMENT

### A.    The Pension Trust Fund Should Be Appointed Lead Plaintiff

The PSLRA provides that, in securities class actions, the court must determine who among the movants for lead plaintiff status is the "most adequate plaintiff" to prosecute the action. *See Villella v Chem. & Mining Co. of Chile*, No. 15 Civ. 2106 (ER), 2015 WL 6029950, at *5 (S.D.N.Y. Oct. 14, 2015) (Ramos, J.).[2]  In determining which class member is "the most adequate plaintiff," the PSLRA establishes a "rebuttable presumption" that "the most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id*.

#### 1.    The Pension Trust Fund Has the Largest Financial Interest

To determine which plaintiff has the largest financial interest, the Court should consider, among other things: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . . ; (3) the net funds expended during the class period . . .; and (4) the approximate losses suffered." *Id*. at 6.

---

[2]    Citations, internal quotations, and footnotes omitted and emphasis added unless noted otherwise.

Here, it is clear that the Pension Trust Fund has the "largest financial interest" under each of the four factors, including most importantly the largest financial loss resulting from Mallinckrodt's alleged misconduct:

| Movant | Total Shares Purchased | Net Shares Purchased | Net Funds Expended | Alleged Approximate Loss Suffered (FIFO) |
|---|---|---|---|---|
| **Pension Trust Fund** | **111,639** | **111,639** | **$2,619,493** | **$1,832,996** |
| Timothy J. Wilcox | 10,000 | 10,000 | $170,557 | $124,711 |

Accordingly, the Pension Trust Fund is presumed to be the most adequate plaintiff so long as it also otherwise satisfies Rule 23's requirements for class representatives.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also Villella*, 2015 WL 6029950, at *6.

### 2.      The Pension Trust Fund Otherwise Satisfies Rule 23

The presumption in favor of the Pension Trust Fund's appointment as Lead Plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Villella*, 2015 WL 6029950, at *5.  In the lead plaintiff selection process, the courts limit their Rule 23 inquiry to the typicality and adequacy prongs of Rule 23(a). *See Villella*, 2015 WL 6029950, at *6 ("[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met").

Here, the Pension Trust Fund satisfies Rule 23(a)(3)'s typicality requirement because its claims, like the claims of every other class member, are premised on defendants' dissemination of

false and misleading public statements in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b) and 78t(a). *See id.* at 7 (Typicality is satisfied "when the class members' claims arise [] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (brackets in original). Additionally, the Pension Trust Fund satisfies Rule 23(a)(4)'s adequacy requirement because its interests do not conflict with the interests of any other class member, and it has retained experienced counsel to vigorously prosecute this action on behalf of the class. *See id*. (Adequacy is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.").

Accordingly, because the Pension Trust Fund has the largest financial interest and otherwise satisfies Rule 23, the Retirement Trust is the presumptive Lead Plaintiff in this action.

### 3.     Mr. Wilcox Cannot Rebut the Pension Trust Fund's Presumptive Lead Plaintiff Status

In order to overcome the strong presumption in favor of appointing the Pension Trust Fund as Lead Plaintiff, the PSLRA requires "proof" that the Pension Trust Fund "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render it incapable of adequately representing the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Villella*, 2015 WL 6029950, at \*7 (same). Here, Mr. Wilcox can offer no ***proof*** that the Pension Trust Fund fails to satisfy the typicality or adequacy requirements of Rule 23. Accordingly, this Court should grant the Pension Trust Fund's lead plaintiff motion.

4

**B.**      **The Court Should Approve the Pension Trust Fund's Choice of Counsel**

Pursuant to the PSLRA, the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the class.  15 U.S.C. §78u-4(a)(3)(B)(v).  In this regard, the Pension Trust Fund has selected Robbins Geller to serve as Lead Counsel – a firm with substantial experience in the prosecution of shareholder and securities class actions.  *See* ECF No. 24 at 7-9. The Court should approve the Pension Trust Fund's selection of Robbins Geller as Lead Counsel.

**III.    CONCLUSION**

For all the foregoing reasons, the Pension Trust Fund respectfully requests that the Court: (a) deny Mr. Wilcox's motion for appointment of Lead Plaintiff in this action; (b) grant the Pension Trust Fund's motion for appointment of Lead Plaintiff and approval of its selection of Lead Counsel; and (c) grant such other relief as the Court may deem just and proper.

DATED:  October 8, 2019                   Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                          *s/ David A. Rosenfeld*
                                          DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

5

ROBBINS GELLER RUDMAN
  & DOWD LLP
SABRINA E. TIRABASSI
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
stirabassi@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
danim@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD
