USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: June 25, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA STROUGO, *individually and on behalf of all others similarly situated*,

                Plaintiff,

– against –

MALLINCKRODT PUBLIC LIMITED COMPANY, MARK C. TRUDEAU, BRYAN M. REASONS, GEORGE A. KEGLER, and MATTHEW K. HARBAUGH,

                Defendants.

**OPINION AND ORDER**

19 Civ. 7030 (ER)

Ramos, D.J.:

On July 26, 2019, this putative class action was brought under the federal securities laws against Mallinckrodt Public Limited Company ("Mallinckrodt" or the "Company") and its top officers. Plaintiff Barbara Strougo ("Strougo") claims to represent a class of all persons who purchased or otherwise acquired Mallinckrodt securities between February 28, 2018 and July 16, 2019 (the "Class Period"), and seeks to recover damages caused by the defendants' alleged violations of federal securities laws.

Pending before the Court is the motion of class member Canadian Elevator Industry Pension Trust Fund (the "Pension Trust Fund") to be appointed as lead plaintiff in the action, and to appoint as lead counsel its law firm, Robbins Geller Rudman & Dowd LLP ("Robins Geller"). *See* Doc. 23. For the reasons set forth below, the motion is GRANTED.

I.      BACKGROUND

Mallinckrodt, together with its subsidiaries, develops, manufactures, markets, and distributes specialty pharmaceutical products and therapies in the United States and internationally. *See* Compl., Doc. 4 ¶ 2. Mallinckrodt's securities trade on the New York Stock

Exchange under the ticker "MNK." *Id*. ¶ 13. Mark C. Trudeau has served as Mallinckrodt's president and chief executive officer at all relevant times. *Id*. ¶ 14. Bryan M. Reasons has served as Mallinckrodt's executive vice president and chief financial officer since March 18, 2019. *Id*. ¶ 15. George A. Kegler served as Mallinckrodt's executive vice president and interim chief financial officer between December 6, 2018 and March 18, 2019. *Id*. ¶ 16. Matthew K. Harbaugh served as Mallinckrodt's executive vice president and chief financial officer since before the Class Period until December 6, 2018. *Id*. ¶ 17.

Mallinckrodt markets its branded products to physicians, pharmacists, pharmacy buyers, hospital procurement departments, ambulatory surgical centers, and specialty pharmacies. *Id*. ¶ 2. Among other products, Mallinckrodt's portfolio includes H.P. Acthar Gel ("Acthar"), an injectable drug for various indications, such as rheumatoid arthritis, multiple sclerosis, infantile spasms, systemic lupus erythematosus, polymyositis, and others. *Id*. ¶ 3. During the Class Period, Acthar was in a study designed to assess its efficacy and safety as an investigational treatment for amyotrophic lateral sclerosis ("ALS"). *Id*.

The complaint alleges that, throughout the Class Period, defendants made materially false and misleading statements regarding Mallinckrodt's business, operational, and compliance policies. Specifically, the complaint alleges that defendants made false and misleading statements and failed to disclose that: (i) Acthar posed significant safety concerns that rendered it a non-viable treatment for ALS; (ii) and accordingly, Mallinckrodt overstated the viability of Acthar as an ALS treatment. *Id*. ¶ 4.

Then, on July 16, 2019, Mallinckrodt announced that it was permanently discontinuing the PENNANT Trial[1] assessing Acthar's safety and efficacy as an ALS treatment. *Id*. ¶ 5.

---

[1] The official title of the PENNANT Trial is "A Multicenter, Double Blind, Placebo-Controlled Study to Assess the Efficacy and Safety of Acthar Gel in the Treatment of Subjects with Amyotrophic Lateral Sclerosis." *Id*. ¶ 5 n.1.

Mallinckrodt stated that it decided "to halt the trial after careful consideration of a recent recommendation by the study's independent Data and Safety Monitoring Board," which "was based on a specific concern for pneumonia, which occurred at a higher rate in the ALS patients receiving Acthar Gel compared to those on placebo," and that "the board also mentioned other adverse events specific to this patient population." *Id*.

On this news, Mallinckrodt's stock price declined by approximately 7.8%, to close at $7.56 per share on July 17, 2019. *Id*. ¶ 6. The complaint alleges that as a result of defendants' misstatements and omissions, and the precipitous decline in the market value of Mallinckrodt securities, the class has suffered significant losses. *Id*. ¶ 7.

On July 26, 2019, Strougo filed the instant action. Doc. 1. That same day, Strougo's counsel, Pomerantz LLP, announced the filing of the class action on *GlobeNewswire*, as required by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 *et seq*. *See* Doc. 19, Ex. 1. In that announcement, Pomerantz LLP stated that any shareholders seeking lead-plaintiff status in the class action had until September 24, 2019, to file a motion for appointment as lead plaintiff. *Id.*

On September 24, 2019, several class members filed motions with the Court for appointment as lead plaintiffs. *See* Docs. 14–29. Specifically, class members Dennis Dauenhauer, Brad Davis, Timothy J. Wilcox, the Canadian Elevator Industry Pension Trust Fund, and Delbert Smith moved to be appointed as lead plaintiff and to appoint their respective law firms as lead counsel. Docs. 14–29.

Less than one month later, on July 09, 2018, all movants except for the Pension Trust Fund and Wilcox either filed notices of non-opposition to competing motions or withdrew their own requests for lead plaintiff and counsel appointments, *see* Docs. 30–32, conceding that they

did not have the largest financial interest in the above-captioned action. *Id.* In addition, Wilcox did not file an opposition brief, and thus the Court deems his application "abandoned or withdrawn." *See In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013). Consequently, the Pension Trust Fund's motion for appointment as lead plaintiff and selection of Robins Geller as lead counsel stands unopposed.

Below, the Court addresses the Pension Trust Fund's motion.

## II.     APPOINTMENT OF LEAD PLAINTIFF

The PSLRA governs motions for the appointment of lead plaintiffs in putative class actions brought under federal securities laws. *See, e.g.*, *In re Braskem*, 2015 WL 5244735, at *4. The PSLRA instructs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The statute sets forth a rebuttable presumption "that the most adequate plaintiff . . . is the person or group of persons" that (i) "has either filed the complaint or made a motion in response to" public notice of the filing of the complaint, (ii) "has the largest financial interest in the relief sought by the class," and (iii) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 78u-4(a)(3)(B)(iii)(I). This presumption is rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u–4(a)(3)(B)(iii)(II).

4

### A. Filing Complaint or Motion

Here, it is undisputed that the Pension Trust Fund has satisfied the first requirement of the PSLRA by filing a timely motion on September 24, 2019, in response to the public notice issued by Pomerantz LLP on *GlobeNewswire*. Docs. 23–25.

### B. Largest Financial Interest

The next, most critical question is which "person or group of persons" seeking lead-plaintiff status has the largest financial interest in the relief sought by the putative class. The PSLRA does not specify a method for calculating which plaintiff has the "largest financial interest," and neither the Supreme Court nor the Second Circuit has articulated such a method. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008). However, courts in this Circuit typically examine four factors to determine a lead plaintiff's financial interest:

> (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 Civ. 8495 (RMB), 2015 WL 1345931, at *2 (S.D.N.Y. Mar. 19, 2015) (quoting *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127–28 (S.D.N.Y. 2011)). "Of these factors, courts have consistently held that the fourth, the magnitude of the loss suffered, is most significant." *In re Braskem*, 2015 WL 5244735, at *4 (collecting cases).

The Pension Trust Fund has proffered evidentiary support for its assertion that it has the largest financial interest in the relief sought by the putative class, relative to the other class members who formerly sought lead-plaintiff status. Docs. 25, Exs. 2–3. As evidenced by the PSLRA certifications of loss submitted, the Pension Trust Fund's incurred loss of $1,832,996.61,

makes it the movant with the largest financial interest. *Id.* Other movants incurred far lesser losses. For instance, Brad Davis, who incurred the second largest loss, lost $390,387.67. *See* Doc. 19, Exs. 2–3.

Accordingly, the Pension Trust Fund is presumed to have the greatest financial stake in the litigation.

### C. Rule 23 Requirements

The Pension Trust Fund still must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to be appointed lead plaintiff. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) sets forth four requirements for class certification: (1) the class is so numerous that simple joinder of all members is impracticable; (2) there exist questions of law or fact common to the whole class; (3) the claims of the lead plaintiff are typical of the claims of the whole class; and (4) the lead plaintiff will adequately represent the interests of all class members. *See* Fed. R. Civ. P. 23(a). "When deciding competing motions to be appointed lead plaintiff under the PSLRA, however, a court need not conduct a full analysis of whether the requirements of Rule 23 have been met." *Faig v. Bioscrip, Inc.*, No. 13 CIV. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). "Rather, '[a]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.'" *Id.* (quoting *Jambay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010)); *see also, e.g.*, *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203 (PAE), 2012 WL 2025850, at *6 (S.D.N.Y. May 31, 2012).

"The typicality requirement is satisfied when the class members' claims 'arise [ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 (JPO), 2012 WL

6

946875, at *11 (S.D.N.Y. Mar. 19, 2012) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  The lead plaintiff's claims, however, "need not be identical to the claims of the class to satisfy this requirement." *Id.* (internal quotation marks omitted).

The Pension Trust Fund's claims here are typical of the claims of the whole class because, like other class members, it:  (1) purchased Mallinckrodt securities during the Class Period; (2) was allegedly adversely affected by defendants' false and misleading statements; and (3) seeks substantially the same relief, based on substantially the same legal theories.

The Pension Trust Fund has also made a sufficient showing of adequacy under Rule 23(a)(4).  "The adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 278 (S.D.N.Y. 2015) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)).  The Pension Trust Fund has retained competent and experienced counsel, Robbins Geller, with extensive experience in these types of securities class actions.  It has also demonstrated losses that suggest it will have a strong interest in advocating on behalf of the Class.  *See* Doc. 25, Exs. 2–3.  Moreover, to date, there have been no reported conflicts between the Pension Trust Fund and the other members of the class, and the Court has not identified any.

\* \* \*

In light of the foregoing, the Pension Trust Fund is entitled to a presumption that it is the "most adequate plaintiff" to serve as lead plaintiff.  § 78u-4(a)(3)(B)(iii)(I).  That presumption stands unrebutted, because no other class member has come forth with proof that the Pension

Trust Fund "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render it incapable of adequately representing the class. § 78u–4(a)(3)(B)(iii)(II). The Court therefore appoints the Pension Trust Fund as lead plaintiff.

## III. APPROVAL OF LEAD COUNSEL

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." § 78u–4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection." *Sallustro*, 93 F. Supp. 3d at 278 (internal quotation marks omitted). Here, the Pension Trust Fund has selected Robbins Geller to serve as lead counsel for the proposed class.

The Court finds, as it previously concluded and like many others in this Circuit before it, that Robbins Geller "is experienced in securities class action litigation and qualified to conduct this lawsuit." *Villella v. Chem. & Mining Co. of Chile*, No. 15 Civ. 2106 (ER), 2015 WL 6029950, at *5 (S.D.N.Y. Oct. 14, 2015); *see also e.g.*, *Billhofer v. Flamel Techs., S.A.*, 281 F.R.D. 150, 158 (S.D.N.Y. 2012) ("[C]ourts within this Circuit have repeatedly found Robbins Geller to be adequate and well-qualified for the purposes of litigating class action lawsuits."). No party or movant has objected to the proposed selection. Accordingly, the Court approves Robbins Geller as lead counsel.

## IV. CONCLUSION

For the aforementioned reasons, the Pension Trust Fund's motion for appointment as lead plaintiff and approval of Robbins Geller as lead counsel is GRANTED. The Clerk of the Court is respectfully directed to terminate the corresponding motions, Docs. 14, 17, 20, 23, and 26.

It is SO ORDERED.

Dated:   June 25, 2020
        New York, New York

                                                                       Edgardo Ramos, U.S.D.J.