# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BARBARA STROUGO, Individually and on
Behalf of All Others Similarly Situated,

                         Plaintiff,

      v.

MALLINCKRODT PUBLIC LIMITED
COMPANY, *et al.*,

                         Defendants.

Civil Action No.:  3:20-10100 (MAS) (TJB)

## <u>ANSWER</u>

Defendants Mark C. Trudeau, Matthew K. Harbaugh, George A. Kegler, Bryan M.
Reasons, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R.
Carter, and Mark J. Casey (collectively, "Defendants"), respectfully submit their Answer,
Affirmative Defenses, and Demand for Jury Trial in response to the Amended Complaint (the
"Amended Complaint"), dated August 10, 2020, filed by Lead Plaintiff Canadian Elevator
Industry Pension Trust Fund ("Plaintiff").

### NATURE OF THE ACTION

1.      Defendants state that the allegations in paragraph 1 are legal conclusions to which
no response is required.

2.      Defendants deny the allegations set forth in paragraph 2, except admit that
Mallinckrodt is a pharmaceutical company that owns the product Acthar® Gel ("Acthar") and
that during the Class Period, Acthar sales represented approximately one-third of the Company's
total annual net sales.

3.      Defendants deny the allegations set forth in paragraph 3.

4.      Defendants deny the allegations set forth in the first sentence of paragraph 4, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 4, and deny the allegations set forth in the third and fourth sentences of paragraph 4, except admit that the price of a 5 ml dose of Acthar cost approximately $40,000 in 2020.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, except admit that Mallinckrodt participated in the Medicaid Drug Rebate Program ("MDRP") with Acthar.

6.      Defendants deny the allegations set forth in paragraph 6.

7.      Defendants deny the allegations set forth in paragraph 7, except admit that a CMS employee contacted Mallinckrodt during the Class Period and stated his view that Mallinckrodt was using an incorrect base date AMP for Acthar.

8.      Defendants deny the allegations set forth in the first sentence of paragraph 8, except admit that a Mallinckrodt employee calculated the amount that would be due to CMS if the pre-2013 base date AMP were used.  Defendants deny the allegations set forth in the second sentence of paragraph 8, except admit that Schaefer and others informed the Audit Committee of the Board (the "Audit Committee") of the correspondence from the CMS employee regarding Acthar's base date AMP.

9.      Defendants deny the allegations set forth in paragraph 9.

10.     Defendants deny the allegations set forth in paragraph 10.

11.     Defendants deny the allegations set forth in paragraph 11.

12.     Defendants deny the allegations set forth in paragraph 12.

13.     Defendants deny the allegations set forth in paragraph 13.

14.     Defendants deny the allegations set forth in paragraph 14.

15.     Defendants state that the allegations in paragraph 15 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 15.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 regarding investors' knowledge and deny the remaining allegations set forth in paragraph 16.

17.     Defendants deny the allegations set forth in paragraph 17, except admit that CNN published an article on April 30, 2019 that mentioned the *Strunck* litigation.

18.     Defendants deny the allegations set forth in paragraph 18, except admit that Mallinckrodt issued a press release and Form 8-K on May 21, 2019 announcing the filing of the lawsuit captioned *Mallinckrodt ARD LLC v. Verma et al.*, 19-cv-01471 (D.D.C. filed May 20, 2019) (the "CMS Litigation").

19.     Defendants deny the allegations set forth in paragraph 19, except admit that Mallinckrodt issued an earnings release on August 6, 2019 that addressed the Company's guidance for Acthar net sales for fiscal year 2019.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 regarding investors' knowledge, admit that the complaint in *Landolt* was unsealed on March 3, 2020, and deny the remaining allegations set forth in paragraph 20.

21.     Defendants deny the allegations set forth in paragraph 21, except admit that the court in the CMS Litigation issued a decision on March 16, 2020 granting summary judgment in favor of CMS.

22.     To the extent the allegations in paragraph 22 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 22.

## JURISDICTION AND VENUE

23.     Defendants state that the allegations set forth in paragraph 23 are legal conclusions to which no response is required.

24.     Defendants state that the allegations set forth in paragraph 24 are legal conclusions to which no response is required.

25.     Defendants state that the allegations set forth in paragraph 25 are legal conclusions to which no response is required.

26.     Defendants state that the allegations set forth in paragraph 26 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 26.

27.     Defendants admit the allegations set forth in paragraph 27.

28.     Defendants state that the allegations set forth in paragraph 28 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 28.

## PARTIES

29.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.     Defendants admit the allegations set forth in paragraph 30.

31.     Trudeau admits the allegations set forth in paragraph 31 were true from June 2013 through his departure from the Company.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32.     Harbaugh admits the allegations set forth in paragraph 32 were true from 2013 through his departure from the Company.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.     Kegler admits the allegations set forth in paragraph 33 were true from 2013 through his departure from the Company.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34.     Reasons admits the allegations set forth in paragraph 34.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35.     Schaefer admits the allegations set forth in paragraph 35 were true from December 2013 through her departure from the Company.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36.     Russell admits the allegations set forth in paragraph 36 were true from August 2014 through his departure from the Company's Board of Directors.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37.     Booth admits the allegations set forth in paragraph 37 were true from March 2013 through his departure from the Company's Board of Directors.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38.     Reed admits the allegations set forth in paragraph 38 were true from June 2013 through her departure from the Company's Board of Directors.  The remaining Defendants deny

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.     Carter admits the allegations set forth in paragraph 39 were true from May 2018 through his departure from the Company's Board of Directors.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.     Casey admits the allegations set forth in paragraph 40 were true from August 2019 through his departure from the Company, and otherwise denies the allegations set forth in paragraph 40.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41.     Defendants state that the allegations set forth in paragraph 41 do not require a response.  To the extent a response is required, Defendants admit that the Complaint uses the term "Individual Defendants" to refer to Trudeau, Reasons, Harbaugh, Kegler, Schaefer, Russell, Booth, Reed, Carter, and Casey.

42.     Defendants state that the allegations set forth in paragraph 42 do not require a response.  To the extent a response is required, Defendants admit that the Complaint uses the term "Defendants" to refer to Mallinckrodt and the Individual Defendants.

43.     Defendants deny the allegations set forth in paragraph 43, except admit that each Defendant had access to certain information concerning Mallinckrodt by virtue of his or her position at Mallinckrodt.

44.     Defendants state that the allegations set forth in paragraph 44 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 44.

45.     Defendants state that the allegations set forth in paragraph 45 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 45.

46.     Defendants state that the allegations set forth in paragraph 46 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 46.

47.     Defendants state that the allegations set forth in paragraph 47 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 47.

48.     Defendants state that the allegations set forth in paragraph 48 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 48.

## FORMER MALLINCKRODT EMPLOYEES CITED HEREIN

49.     Defendants deny the allegations set forth in paragraph 49, except admit that:

a.     James Landolt was employed by Mallinckrodt and filed the qui tam complaint referenced in paragraph 49(a);

b.     Kay Forshee was employed by Mallinckrodt and provided testimony to the Department of Justice ("DOJ") in connection with the qui tam complaint referenced in paragraph 49(a); and

c.     Misi Daley was employed by Mallinckrodt and provided testimony to the DOJ in connection with the qui tam complaint referenced in paragraph 49(a).

## SUBSTANTIVE ALLEGATIONS

**Mallinckrodt and Its Business**

50.     To the extent the allegations in paragraph 50 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 50.

51.     Defendants admit the allegations set forth in paragraph 51.

52.     Defendants admit the allegations set forth in paragraph 52.

53.     Defendants admit the allegations set forth in paragraph 53, except deny the allegation in the final sentence of paragraph 53.

54.     To the extent the allegations in paragraph 54 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 54.

55.     To the extent the allegations in paragraph 55 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 55.

56.     To the extent the allegations in paragraph 56 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 56.

57.     To the extent the allegations in paragraph 57 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete

contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 57.

**Acthar Was Mallinckrodt's Most Important Drug During the Class Period**

58.     To the extent the allegations in paragraph 58 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 58.

59.     Defendants deny the allegations set forth in paragraph 59.

60.     To the extent the allegations in paragraph 60 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 60, except deny the allegation that "Acthar was Mallinckrodt's most important drug during the Class Period."

61.     To the extent the allegations in paragraph 61 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 61.

62.     To the extent the allegations in paragraph 62 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 62.

63.     To the extent the allegations in paragraph 63 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete

contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in paragraph 63.

64.     Trudeau admits that he made the quoted statements during an investor conference presentation on March 5, 2018 and denies knowledge or information sufficient to form a belief as to the truth of the statements made by an analyst.  The remaining Defendants deny knowledge or information sufficient to form a belief as to statements made during those investor conference presentations.  Defendants otherwise deny the remaining allegations set forth in paragraph 64.

**The Fallout From Mallinckrodt's Efforts to Price Gouge Acthar**

65.     Defendants admit the allegations set forth in paragraph 65, except deny that the NDA number issued for Acthar in 1952 is the only NDA number that the FDA has ever assigned to Acthar.

66.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69.

70.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70.

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71.

72.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72.

73.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73.

74.     To the extent the allegations in paragraph 74 rely on Questcor's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74, except Trudeau admits that he made statements contained in a Mallinckrodt press release issued on April 7, 2014.

75.     Defendants admit the allegations set forth in paragraph 75.

76.     Defendants admit the allegations set forth in paragraph 76, except deny any characterization of Mallinckrodt's marketing as "aggressive" or any price increase as "substantial."

77.     To the extent the allegations in paragraph 77 rely on a *New York Times* article, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in the first sentence of paragraph 77, except admit that in 2017, the price of Acthar was approximately $34,000 per 5 ml vial.

78.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78.

79.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79.

80.     Defendants deny the allegations set forth in paragraph 80.

81.     To the extent the allegations in paragraph 81 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 81, except Trudeau and Harbaugh admit that they made statements regarding Acthar sales on November 7, 2017.

82.     Defendants deny the allegations set forth in paragraph 82, except admit that on July 10, 2019, the price of a 5 ml vial of Acthar was $40,612.75.

**The Medicaid Drug Rebate Program**

83.     Defendants admit the allegations set forth in paragraph 83.

84.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first three sentences of paragraph 84 and state that the allegations set forth in the fourth sentence of paragraph 84 are legal conclusions to which no response is required.

85.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85, except admit that Mallinckrodt was in the MDRP.

86.     Defendants state that the allegations set forth in paragraph 86 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86.

87.     Defendants state that the allegations set forth in paragraph 87 are legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87.

88.    Defendants state that the allegations set forth in paragraph 88 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88.

89.    Defendants state that the allegations set forth in paragraph 89 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89.

90.    Defendants state that the allegations set forth in paragraph 90 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90.

91.    Defendants state that the allegations set forth in paragraph 91 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91.

92.    Defendants state that the allegations set forth in paragraph 92 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92.

93.     Defendants state that the allegations set forth in paragraph 93 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93.

94.     Defendants state that the allegations set forth in paragraph 94 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94.

95.     Defendants state that the allegations set forth in paragraph 95 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95.

96.     Defendants state that the allegations set forth in paragraph 96 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96.

**Questcor Fraudulently Obtained A New Base Date AMP For Acthar in 2013**

97.     Defendants state that the allegations set forth in paragraph 97 are legal conclusions to which no response is required.

98.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98.

99.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99.

100.    Defendants deny the allegations set forth in paragraph 100.

101.    Defendants deny the allegations set forth in paragraph 101, except admit that a CMS employee took the position that Mallinckrodt was using the incorrect base date AMP during the Class Period.

102.    Defendants deny the allegations set forth in paragraph 102 except admit that Acthar was assigned NDA number 008372 in 1952.

103.    To the extent the allegations in paragraph 103 rely on correspondence between the FDA and Questcor, Defendants respectfully refer the Court to that correspondence for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103.

104.    To the extent the allegations in paragraph 104 rely on correspondence between the FDA and Questcor, Defendants respectfully refer the Court to that correspondence for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104.

105.    To the extent the allegations in paragraph 105 rely on correspondence between the FDA and Questcor, Defendants respectfully refer the Court to that correspondence for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105.

106.    To the extent the allegations in paragraph 106 rely on correspondence between the FDA and Mallinckrodt, Defendants respectfully refer the Court to that correspondence for its true, accurate, and complete contents and deny any characterization thereof.  Defendants

otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106.

107.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107.

108.    Defendants deny the allegations set forth in paragraph 108, except admit that in 2012, Questcor requested that CMS agree to allow Questcor to reset the base date AMP for Acthar.

109.    To the extent the allegations in paragraph 109 rely on correspondence between the FDA and Questcor, Defendants respectfully refer the Court to that correspondence for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109.

110.    To the extent the allegations in paragraph 110 rely on correspondence between the FDA and Questcor, Defendants respectfully refer the Court to that correspondence for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110.

111.    To the extent the allegations in paragraph 111 rely on correspondence between the FDA and Questcor, Defendants respectfully refer the Court to that correspondence for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111, except admit that CMS approved a new base date AMP for Acthar in 2012.

112.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112, except admit that (i) Questcor used the new base date AMP for Acthar that CMS agreed to; and (ii) Acthar's price increased since 1990.

113.    To the extent the allegations in paragraph 113 rely on internal Questcor correspondence, Defendants respectfully refer the Court to that correspondence for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113.

114.    To the extent the allegations in paragraph 114 rely on correspondence between the FDA and Questcor, Defendants respectfully refer the Court to that correspondence for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114.

**Defendants Knew, or Recklessly Disregarded, That Mallinckrodt Knowingly Used the Wrong AMP Base Date for Acthar to Avoid Hundreds of Millions of Dollars in Rebates**

115.    Defendants deny the allegations set forth in paragraph 115.

116.    To the extent the allegations in paragraph 116 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 116, except admit that Mallinckrodt filed a joint proxy statement with the SEC on Form 424B3 on July 14, 2014 (the "2014 Proxy Statement") in connection with Mallinckrodt's acquisition of Questcor.

117.    To the extent the allegations in paragraph 117 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

118.    To the extent the allegations in paragraph 118 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

119.    To the extent the allegations in paragraph 119 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

120.    To the extent the allegations in paragraph 120 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

121.    To the extent the allegations in paragraph 121 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 425 on April 7, 2014 in connection with Mallinckrodt's acquisition of Questcor and deny any remaining allegations.

122.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122, except O'Neill admits that he was the head of Mallinckrodt's Specialty Brands business at the time Mallinckrodt acquired Questcor in August 2014.

123.    To the extent the allegations in paragraph 123 rely on the transcript of an Mallinckrodt earnings call, Defendants respectfully refer the Court to that transcript for its true,

accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123, except O'Neill admits that he made statements during an investor call on September 8, 2014.

124.     Defendants deny the allegations set forth in paragraph 124.

125.     To the extent the allegations in paragraph 125 rely on the complaint (the "CMS Complaint") Mallinckrodt filed in the CMS Litigation, Defendants respectfully refer the Court to the CMS Complaint for its true, accurate, and complete contents and deny any characterization thereof.  To the extent any further response is required, Defendants deny the allegations in paragraph 125.

126.     To the extent the allegations in paragraph 126 rely on the complaint filed in the *Landolt* litigation (the "*Landolt* Complaint"), Defendants respectfully refer the Court to the *Landolt* Complaint for its true, accurate, and complete contents and deny any characterization thereof.  To the extent any further response is required, Defendants deny the allegations in paragraph 126.

127.     Schaefer admits the allegations set forth in paragraph 127 and the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127.

128.     To the extent the allegations in paragraph 128 rely on the "*Landolt* Complaint", Defendants respectfully refer the Court to the *Landolt* Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 128.  Defendants deny any remaining allegations.

129.    To the extent the allegations in paragraph 129 rely on the United States' Complaint in Intervention filed in *Landolt* on March 3, 2020 (the "*Landolt* Government Complaint"), Defendants respectfully refer the Court to the *Landolt* Government Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 129.

130.    To the extent the allegations in paragraph 130 rely on the *Landolt* Government Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 130.

131.    To the extent the allegations in paragraph 131 rely on the *Landolt* Government Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 131.

132.    To the extent the allegations in paragraph 132 rely on the *Landolt* Government Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 132.

133.    To the extent the allegations in paragraph 133 rely on the *Landolt* Government Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 133.

134.    To the extent the allegations in paragraph 134 rely on the *Landolt* Government Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its

true, accurate, and complete contents and deny any characterization thereof.  Defendants

otherwise deny the allegations in paragraph 134.

135.   To the extent the allegations in paragraph 135 rely on the *Landolt* Government

Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its

true, accurate, and complete contents and deny any characterization thereof.  Defendants

otherwise deny the allegations in paragraph 135.

136.   To the extent the allegations in paragraph 136 rely on the *Landolt* Government

Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its

true, accurate, and complete contents and deny any characterization thereof.  Defendants

otherwise deny the allegations in paragraph 136.

137.   To the extent the allegations in paragraph 137 rely on the *Landolt* Government

Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its

true, accurate, and complete contents and deny any characterization thereof.  Defendants

otherwise deny the allegations in paragraph 137.

138.   To the extent the allegations in paragraph 138 rely on the *Landolt* Complaint,

Defendants respectfully refer the Court to the *Landolt* Complaint for its true, accurate, and

complete contents and deny any characterization thereof.  Defendants otherwise deny the

allegations in paragraph 138.

139.   To the extent the allegations in paragraph 139 rely on the CMS Complaint and the

*Landolt* Government Complaint, Defendants respectfully refer the Court to the CMS Complaint

and the *Landolt* Government Complaint for their true, accurate, and complete contents and deny

any characterization thereof.  Defendants otherwise deny the allegations in paragraph 139.

140.     To the extent the allegations in paragraph 140 rely on the *Landolt* Complaint, Defendants respectfully refer the Court to the *Landolt* Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 140.

141.     To the extent the allegations in paragraph 141 rely on the *Landolt* Complaint, Defendants respectfully refer the Court to the *Landolt* Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 141.

142.     To the extent the allegations in paragraph 142 rely on the *Landolt* Government Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 142.

143.     To the extent the allegations in paragraph 143 rely on the *Landolt* Government Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations in paragraph 143.

144.     To the extent the allegations in paragraph 144 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.

145.     Defendants admit that Landolt filed his False Claims Act complaint on September 20, 2018 and otherwise deny the allegations set forth in paragraph 145.

146.     To the extent the allegations in paragraph 146 rely on the CMS Complaint and the *Landolt* Government Complaint, Defendants respectfully refer the Court to the CMS Complaint

and the *Landolt* Government Complaint for their true, accurate, and complete contents and deny any characterization thereof.

147.    To the extent the allegations in paragraph 147 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in the first sentence of paragraph 147, except deny that Michele Robertson is Mallinckrodt's current Chief Compliance Officer, that she was Chief Compliance Officer in November 2018, or that she reported directly to Trudeau or the Board's Compliance Committee in November 2018.

148.    To the extent the allegations in paragraph 148 rely on the CMS Complaint, Defendants respectfully refer the Court to the *CMS* Complaint for its true, accurate, and complete contents and deny any characterization thereof.

149.    To the extent the allegations in paragraph 149 rely on the *Landolt* Government Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its true, accurate, and complete contents and deny any characterization thereof.

150.    To the extent the allegations in paragraph 150 rely on the CMS Complaint, Defendants respectfully refer the Court to the CMS Complaint for its true, accurate, and complete contents and deny any characterization thereof.  Defendants admit that Mallinckrodt representatives met with CMS representatives on March 7, 2019 and otherwise deny the allegations set forth in paragraph 150.

151.    To the extent the allegations in paragraph 151 rely on the *Landolt* Government Complaint and CMS' March 12, 2019 letter, Defendants respectfully refer the Court to those documents for their true, accurate, and complete contents and deny any characterization thereof.

152.    To the extent the allegations in paragraph 152 rely on the CMS Complaint and CMS' March 27, 2019 email, Defendants respectfully refer the Court to those documents for their true, accurate, and complete contents and deny any characterization thereof.  Defendants further state that in the CMS Litigation, CMS represented to the U.S. District Court for the District of Columbia that it did not make a final decision until May 10, 2019.

153.    To the extent the allegations in paragraph 153 rely on the *Landolt* Government Complaint and Mallinckrodt's April 12, 2019 letter, Defendants respectfully refer the Court to those documents for their true, accurate, and complete contents and deny any characterization thereof.

154.    To the extent the allegations in paragraph 154 rely on the *Landolt* Government Complaint, Defendants respectfully refer the Court to the *Landolt* Government Complaint for its true, accurate, and complete contents and deny any characterization thereof.

155.    To the extent the allegations in paragraph 155 rely on a May 10, 2019 letter from CMS to Mallinckrodt, Defendants respectfully refer the Court to that letter for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 155.

156.    Defendants deny the allegations set forth in paragraph 156, including any characterization of Mallinckrodt's actions, except admit that Mallinckrodt sued CMS in the CMS Litigation on May 20, 2019 for violations of the Administrative Procedure Act and sought a preliminary and permanent injunction against CMS.

157.    To the extent the allegations in paragraph 157 rely on the CMS Complaint, Defendants respectfully refer the Court to the CMS Complaint for its true, accurate, and complete contents and deny any characterization thereof.

158.    To the extent the allegations in paragraph 158 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in the first sentence of paragraph 158, except admit that Mallinckrodt filed a Form 8-K on May 21, 2019 announcing the CMS Litigation.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 158.

159.    To the extent the allegations in paragraph 159 rely on an analyst report from J.P. Morgan, Defendants respectfully refer the Court to that analyst report for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159.

160.    To the extent the allegations in paragraph 160 rely on an analyst report from Wells Fargo, Defendants respectfully refer the Court to that analyst report for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160.

161.    To the extent the allegations in paragraph 161 rely on an analyst report from Piper Jaffray, Defendants respectfully refer the Court to that analyst report for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161.

162.    To the extent the allegations in paragraph 162 rely on a court transcript, Defendants respectfully refer the Court to that transcript for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in the first sentence of paragraph 162 and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 162.

163.    Defendants admit the allegations set forth in paragraph 163.

164.    Defendants admit that the United States filed the *Landolt* Government Complaint on March 3, 2020 and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164.

165.    To the extent the allegations in paragraph 165 rely on a press release from the DOJ, Defendants respectfully refer the Court to that press release for its true, accurate, and complete contents and deny any characterization thereof.  Defendants deny that Mallinckrodt's conduct created False Claims Act exposure and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165.

166.    To the extent the allegations in paragraph 166 rely on a decision from Judge Hogan of the U.S. District Court for the District of Columbia, Defendants respectfully refer the Court to that decision for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Judge Hogan denied Mallinckrodt's motion for a preliminary injunction and granted CMS's motion for summary judgment in the CMS Litigation and that the decision contains the quoted language that appears in paragraph 166.

167.    To the extent the allegations in paragraph 167 rely on a decision from Judge Hogan of the U.S. District Court for the District of Columbia, Defendants respectfully refer the Court to that decision for its true, accurate, and complete contents and deny any characterization

thereof.  Defendants otherwise admit that Judge Hogan's decision contains the quoted language that appears in paragraph 167.

168.     To the extent the allegations in paragraph 168 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed an 8-K on March 16, 2020 and deny the remaining allegations in paragraph 168.

169.     To the extent the allegations in paragraph 169 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 169.

170.     Defendants admit the allegations set forth in paragraph 170 and respectfully refer the Court to the motion referenced in paragraph 170 for its true, accurate, and complete contents and deny any characterization thereof.

171.     To the extent the allegations in paragraph 171 rely on a decision from Judge Hogan of the U.S. District Court for the District of Columbia, Defendants respectfully refer the Court to that decision for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Judge Hogan denied Mallinckrodt's motion for reconsideration on May 29, 2020.

172.     Defendants admit the allegations set forth in paragraph 172 and respectfully refer the Court to the appeal referenced in paragraph 172 for its true, accurate, and complete contents and deny any characterization thereof.

173.     Defendants admit the allegations set forth in paragraph 173 and respectfully refer the Court to the motion referenced in paragraph 173 for its true, accurate, and complete contents and deny any characterization thereof.

174.    Defendants admit the allegations set forth in paragraph 174 and respectfully refer the Court to the opinion referenced in paragraph 174 for its true, accurate, and complete contents and deny any characterization thereof.

175.    To the extent the allegations in paragraph 175 rely on a Mallinckrodt press release, Defendants respectfully refer the Court to that filing for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a press release on June 15, 2020.

176.    To the extent the allegations in paragraph 176 rely on a Mallinckrodt press release, Defendants respectfully refer the Court to that filing for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a press release on June 15, 2020.

177.    To the extent the allegations in paragraph 177 rely on a Mallinckrodt press release, Defendants respectfully refer the Court to that filing for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a press release on June 15, 2020.

178.    To the extent the allegations in paragraph 178 rely on a Mallinckrodt press release, Defendants respectfully refer the Court to that filing for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a press release on June 15, 2020.

179.    Defendants admit the allegations set forth in the first sentence of paragraph 179 and deny the allegations set forth in the second sentence of paragraph 179.

180.    To the extent the allegations in paragraph 180 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete

contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 8-K on August 4, 2020 .

181.    To the extent the allegations in paragraph 181 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 8-K on August 4.

182.    To the extent the allegations in paragraph 182 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 8-K on August 4, 2020.

183.    Defendants state that the allegations set forth in paragraph 183 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 183.

**Defendants Lacked A Reasonable Basis to Provide the Acthar FY19 Guidance**

184.    To the extent the allegations in paragraph 184 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 8-K on November 6, 2018 and conducted an earnings call on November 6, 2018 .

185.    To the extent the allegations in paragraph 185 rely on a transcript of a Mallinckrodt earnings call, Defendants respectfully refer the Court to that transcript for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt conducted an earnings call on May 7, 2019 .

186.    Defendants admit the allegations set forth in paragraph 186.

187.     To the extent the allegations in paragraph 187 rely on a question and answer document created by Mallinckrodt, Defendants respectfully refer the Court to that document for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 187.

188.     Defendants deny the allegations set forth in paragraph 188.

189.     To the extent the allegations in paragraph 189 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 8-K on August 6, 2019 and conducted an earnings call on August 6, 2019..

190.     To the extent the allegations in paragraph 190 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 190.

191.     To the extent the allegations in paragraph 191 rely on a transcript of a Mallinckrodt earnings call, Defendants respectfully refer the Court to that transcript for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt conducted an earnings call on November 5, 2019.

**Mallinckrodt Sought to Obtain Additional Indications for Acthar Because of the AMP Base Date Liability**

192.     To the extent the allegations in paragraph 192 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit the allegations set forth in the second sentence of paragraph 192 and deny the remaining allegations.

193.     To the extent the allegations in paragraph 193 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete

contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt

issued a press release on July 16, 2019...

194.    Defendants deny the allegations set forth in paragraph 194.

**Defendants Knew, or Recklessly Disregarded, When the 2018 Form 10-K Was Issued That Mallinckrodt Faced Significant Liability For Illegally Marketing Acthar**

195.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 195.

196.    To the extent the allegations in paragraph 196 rely on the fourth amended

complaint filed on June 13, 2017 by Charles Strunck, (the "*Strunck* Complaint"), Defendants

respectfully refer the Court to the *Strunck* Complaint for its true, accurate, and complete contents

and deny any characterization thereof.  Defendants otherwise deny knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in paragraph 196.

197.    Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 197.

198.    To the extent the allegations in paragraph 198 rely on the *Strunck* Complaint,

Defendants respectfully refer the Court to the *Strunck* Complaint for its true, accurate, and

complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge

or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

198.

199.    To the extent the allegations in paragraph 199 rely on the *Strunck* Complaint,

Defendants respectfully refer the Court to the *Strunck* Complaint for its true, accurate, and

complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge

or information sufficient to form a belief as to the truth of the allegations set forth in paragraph

199.

200.    To the extent the allegations in paragraph 200 rely on Mallinckrodt's SEC filings and the *Strunck* Complaint, Defendants respectfully refer the Court to those filings and the Strunck Complaint for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K for each of the years 2016, 2017, and 2018.

201.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 201.

202.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 202.

203.    To the extent the allegations in paragraph 203 rely on a CNN news story, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 203.

204.    To the extent the allegations in paragraph 204 rely on a CNN news story, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.

205.    To the extent the allegations in paragraph 205 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 205.

206.    To the extent the allegations in paragraph 206 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt

issued a press release on April 30, 2019 and deny any remaining allegations set forth in paragraph 206.

207.    Casey denies the allegations set forth in paragraph 207 and the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 207.

208.    To the extent the allegations in paragraph 208 rely on a transcript of a Mallinckrodt earnings call, Defendants respectfully refer the Court to that transcript for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt conducted an earnings call on May 7, 2019 and deny any remaining allegations set forth in paragraph 208.

209.    To the extent the allegations in paragraph 209 rely on a Wells Fargo analyst report, Defendants respectfully refer the Court to that analyst report for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny the allegations set forth in paragraph 209.

210.    To the extent the allegations in paragraph 210 rely on a J.P. Morgan analyst report, Defendants respectfully refer the Court to that analyst report for its true, accurate, and complete contents and deny any characterization thereof.

211.    To the extent the allegations in paragraph 211 rely on a DOJ press release, Defendants respectfully refer the Court to that press release for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 211.

## MATERIALLY FALSE AND MISLEADING STATEMENTS
## AND OMISSIONS DURING THE CLASS PERIOD

212.     Defendants state that the allegations set forth in paragraph 212 are legal

conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations set forth in paragraph 212.

**Mallinckrodt's Financial Reporting During the Class Period Was Materially False and Misleading**

213.     To the extent the allegations in paragraph 213 rely on Generally Accepted

Accounting Principles ("GAAP"), Defendants respectfully refer the Court to those principles for

their true, accurate, and complete contents and deny any characterization thereof.  Defendants

otherwise state that the allegations set forth in the second sentence of paragraph 213 are legal

conclusions to which no response is required.

214.     Defendants deny the allegations set forth in paragraph 214.

215.     Defendants state that the allegations set forth in paragraph 215 are legal

conclusions to which no response is required.

216.     Defendants deny the allegations set forth in paragraph 216, except Trudeau,

Harbaugh, Kegler, Reasons, and Schaefer admit that they signed Forms 10-K and 10-Q during

the Class Period and certified, among other things, that the filings were prepared in conformity

with GAAP.

217.     Defendants deny the allegations set forth in paragraph 217.

218.     Defendants deny the allegations set forth in paragraph 218.

219.     To the extent the allegations in paragraph 219 rely on Mallinckrodt's SEC filings,

Defendants respectfully refer the Court to those filings for their true, accurate, and complete

contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt

filed a Form 10-K for each of 2016, 2017, 2018, and 2019 .

220.    To the extent the allegations in paragraph 220 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-Q for each quarter from the second quarter of 2016 through the third quarter of 2019.

221.    Defendants state that the allegations set forth in paragraph 221 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 221.

**Mallinckrodt's Reported Net Sales, Liabilities, and Earnings Were Materially Misstated**

222.    To the extent the allegations in paragraph 222 rely on the Accounting Standards Codification ("ASC"), Defendants respectfully refer the Court to those codifications for their true, accurate, and complete contents and deny any characterization thereof.

223.    To the extent the allegations in paragraph 223 rely on ASC Topics, Defendants respectfully refer the Court to those codifications for their true, accurate, and complete contents and deny any characterization thereof.

224.    To the extent the allegations in paragraph 224 rely on ASC Topics, Defendants respectfully refer the Court to those codifications for their true, accurate, and complete contents and deny any characterization thereof.

225.    Defendants deny the allegations set forth in paragraph 225.

226.    To the extent the allegations in paragraph 226 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K for 2016 and a Form 10-K for 2017.

227.     To the extent the allegations in paragraph 227 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K for 2018 and a Form 10-K for 2019.

228.     Defendants deny the allegations set forth in paragraph 228.

229.     Defendants deny the allegations set forth in paragraph 229.

230.     Defendants deny the allegations set forth in paragraph 230.

231.     Defendants deny the allegations set forth in paragraph 231.

**Mallinckrodt's Contingent Liability Disclosures Were Materially False and Misleading**

232.     To the extent that the allegations in paragraph 232 rely on GAAP and ASC Topics, Defendants respectfully refer the Court to those principles and codifications for their true, accurate, and complete contents and deny any characterization thereof.

233.     Defendants deny the allegations set forth in paragraph 233.

234.     Defendants deny the allegations set forth in paragraph 234.

235.     Defendants deny the allegations set forth in paragraph 235.

236.     To the extent that the allegations in paragraph 236 rely on GAAP and the SEC's Staff Accounting Bulletin No. 99 ("SAB 99"), Defendants respectfully refer the Court to those principles and that bulletin for their true, accurate, and complete contents and deny any characterization thereof.

237.     To the extent that the allegations in paragraph 237 rely on GAAP and the SEC's Staff Accounting Bulletin No. 99 ("SAB 99"), Defendants respectfully refer the Court to those principles and that bulletin for their true, accurate, and complete contents and deny any characterization thereof.

238.    To the extent that the allegations in paragraph 238 rely on GAAP and the SEC's Staff Accounting Bulletins Topic 1M ("CSAB 1M"), Defendants respectfully refer the Court to those principles and that bulletin for their true, accurate, and complete contents and deny any characterization thereof.

239.    To the extent that the allegations in paragraph 239 rely on GAAP and CSAB 1M, Defendants respectfully refer the Court to those principles and that bulletin for their true, accurate, and complete contents and deny any characterization thereof.

240.    Schaefer denies the allegations set forth in paragraph 240 as they relate to her and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 240 as they relate to Forshee, Landolt, or the Audit Committee.  Russell, Booth, Reed, and Carter deny the allegations set forth in paragraph 240 as they relate to the Audit Committee and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 240 as they relate to Forshee, Landolt, and Schaefer.  The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 240.

241.    Defendants deny the allegations set forth in paragraph 241.

242.    Defendants state that the allegations set forth in paragraph 242 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 242.

243.    Defendants state that the allegations set forth in paragraph 243 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 243.

244.    Defendants deny the allegations set forth in paragraph 244.

245.     Defendants deny the allegations set forth in paragraph 245, except state that no response is required to the list of SEC filings that appear in a chart following paragraph 245.  To the extent a response is required, Defendants admit that the columns labeled "Date," "Type," and "Description" accurately identify certain Mallinckrodt SEC filings and state that the column labeled "Speaker(s)" contains legal conclusions to which no response is required.

**The Acthar FY19 Guidance Misstatements and Omissions**

246.     To the extent the allegations in paragraph 246 rely on a transcript of a Mallinckrodt earnings call, Defendants respectfully refer the Court to that transcript for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt conducted an earnings call on May 7, 2019.

247.     To the extent the allegations in paragraph 247 rely on a question and answer document issued by Mallinckrodt, Defendants respectfully refer the Court to that document for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt issued that document.

248.     Defendants deny the allegations set forth in paragraph 248.

a.     Defendants deny the allegations set forth in paragraph 248(a).

b.     Defendants deny the allegations set forth in paragraph 248(b).

c.     Defendants deny the allegations set forth in paragraph 248(c).

**The Acthar Rebate Omissions**

249.     To the extent the allegations in paragraph 249 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on May 3, 2016.

250.     Defendants deny the allegations set forth in paragraph 250.

251.     To the extent the allegations in paragraph 251 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on August 2, 2016 and deny the remaining allegations set forth in paragraph 251.

252.     Defendants deny the allegations set forth in paragraph 252.

253.     To the extent the allegations in paragraph 253 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K on November 29, 2016 and deny the remaining allegations set forth in paragraph 253.

254.     To the extent the allegations in paragraph 254 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K on November 29, 2016.

255.     Defendants deny the allegations set forth in paragraph 255.

256.     To the extent the allegations in paragraph 256 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K on November 29, 2016 and deny the remaining allegations set forth in paragraph 256.

257.     Defendants deny the allegations set forth in paragraph 257.

258.    To the extent the allegations in paragraph 258 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on May 8, 2017.

259.    To the extent the allegations in paragraph 259 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on August 8, 2017 and a Form 10-Q on November 7, 2017 and deny the remaining allegations set forth in paragraph 259.

260.    To the extent the allegations in paragraph 260 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K on February 27, 2018 and deny the remaining allegations set forth in paragraph 260.

261.    Defendants deny the allegations set forth in paragraph 261.

262.    To the extent the allegations in paragraph 262 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K on February 27, 2018 and deny the remaining  allegations set forth in paragraph 262.

263.    Defendants deny the allegations set forth in paragraph 263.

264.    To the extent the allegations in paragraph 264 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete

contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K on February 27, 2018 and deny the remaining allegations set forth in paragraph 264.

265.     Defendants deny the allegations set forth in paragraph 265.

266.     To the extent the allegations in paragraph 266 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on May 8, 2018.

267.     To the extent the allegations in paragraph 267 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on August 7, 2018 and a Form 10-Q on November 6, 2018 and deny the remaining allegations set forth in paragraph 267.

268.     To the extent the allegations in paragraph 268 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K on February 26, 2019 and deny the remaining allegations set forth in paragraph 268.

269.     Defendants deny the allegations set forth in paragraph 269.

270.     To the extent the allegations in paragraph 264 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt

filed a Form 10-K on February 26, 2019 and deny the remaining allegations set forth in paragraph 270.

271.    Defendants deny the allegations set forth in paragraph 271.

272.    To the extent the allegations in paragraph 272 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K on February 26, 2019 and deny the remaining allegations set forth in paragraph 272.

273.    Defendants deny the allegations set forth in paragraph 273.

274.    Defendants deny the allegations set forth in paragraph 274.

275.    To the extent the allegations in paragraph 275 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form S-8 with the SEC on March 13, 2019.

276.    Defendants deny the allegations set forth in paragraph 276.

277.    To the extent the allegations in paragraph 277 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on May 7, 2019.

278.    To the extent the allegations in paragraph 278 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt

filed a Form 10-Q on August 6, 2019 an a Form 10-Q on November 5, 2019 and deny the remaining allegations set forth in paragraph 278.

279.    To the extent the allegations in paragraph 279 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on May 7, 2019 and deny the remaining allegations set forth in paragraph 279.

280.    Defendants deny the allegations set forth in paragraph 280.

281.    To the extent the allegations in paragraph 281 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on August 6, 2019 an a Form 10-Q on November 5, 2019.

282.    Defendants deny the allegations set forth in paragraph 282.

**The Acthar Clinical Trial Omissions**

283.    To the extent the allegations in paragraph 283 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise admit that Mallinckrodt filed a Form 10-K on November 29, 2016.

284.    Defendants deny the allegations set forth in paragraph 284.

285.    To the extent the allegations in paragraph 285 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof. Defendants otherwise admit that Mallinckrodt filed a Form 10-K on February 27, 2018.

286.    Defendants deny the allegations set forth in paragraph 286.

287.    To the extent the allegations in paragraph 287 rely on a transcript of a Mallinckrodt earnings call, Defendants respectfully refer the Court to that transcript for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt conducted an earnings call on August 7, 2018.

288.    Defendants deny the allegations set forth in paragraph 288.

289.    To the extent the allegations in paragraph 289 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-K on February 26, 2019.

290.    Defendants deny the allegations set forth in paragraph 290.

291.    To the extent the allegations in paragraph 291 rely on the transcript of an Mallinckrodt earnings call, Defendants respectfully refer the Court to that transcript for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt conducted an earnings call on February 26, 2019.

292.    Defendants deny the allegations set forth in paragraph 292.

293.    To the extent the allegations in paragraph 293 rely on the transcript of an Mallinckrodt earnings call, Defendants respectfully refer the Court to that transcript for its true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt conducted an earnings call on May 7, 2019.

294.    Defendants deny the allegations set forth in paragraph 294.

**The Strunck Omissions**

295.    To the extent the allegations in paragraph 295 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete

contents and deny any characterization thereof. Defendants otherwise admit that Mallinckrodt filed a Form 10-K on February 26, 2019.

296. Defendants deny the allegations set forth in paragraph 296.

**Omissions Based on Violations of Items 103, 303 and 503**

297. Defendants state that the allegations set forth in paragraph 297 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 297.

**Item 103**

298. Defendants state that the allegations set forth in paragraph 298 are legal conclusions to which no response is required.

299. Defendants state that the allegations set forth in paragraph 299 are legal conclusions to which no response is required.

300. Defendants state that the allegations set forth in paragraph 300 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 300.

301. Defendants state that the allegations set forth in paragraph 301 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 301.

**Item 303**

302. Defendants state that the allegations set forth in paragraph 302 are legal conclusions to which no response is required.

303. Defendants state that the allegations set forth in paragraph 303 are legal conclusions to which no response is required.

a. Defendants deny the allegations set forth in paragraph 303(a).

45

b.   Defendants deny the allegations set forth in paragraph 303(b).

304.   Defendants state that the allegations set forth in paragraph 304 are legal conclusions to which no response is required.

305.   Defendants state that the allegations set forth in paragraph 305 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 305.

a.   Defendants deny the allegations set forth in paragraph 305(a).

b.   Defendants deny the allegations set forth in paragraph 305(b).

c.   Defendants deny the allegations set forth in paragraph 305(c).

d.   Defendants deny the allegations set forth in paragraph 305(d).

306.   Defendants deny the allegations set forth in paragraph 306.

**Item 503**

307.   Defendants state that the allegations set forth in paragraph 307 are legal conclusions to which no response is required.

308.   Defendants state that the allegations set forth in paragraph 308 are legal conclusions to which no response is required.

309.   Defendants deny the allegations set forth in paragraph 309.

310.   Defendants deny the allegations set forth in paragraph 310.

**ADDITIONAL SCIENTER ALLEGATIONS**

311.   Defendants deny the allegations set forth in paragraph 311.

312.   Defendants deny the allegations set forth in paragraph 312.

313.   Defendants deny the allegations set forth in paragraph 313.

314.   Defendants deny the allegations set forth in paragraph 314.

315.   Defendants deny the allegations set forth in paragraph 315.

316.     Defendants deny the allegations set forth in paragraph 316.

317.     Defendants deny the allegations set forth in paragraph 317.

318.     Defendants deny the allegations set forth in paragraph 318.

319.     Defendants deny the allegations set forth in paragraph 319.

## LOSS CAUSATION/ECONOMIC LOSS

320.     Defendants deny the allegations set forth in paragraph 320.

321.     Defendants deny the allegations set forth in paragraph 321.

322.     To the extent the allegations in paragraph 322 rely on an article published on April 30, 2019, Defendants respectfully refer the Court to that article for its true, accurate, and complete contents and deny any characterization thereof.

323.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 323.

324.     To the extent the allegations in paragraph 324 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 8-K on May 21, 2019 and deny the remaining allegations set forth in paragraph 324.

325.     To the extent the allegations in paragraph 325 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 325.

326.     To the extent the allegations in paragraph 326 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt filed a Form 10-Q on August 6, 2019.

327.    To the extent the allegations in paragraph 327 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 327.

328.    To the extent the allegations in paragraph 328 rely on a DOJ press release, Defendants respectfully refer the Court to that press release for its true, accurate, and complete contents and deny any characterization thereof.

329.    To the extent the allegations in paragraph 329 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 329.

330.    To the extent the allegations in paragraph 330 rely on Mallinckrodt's SEC filings, Defendants respectfully refer the Court to those filings for their true, accurate, and complete contents and deny any characterization thereof.  Defendants otherwise admit that Mallinckrodt issued a Form 8-K dated March 16, 2020.

331.    To the extent the allegations in paragraph 331 concern Mallinckrodt's stock price, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.  Defendants otherwise deny the allegations set forth in paragraph 331.

332.    Defendants deny the allegations set forth in paragraph 332.

## CLASS ACTION ALLEGATIONS

333.    Defendants state that the allegations set forth in paragraph 333 are legal conclusions to which no response is required.

334.    Defendants state that the allegations set forth in paragraph 334 are legal conclusions to which no response is required.

335.    Defendants state that the allegations set forth in paragraph 335 are legal conclusions to which no response is required.

336.     Defendants state that the allegations set forth in paragraph 336 are legal conclusions to which no response is required.

337.     Defendants state that the allegations set forth in paragraph 337 are legal conclusions to which no response is required.

338.     Defendants state that the allegations set forth in paragraph 338 are legal conclusions to which no response is required.

## NO SAFE HARBOR

339.     Defendants state that the allegations set forth in paragraph 339 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 339.

## APPLICATION OF PRESUMPTION OF RELIANCE:
## THE *BASIC* AND *AFFILIATED UTE* PRESUMPTIONS

340.     Defendants state that the allegations set forth in paragraph 340 are legal conclusions to which no response is required.

341.     Defendants state that the allegations set forth in paragraph 341 are legal conclusions to which no response is required.

342.     Defendants state that the allegations set forth in paragraph 342 are legal conclusions to which no response is required.

343.     Defendants state that the allegations set forth in paragraph 343 are legal conclusions to which no response is required.

344.     Defendants state that the allegations set forth in paragraph 344 are legal conclusions to which no response is required.

## COUNT I

### For Violations of §10(b) of the Exchange Act and Rule 10b-5
### Against All Defendants

345.     Defendants repeat and reallege each and every answer contained above in paragraphs 1 through 344 as if fully set forth herein.

346.     Defendants state that the allegations set forth in paragraph 346 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 346.

347.     Defendants state that the allegations set forth in paragraph 347 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 347.

348.     Defendants state that the allegations set forth in paragraph 348 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 348.

349.     Defendants state that the allegations set forth in paragraph 349 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 349.

## COUNT II

### For Violations of §20(a) of the Exchange Act
### Against the Individual Defendants

350.     Defendants repeat and reallege each and every answer contained above in paragraphs 1 through 349 as if fully set forth herein.

351.     Defendants state that the allegations set forth in paragraph 351 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in paragraph 351.

**PRAYER FOR RELIEF**

Defendants state that the allegations set forth under the heading "Prayer for Relief" are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff and the Class are entitled to the relief requested.

**JURY DEMAND**

Defendants state that the allegations set forth under the heading "Jury Demand" is a legal conclusion to which no response is required.

**<u>AFFIRMATIVE DEFENSES</u>**

Defendants' investigation of the facts alleged in the Amended Complaint is ongoing, and, accordingly, Defendants reserve the right to assert additional affirmative defense in the future. Notwithstanding the foregoing, and without assuming any burden of proof, persuasion, or production, Defendants state the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff's claims are barred, in whole or in part, because the causes of action alleged in the Amended Complaint fail to state facts sufficient to constitute a valid cause of action against Defendants.  Among other things, the Amended Complaint fails to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act ("Reform Act") and fails to raise a strong inference of scienter as required by the Reform Act.

**SECOND AFFIRMATIVE DEFENSE**
**(Federal Rule of Civil Procedure 8)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead their claims in a simple, concise, and direct manner as required under Rule 8 of the Federal Rules of Civil Procedure.

**THIRD AFFIRMATIVE DEFENSE**
**(No False or Misleading Statement)**

Plaintiff's claims are barred, in whole or in part, because Defendants did not make a false or misleading statement of material fact or omission of material fact and are not responsible (in law or in fact) for any alleged false or misleading statements or omissions of material fact.

**FOURTH AFFIRMATIVE DEFENSE**
**(No Scienter)**

Plaintiff's claims are barred, in whole or in part, because Defendants did not have the requisite scienter.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Causation)**

Plaintiff's claims are barred, in whole or in part, because Defendants did not directly or proximately cause or contribute to any damage, loss, or injury sustained by Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**
**(Immateriality)**

Plaintiff's claims are barred, in whole or in part, because any alleged misrepresentations or omissions for which Defendants are allegedly responsible were not material.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Lack of Impact on Market Price)**

Plaintiff's claims are barred, in whole or in part, because the purported misstatements or omissions alleged in the Amended Complaint did not affect the market price of Mallinckrodt

securities and/or an insufficient number of traders in Mallinckrodt securities relied on the alleged

false and misleading statements, acts, or omissions to affect the market price of those securities.

### EIGHTH AFFIRMATIVE DEFENSE
### (Other Factors Affecting Market Price)

Plaintiff's claims are barred, in whole or in part, because any depreciation in the market

price of Mallinckrodt securities resulted from factors other than the conduct attributed to

Defendants.

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Justifiable Reliance)

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's lack of justifiable

reliance in that Plaintiff did not purchase or sell any securities in reasonable or justifiable

reliance on any representation, act, or omission by Defendants.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Use Due Care)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to use due care in

determining whether to invest in Mallinckrodt.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff's claims are barred, in whole or in part, because Plaintiff knew that the purchase

of Mallinckrodt securities involved risk and voluntarily assumed such risk.

### TWELFTH AFFIRMATIVE DEFENSE
### (Reasonableness)

Plaintiff's claims are barred, in whole or in part, because Defendants had reasonable

grounds to believe at the time that Mallinckrodt's statements were true and there was no

omission of a material fact required therein or necessary to make the statements therein not

misleading.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Justification/Privilege)

Plaintiff's claims are barred, in whole or in part, because the alleged actions of Defendants, with respect to the matters alleged in the Amended Complaint, were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, and justified means to further the sole purpose of engaging in and continuing Mallinckrodt's business.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Breach of Duty)

Plaintiff's claims are barred, in whole or in part, on the grounds that Defendants had no duty to disclose information allegedly omitted in Mallinckrodt's public statements, Defendants had no duty to update information that was truthful and accurate when made, and/or Defendants had no duty to correct information that they reasonably believed was truthful and accurate when made.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Reliance on Others)

Plaintiff's claims are barred, in whole or in part, because Defendants reasonably relied upon the information, opinions, reports, and statements presented by others whom Defendants believed to be reliable and competent in the matters presented.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred, in whole or in part, because Plaintiff, by acts, omissions, and/or conduct, is estopped, in whole or in part, from obtaining the relief sought in the Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring

the claims asserted in the Amended Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Class Action)

Plaintiff's claims are barred because this action cannot be maintained as a class action

pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Events)

Plaintiff's claims are barred, in whole or in part, because intervening or superseding

events, not caused by Defendants, caused some or all of the alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Offset of Damages)

Any recovery for damages allegedly incurred by Plaintiff, if any, is subject to offset in

the amount of any tax benefit actually received by Plaintiff through her investments.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to fulfill its duty to mitigate, reduce, or otherwise avoid the alleged

damages, and Plaintiff is therefore barred from recovering such damages, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Entitlement to Costs of Litigation)

Plaintiff is not entitled to recover its costs and expenses incurred in this action, including,

without limitation, attorneys' fees.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Prejudgment Interest)**

Plaintiff is precluded from recovering prejudgment interest because such recovery is not

liquidated or ascertainable and is not otherwise statutorily prescribed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Proportional Allocation of Fault)**

Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or

eliminated under the proportionate liability provisions of Section 21D(f)(2)(B) and 21(D)(f)(3)

of the Securities Exchange Act of 1934 to reflect only Defendants' percentages of responsibility.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Nature and Extent of Damages)**

Defendants deny that Plaintiff was injured in the nature, and to the extent, claimed and

contest damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Damages Sought Exceed Those Permitted)**

The damages sought by Plaintiff exceed those permitted under the Securities Exchange

Act of 1934, the Reform Act, common law, or any other applicable statute, rule, or regulation.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Speculative Damages)**

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are

speculative and because ascertainment and allocation of the alleged damages is impossible.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Claims Non-Actionable Under Reform Act)**

Plaintiff's claims are barred, in whole or in part, to the extent that the alleged untrue

statements of material fact, omissions of material fact, misleading statements, and/or other

challenged statements made by Defendants fall within the safe harbor provisions of the Reform

Act.

WHEREFORE, Defendants seek judgment:

A.     dismissing with prejudice all claims against Defendants;

B.     awarding the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

C.     granting such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          January 17, 2023

**HOGAN LOVELLS US LLP**

By:   /s/Allison M. Wuertz

Allison M. Wuertz
allison.wuertz@hoganlovells.com

William M. Regan
william.regan@hoganlovells.com (*pro hac vice* motion forthcoming)

390 Madison Avenue
New York, NY 10017
(212) 918-3000 (p)
(212) 918-3100 (f)

*Attorneys for Mark C. Trudeau, Matthew K. Harbaugh, George A. Kegler, Bryan M. Reasons, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, and Mark J. Casey*