CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
LINDSEY H. TAYLOR
KEVIN G. COOPER
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com
kcooper@carellabyrne.com

Local Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>    vs.<br><br>MALLINCKRODT PUBLIC LIMITED COMPANY, et al.,<br><br>                              Defendants. | No. 3:20-cv-10100-MAS-TJB<br><br>CLASS ACTION<br><br>█████████ STIPULATION AND CONFIDENTIALITY ORDER |

WHEREAS, discovery (including without limitation, interrogatories, document productions, and depositions) and other proceedings in *Strougo v. Mallinckrodt Public Limited Company, et al.*, No. 3:20-cv-10100-MAS (the "Action"), may involve the production or disclosure of Confidential Information or Highly Confidential Information (as defined herein);

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties to the Action, and non-party Mallinckrodt plc, through their undersigned counsel, that in accordance with Local Civ. Rule 5.3, this Stipulation and Order shall govern the handling of information contained in documents, depositions, deposition exhibits, interrogatory answers, responses to requests to admit, and other written, electronic, recorded, or graphic material ("Discovery Material") produced by or obtained from any party or other person from whom Discovery Material may be sought (the "Producing Party") during the proceedings in the Action.

1.     All Discovery Material (excluding documents that are publicly filed and/or publicly available, such as SEC filings, newspaper articles, analyst reports, or other materials available on a public website or available through sources outside the Action ("Excluded Material")) shall be used solely for purposes of the Action and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administrative, or arbitral proceeding. Parties and

- 1 -

their agents shall use reasonable steps to safeguard the confidentiality of all Discovery Material. The attorneys of record for the Parties and all other persons receiving information governed by the Stipulation and Order shall take all reasonable steps to ensure that the information and Discovery Material governed by this Stipulation and Order are (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons.

2.      Inadvertent production or disclosure of any Discovery Material in the Action as to which a Producing Party or other party claims a privilege, or Discovery Material as to which a Producing Party or other party claims is governed by the work product doctrine (together, "Privileged Material"), will not be deemed to be a waiver of those protections with respect to the inadvertently produced or disclosed Privileged Material or its subject matter. A Producing Party or other party shall notify all Parties in writing and with particularity within a reasonable time after disclosure of any inadvertent production or disclosure of Privileged Material. The Producing Party or other party claiming privilege shall state the basis for the claim of privilege or work product protection. After receiving notice of the inadvertent production or disclosure, all Parties other than the Producing Party (or any party with a claim of privilege or work product protection over the Privileged Material) must return or destroy the Privileged Material and any copies they have within ten (10) days, and may not use or disclose the Privileged Material or information contained therein. To the extent the

Producing Party claims the Privileged Material should have been produced in redacted form, the Producing Party shall produce a redacted replacement copy within five (5) business days of providing notice of the inadvertent production or disclosure. If the receiving party disclosed the Privileged Material before being notified of the inadvertent production, it must take reasonable steps to retrieve it. Nothing in this paragraph will modify any obligation a party otherwise has with respect to inadvertent production under applicable laws or ethical rules. In the event that there is a challenge to the claim of privilege or work production protection, the receiving party shall discuss the challenge with the party asserting the privilege or work product protection and attempt in good faith to resolve the dispute. If the dispute is not resolved, and an agreement cannot be reached, the receiving party may apply to the Court for an Order compelling production of the Privileged Material (a "Privilege Motion"). The Producing Party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information. The receiving party may not use the Privileged Material in any manner while a Privilege Motion is pending before the Court.

3.     In accordance with Fed. R. Civ. P. 26(c)(l), any Producing Party may designate any Discovery Material, and any portions thereof, as "Confidential" under the terms of this Stipulation and Order if such party in good faith believes that such Discovery Material contains non-public, confidential, personal, proprietary, customer,

client or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Information"). Confidential Information may include but is not limited to any information that constitutes confidential information under the Federal Rules of Civil Procedure and applicable laws or regulations, including U.S. or foreign privacy, data protection, or secrecy laws. To the extent that a Producing Party is requested to produce in the Action Discovery Material that it has previously produced in another action, investigation, or inquiry (including but not limited to any investigation or inquiry by a regulatory agency, congressional committee, commission, or other), and that Discovery Material was previously produced with a confidentiality designation, the Producing Party may choose to reproduce the Discovery Material "as is" (bearing the same confidentiality designation that it bore in the other action, investigation, or inquiry). If the Producing Party chooses to make an "as is" production, such Discovery Material shall be treated as "Confidential" for the purposes of the Action (subject to objection pursuant to paragraph 13 herein) unless it is reproduced with a new confidentiality designation, at which time it will be treated according to the new confidentiality designation. Notwithstanding the foregoing, Excluded Material shall not be considered Confidential. Any party may object to the classification of Discovery Material as Confidential by following the procedure set forth in paragraph 13.

4.     Any Producing Party may designate Discovery Material, or portions thereof, as "Highly Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material contains confidential or sensitive personal or business information that requires heightened protections ("Highly Confidential Information"). Highly Confidential Information constitutes Discovery Material whose disclosure is substantially likely to cause injury to the Producing Party or its employees, including, but not limited to, employee compensation information, employee reviews or appraisals, employee race, ethnicity, sexual orientation, political opinions, religious beliefs, physical or mental health, union affiliations, employee commission or alleged commission of an offense, or proceedings related to any alleged offense, employee residential addresses, telephone numbers, or other details that may be subject to protections under U.S. or foreign privacy, data protection, or secrecy laws. Under no circumstances other than those specifically provided for in this Stipulation and Order or subsequent Court orders, or other than with the explicit written consent of the Producing Party, shall Highly Confidential Information, or its contents, in any way be revealed, disclosed, summarized, or otherwise made known to any persons except the following:

(a)     Counsel for the Parties to the Action and employees of such counsel;

(b)     In-house counsel for Lead Plaintiff and Defendants in this Action;

- 5 -

(c)     Supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, temporary or contract staff, and service vendors;

(d)     The authors and recipients of the Highly Confidential Information, whose review of the Highly Confidential Information is necessary for the prosecution or defense of the Action;

(e)     Persons being deposed or testifying at trial in the Action to the extent such disclosure is deemed necessary by counsel for the prosecution or defense of the Action, during the course of depositions or testimony in the Action and, to the extent necessary, in preparation for such depositions or testimony in the Action, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Highly Confidential Information and that the portions of any transcript reflecting Highly Confidential Information will be marked as Highly Confidential;

(f)     Expert witnesses, consultants, or vendors providing litigation-related services who are employed or retained by a party in connection with the prosecution or defense of the Action, and stenographic, clerical or technical personnel of such experts and consultants, provided that counsel, in good faith, requires their assistance in connection with the Action, and further provided that any report created by such expert or consultant relying on or incorporating Highly Confidential

Information in whole or in part shall be designated as Highly Confidential by the party responsible for its creation;

(g)     Special masters and/or third parties, mediators, arbitrators, or other person appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff;

(h)     Insurance companies or other indemnitors of any party that are providing coverage for claims in this matter;

(i)     Outside vendors, such as court reporters, videographers, duplicating services, and translation services, only to the extent necessary for the prosecution or defense of this Action;

(i)     The Court and its support personnel and/or any person that the Court may order, provided that such access is required in the interest of justice and upon terms that the Court deems proper;

(j)     Any requesting governmental or regulatory authority, provided that the Disclosing Party (as defined in paragraph 21) complies with paragraph 21 of this Stipulation and Order; and

(k)     Any other person only upon order of the Court or upon stipulation of the party that produced the Highly Confidential Information.

Any party may object to the classification of Discovery Material as Highly Confidential by following the procedure set forth in paragraph 13. Entering into, agreeing to, and/or producing or receiving Confidential or Highly Confidential

Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not constitute an admission or adjudication by any party that any particular Confidential or Highly Confidential Discovery Material contains or reflects any trade secrets or is otherwise private, confidential, highly confidential, or proprietary information warranting protection.

5.      Under no circumstances other than those specifically provided for in this Stipulation and Order or subsequent Court orders, or other than with the explicit written consent of the Producing Party, shall Confidential Information or its contents, in any way be revealed, disclosed, summarized, or otherwise made known to persons except the following:

(a)      The Parties, authorized representatives of the Parties, and counsel for the Parties to the Action and employees of such counsel;

(b)      The individual defendants and present or former officers, directors, trustees, or employees of any of the Parties (or any of the Parties' corporate affiliates), as well as authors and recipients of the Confidential Information, whose review of the Confidential Information is necessary for the prosecution or defense of the Action;

(c)      Witnesses or potential witnesses to the extent such disclosure is deemed necessary by counsel for the prosecution or defense of the Action, including without limitation persons being deposed or testifying at trial in the Action during the course of depositions or testimony in the Action and, to the extent necessary, in

preparation for such depositions or testimony in the Action, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Information and that the portions of any transcript reflecting Confidential Information will be marked as Confidential;

(d)   Expert   witnesses,   consultants,   or   vendors   providing litigation-related services who are employed or retained by a party in connection with the prosecution or defense of the Action, provided that counsel, in good faith, requires their assistance in connection with the Action, and further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential" by the party responsible for its creation;

(e)   Special masters and/or third parties appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary staff, and, to the extent other non-parties are involved in any such settlement meetings, the other non-parties;

(f)   Insurance companies or other indemnitors of any party that are providing coverage for claims in this matter;

(g)   Outside vendors, such as court reporters, videographers, duplicating services, and translation services, only to the extent necessary for the prosecution or defense of this Action;

(h)     The Court and its support personnel and/or any person that the Court may order, provided that such access is required in the interest of justice and upon terms that the Court deems proper;

(i)     Any requesting governmental or regulatory authority, provided that the Disclosing Party (as defined in paragraph 21) complies with paragraph 21 of this Stipulation and Order; and

(j)     Any other person only upon order of the Court or upon stipulation of the party that produced the Confidential Information.

6.     A Producing Party may designate as Confidential or Highly Confidential any portion of a deposition transcript deemed to contain Confidential Information or Highly Confidential Information.  The Producing Party shall advise the court reporter and counsel of record of the testimony containing Confidential Information or Highly Confidential Information, either orally at the deposition or in writing no later than fifteen (15) days after the date on which the transcript is available from the court reporter for distribution to counsel.  Until the expiration of the fifteen-day period, the Parties shall treat the entire transcript as Highly Confidential Information.  The reporter shall mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions thereof designated Confidential or Highly Confidential.  At the request of the Producing Party, the court reporter shall prepare a separate original transcript that does not contain the

Confidential Information or Highly Confidential Information. Copies of the transcript for counsel's use may contain the Confidential or Highly Confidential testimony and other testimony in a single volume.

7.      Except as provided for in paragraph 21 of this Stipulation and Order, Confidential Information and Highly Confidential Information in this Action shall not be used for any purpose whatsoever other than the prosecution and defense of this Action or any appeal therefrom.

8.      Following the termination of the Action, any document that may be maintained pursuant to paragraph 20 below may be used solely to the extent necessary for counsel to defend its conduct in the Action if such conduct is challenged in a collateral action or pending action. This Stipulation and Order shall not restrict the use of documents or information obtained outside the Action or alter or conflict with any order entered by another court. Nothing contained in this Stipulation and Order shall be construed to impose discovery obligations on a person or entity in the Action or any related action in which that person or entity is not a party.

9.      To designate Discovery Material (other than depositions or hearing transcripts) as Confidential or Highly Confidential, the Producing Party shall stamp such Discovery Material "Confidential" or "Highly Confidential" as appropriate. Where such marking of each piece of such Material is impossible or impractical (such as productions of groups of documents in native form), the Producing Party shall

identify in writing by Bates or production number that information or Material that is Confidential Information or Highly Confidential Information at the time of its production. In the case of any Discovery Material that is in the form of an audio or video recording (whether analog or digital) that cannot be designated "Confidential" or "Highly Confidential" in a practicable and cost-efficient manner, it shall be sufficient for the Producing Party to clearly mark the CD-ROM, DVD, or other physical medium containing such electronic data or documents with the appropriate designation.

10.    Nothing in this Stipulation and Order shall prevent a Producing Party, in good faith, from correcting a mistake as to the designation of information that already has been produced to another party in undesignated form or with a different designation, designating as Confidential information that has previously been produced in undesignated form by another party, or designating as Highly Confidential information that has previously been produced as Confidential Information by another party or has previously been produced in undesignated form by another party, provided that the Producing Party designating or re- designating the information promptly advises the party to which production has been made of the new designation or re-designation and produces replacement copies of the Discovery Material stamped appropriately. Upon notice of the designation or re-designation and receipt of replacement copies of the Discovery Material, the party to which production

has been made shall take all reasonable steps to ensure that the information and Discovery Material is treated consistent with its new designation or re-designation. The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulation and Order, to control access to, duplication of, and distribution of copies Confidential Information and Highly Confidential Information.

11.    Any summary, compilation, notes, copy, electronic images, or database containing Confidential Information or Highly Confidential Information shall be subject to the terms of this Stipulation and Order to the same extent as the Material or information from which such summary, compilation, notes, electronic image, or database is made or derived.

12.    Each person given access to Confidential Information pursuant to paragraph 5 or Highly Confidential Information pursuant to paragraph 4 of this Stipulation and Order shall be advised by counsel for the party giving access that such Confidential Information or Highly Confidential Information is being disclosed pursuant and subject to the terms of this Stipulation and Order and must be handled strictly in accordance with the terms thereof by the person receiving such Confidential Information or Highly Confidential Information.   Before and as a condition of disclosure of Confidential Information to any person described in the foregoing paragraphs 5(d), (f) and (g) and any non-party described in paragraph 5(c), or Highly Confidential Information to any person described in the foregoing paragraphs 4(e), (g)

- 13 -

and (h) and any non-party described in paragraph 4(d), such person shall sign and execute a written acknowledgment in the form annexed hereto as Appendix A, the original of which shall be maintained by counsel making the disclosure to each person, and shall be made available for inspection by counsel for the party claiming confidentiality upon order of the Court following a showing of good cause. Executed Appendix A forms shall not be discoverable except upon good cause shown and order of the Court.

13.    A party to the Action may object to the classification of Discovery Material as Confidential or Highly Confidential (the "Objecting Party") at any time before the final pretrial conference in the Action. Counsel for the Objecting Party shall give written notice of the reasons for the objection. The Parties shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved by agreement within ten (10) days from when they are first made, the party objecting to the designation may make an application to the Court at any time before the final pretrial conference in the Action. The burden of proof as to whether documents marked as Confidential and/or Highly Confidential is appropriately designated shall be distributed in accordance with applicable law. Disputed information shall remain Confidential Information or Highly Confidential Information under the terms of this Stipulation and Order until the Court rules on such application or the Producing Party withdraws such designation in writing.

14.     If Confidential Information or Highly Confidential Information or any portion of papers containing or making reference to such Material are filed with the Court, the Parties shall comply with the procedures set forth in Local Civ. Rule 5.3(c).

15.     Any agreements reached by any Parties pursuant to Local Civ. Rule 5.3(c)(2) to resolve the need for or extent of filing under seal shall not be viewed or deemed as a waiver or admission of any prior or subsequent Confidential or Highly Confidential designation, nor shall any such agreement be construed to apply to any future use of the "Confidential" or "Highly Confidential" designation.

16.     All extracts and summaries of Confidential or Highly Confidential Discovery Material, as well as briefs or other pleadings quoting or disclosing such Confidential or Highly Confidential Discovery Material, shall also be treated as Confidential or Highly Confidential in accordance with the provisions of this Stipulation and Order.

17.     Nothing herein shall prevent any person from seeking, by written agreement of the signatories hereto or Court order, further, greater, or lesser protection with respect to the use of any Confidential Information or Highly Confidential Information in connection with the prosecution or defense of the Action. Nothing herein shall be construed to limit in any way any Producing Party's use of its own Confidential Information or Highly Confidential Information.

18.     In the event that additional persons or entities become parties to the Action, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Confidential Information or Highly Confidential Information produced by or obtained from any other Producing Party until said party has executed and filed with the Court a copy of this Stipulation and Order.

19.     The terms of this Stipulation and Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the above-entitled Action.

20.     After the termination of the Action (including all appeals relating to the action having been exhausted or time to appeal having expired), this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Information or Highly Confidential Information has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for enforcement of the provisions hereof.  At any time after sixty (60) days following such time as a final judgment no longer subject to appeal, dismissal, or settlement of all parties in the Action, upon written request of a Producing Party, all parties shall make commercially reasonable efforts to identify and destroy all Confidential Information or Highly Confidential Information supplied by the Producing Party and all copies thereof (including without limitation, copies provided to testifying or consulting experts), or upon request of the Producing Party, make commercially reasonable efforts to return such materials to the Producing Party at the

Producing Party's expense.  If the Confidential Information or Highly Confidential Information is destroyed, counsel shall certify in writing to the Producing Party that commercially reasonable efforts have been made to identify and destroy such Material.  Notwithstanding the foregoing, each party may retain any privileged documents or work product containing or referring to Confidential Information or Highly Confidential Information, one complete set of Court filings, records of Court proceedings, correspondence among counsel, deposition transcripts, and exhibits marked at depositions.

21.   If a party (the "Disclosing Party") concludes that it has been compelled, by subpoena or other form of judicial or other compulsory process, to disclose Confidential Information or Highly Confidential Information under the terms hereof to any person other than those to whom disclosure is permitted in paragraphs 4(a) through (j) and/or paragraphs 5(a) through (i), the Disclosing Party shall as promptly as possible, and in any event at least fourteen (14) days before the disclosure (or within a time frame that is reasonable under the circumstances if the return date of the subpoena or other process requires compliance in fewer than fourteen days), provide written notice, and include a copy of the subpoena or request, to counsel for the Producing Party of the Disclosing Party's intention to disclose Confidential Information or Highly Confidential Information.  The purpose of this paragraph is to give the Producing Party an opportunity to object to the disclosure of such Material

pursuant to compulsory process. If the Producing Party seeks an order from a court or other authority precluding disclosure of Material containing Confidential Information or Highly Confidential Information, the Disclosing Party shall not disclose such Material until the court or other authority has ruled on the Producing Party's request, so long as the Disclosing Party does not violate any rule of the court or other authority with jurisdiction over the subpoena or document request by waiting for the court of authority to rule on the Producing Party's application.

22.     In the event a party produces two or more identical copies of a document or other material and those identical copies bear inconsistent designations, all such identical documents or other materials shall be treated consistent with the higher designation to the extent a receiving party becomes aware that such identical documents are designated differently.   Any party identifying such inconsistent designations shall notify the Producing Party of the inconsistency, and the Producing Party shall reproduce copies of the documents with correct designations.

23.     During trial or an evidentiary proceeding in the Action, Confidential Information or Highly Confidential Information produced pursuant to this Stipulation and Order may be offered into evidence and retained by the Court provided that the proponent of the evidence advises the Court and the Producing Party in advance of the trial or proceedings that it intends to offer Confidential Information or Highly Confidential Information.   The Producing Party may apply to the Court to allow the

Material to keep its Confidential or Highly Confidential status not withstanding such use or for such other procedures that it believes are warranted. Any motion to redact and seal any part of or all of a transcript/digital recording shall be made in accordance with Local Civ. Rule 5.3(g).

24. Nothing in this Stipulation and Order or any designation of Discovery Material as "Confidential" or "Highly Confidential" hereunder or any failure to make such designation shall be used or characterized by any party as an admission.

25. Nothing in this Stipulation and Order shall be deemed to waive any applicable privilege.

26. Nothing in this Stipulation and Order shall be deemed to waive a party's right to move the Court for an order allowing disclosure of Confidential Information or Highly Confidential Information in accordance with applicable law.

27. Nothing in this Stipulation and Order shall be deemed to require the production of confidential patient or medical information as defined by the Health Insurance Portability and Accountability Act ("HIPAA"). A Disclosing Party shall, as applicable, redact "protected health information" ("PHI") as defined in HIPAA provisions 45 C.F.R. §§160.103 and 164.501, or, as defined in 21 C.F.R. §20.63(f) or (e), which includes but is not limited to health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or the payment

for care provided to any individual, which identifies the individual or which reasonably could be expected to identify the individual, and so note any such redactions on the responsible document or on an appropriate redaction log. To the extent that redactions of PHI would create an undue burden or a party determines that production of PHI is relevant and necessary, the Parties shall meet and confer on a proposed amendment to this Stipulation and Order. Any such amendment shall be submitted to the Court as a stipulated amendment or, if the Parties are unable to reach an agreement, any party may move the Court to amend the Stipulation and Order.

28.     Neither this Stipulation and Order nor any designation of Material as "Confidential" or "Highly Confidential" shall affect the admissibility into evidence of the information so designated, including, without limitation, the authenticity or relevance of the Material.

29.     Neither this Stipulation and Order nor the fact of its existence nor any designation of Material as "Confidential" or "Highly Confidential" shall be offered or admitted into evidence at a jury trial or argued to any jury in the Action.

30.     Any dispute between the Parties regarding this Order shall be resolved in accordance with Local Civ. Rule 5.3(b)(5).

31.     This Stipulation and Order shall be without prejudice to the right of any party to oppose disclosure of any document or information for any reason other than confidentiality. This Stipulation and Order may be changed only by further agreement

of the Parties in writing, and "So Ordered" by the Court, and is without prejudice to

the rights of any party to move in good faith for relief from any of its provisions, or to

seek or agree to additional protection for particular Material or information, including

but not limited to heightened confidentiality protection.

The Parties agree to be bound by the terms of this Stipulation and Order after

execution by all Parties but before entry of this Stipulation and Order by the Court,

and any violation of its terms shall be subject to the same sanctions and penalties, as if

this Stipulation and Order had been entered.  This Stipulation and Order applies to all

Discovery Material produced in the Action, whether produced before or after the entry

of this Stipulation and Order and whether produced by a party or non-party.

32.    This Stipulation and Order may be signed by fax or PDF signature and

may be signed in one or more counterparts, each of which shall be deemed to

constitute an original, but all of which together shall constitute one agreement.

DATED:  March 14, 2023

CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
LINDSEY H. TAYLOR
KEVIN COOPER


/s/ James E. Cecchi
———————————————————
JAMES E. CECCHI

5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com
kcooper@carellabyrne.com

*Local Counsel for Lead Plaintiff*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MICHAEL G. CAPECI
NATALIE C. BONO
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mcapeci@rgrdlaw.com
nbono@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

DATED:  March 14, 2023

HOGAN LOVELLS US LLP
ALLISON M. WUERTZ
WILLIAM M. REGAN (*pro hac vice*
forthcoming)

_____
ALLISON M. WUERTZ

390 Madison Avenue
New York, NY 10017
Telephone:  212/918-3000
212/918-3100 (fax)

allison.wuertz@hoganlovells.com
william.regan@hoganlovells.com

*Attorneys for Mark C. Trudeau, Matthew
K. Harbaugh, George A. Kegler, Bryan M.
Reasons, Kathleen A. Schaefer, Angus C.
Russell, Melvin D. Booth, JoAnn A. Reed,
Paul R. Carter, and Mark J. Casey*

DATED: March 14, 2023                    HOGAN LOVELLS US LLP
                                         ALLISON M. WUERTZ
                                         WILLIAM M. REGAN (*pro hac vice*
                                         forthcoming)

                                         _____
                                                ALLISON M. WUERTZ

                                         390 Madison Avenue
                                         New York, NY 10017
                                         Telephone: 212/918-3000
                                         212/918-3100 (fax)
                                         allison.wuertz@hoganlovells.com
                                         william.regan@hoganlovells.com

                                         *Attorneys for non-party Mallinckrodt plc*

IT IS SO ORDERED.

DATED: 3|16|2023    _____

                                         THE HONORABLE ~~MICHAEL A. SHIPP~~
                                         ~~UNITED STATES DISTRICT JUDGE~~
                                         Tonianne J. Bongiovanni, U.S.M.J.

- 23 -

**APPENDIX A**
**ACKNOWLEDGMENT**

I hereby acknowledge that I have read a copy of the Confidentiality Stipulation and Order ("Stipulation and Order") entered in the action entitled *Strougo v. Mallinckrodt Public Limited Company, et al.*, No. 3:20-cv-10100-MAS (the "Action"), presently pending in the United States District Court for the District of New Jersey (the "Court"), that I understand the terms thereof and agree to be bound by its terms, and that I submit myself to the jurisdiction of the Court, wherever I may be, for the enforcement of this Stipulation and Order, even if such enforcement proceedings occur after termination of this Action.

I will not reveal the Confidential or Highly Confidential Material to anyone, except as allowed by the Order. I will maintain any Confidential or Highly Confidential Material in my possession, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than twenty (20) days after I receive written or electronic notice from a party to the Action that the Action has concluded and the time period for appeals has expired, I will either destroy the Confidential or Highly Confidential Material, including copies, notes, or other transcriptions made therefrom, or return such Confidential or Highly Confidential Material to the counsel who provided me with the Confidential or Highly Confidential Discovery Material.

- 1 -

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this certification is executed this _____ day of _____, 2023.

By:   Name:      _____

      Address:   _____

                 _____

      Phone:     _____