# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

## COUNSELLORS AT LAW

_____

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | DONALD F. MICELI | PETER G. STEWART | RAYMOND J. LILLIE |
| JAN ALAN BRODY | CARL R. WOODWARD, III | FRANCIS C. HAND | GREGORY G. MAROTTA |
| JOHN M. AGNELLO | MELISSA E. FLAX | JAMES A. O'BRIEN, III | KEVIN G. COOPER |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | JOHN G. ESMERADO | MARYSSA P. GEIST |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | STEVEN G. TYSON | JORDAN M. STEELE** |
| | BRIAN H. FENLON | MATTHEW J. CERES | ZACHARY A. JACOBS*** |
| | LINDSEY H. TAYLOR | MARC D. MORY | WILLIAM H. WILLIAMS, X |
| | CAROLINE F. BARTLETT | | MICHAEL K. BELOSTOCK |
| | ZACHARY S. BOWER+ | OF COUNSEL | BRIAN F. O'TOOLE** |
| | DONALD A. ECKLUND | | SEAN M. KILEY |
| | CHRISTOPHER H. WESTRICK* | *CERTIFIED BY THE SUPREME COURT OF | |
| | STEPHEN R. DANEK | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | |
| | MICHAEL A. INNES | +MEMBER FL BAR ONLY | |
| | MEGAN A. NATALE | **MEMBER NY BAR ONLY | |
| | | ***MEMBER IL BAR ONLY | |

**5 BECKER FARM ROAD**
**ROSELAND, N.J.  07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

August 4, 2023

**<u>VIA ECF</u>**

The Honorable Tonianne J. Bongiovanni
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:    *Strougo v. Mallinckrodt PLC, et al.*,
> <u>Civil Action No.: 3:20-cv-10100 (RK) (TJB)</u>

Dear Magistrate Judge Bongiovanni:

Together with Lead Counsel, we write on behalf of Lead Plaintiff Canadian Elevator Industry Pension Trust Fund ("CEIPTF") and proposed intervenor City of Sunrise Police Officers' Retirement Plan ("COSPORP") to respectfully request that COSPORP be permitted to intervene in the above-captioned action as an additional named plaintiff pursuant to Federal Rule of Civil Procedure ("Rule") 23(d) and 24(b).  In accordance with the operative case schedule (ECF No. 116), CEIPTF will move for class certification on August 10, 2023 and, *inter alia*, will request that it and COSPORP be approved as class representatives for the proposed Class.  <u>CEIPTF has conferred with counsel for Defendants, who do not oppose this motion to intervene</u>, but expressly reserve any and all rights, remedies, or arguments, including, but not limited to, all rights to challenge the sufficiency of CEIPTF and COSPORP as class representatives as well as the proper scope of any class or class period that CEIPTF and COSPORP seek to certify.  <u>Thus, CEIPTF's motion to allow COSPORP to permissively intervene in this action is unopposed</u>.

As explained by counsel during the status conference held by the Court on July 18, 2023, CEIPTF is moving to have COSPORP permissively intervene in this action out of an abundance of caution to protect the proposed Class's best interests.  CEIPTF is an adequate class representative and this motion does not suggest otherwise.  Nonetheless, consistent with its vigorous advocacy since being appointed as the Lead Plaintiff for this litigation on June 25, 2020 (ECF No. 42), CEIPTF seeks to ensure that the interests of the proposed Class are protected.  By seeking appointment as a class representative with CEIPTF and moving to intervene, COSPORP is committed to doing the same.

The Honorable Tonianne J. Bongiovanni
August 4, 2023
Page 2

COSPORP is a member of the proposed Class, having purchased shares of Mallinckrodt common stock during the May 3, 2016 through March 13, 2020, inclusive, class period in this action (the "Class Period"), and suffering a loss of approximately $36,000 as a result of Defendants' alleged fraud.[1]  Accordingly, COSPORP satisfies the intervention requirements of Rules 23(d) and 24(b).  Rule 23(d) states that class members may intervene in class proceedings, particularly where, as here, doing so will remedy any concerns regarding the representation of the proposed Class.  Rule 23(d)(1)(B)(iii); *see also Link v. Mercedes-Benz of N. Am., Inc.*, 788 F.2d 918, 929 (3d Cir. 1986) (discussing that "the proper remedy was to . . . permit additional plaintiffs to intervene" if there were possible adequacy or typicality arguments that could be made against the main plaintiff); Manual for Complex Litigation (Fourth) § 21.26 (2004) (noting that "the court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification.").  Permitting COSPORP to intervene will protect the proposed Class against any possible challenges to the adequacy or typicality of CEIPTF as this action proceeds, thereby satisfying Rule 23(d)(1)(B)(iii).

Rule 24(b) permits intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact," Rule 24(b)(1)(B), taking into consideration "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights[.]"  *Id.*; *see also Conforti v. Hanlon*, 2023 WL 2744020, at *4 (D.N.J. Mar. 31, 2023) ("Put simply, at this early stage, the Court does not find that permitting intervention will unduly delay the adjudication of this litigation or prejudice the rights of the existing parties.").  The proposed intervention by COSPORP meets the requirements of Rule 24(b) because COSPORP, like CEIPTF and the proposed Class, has a similar claim against Defendants, with different purchase and sale dates of Mallinckrodt common stock.  Likewise, it is not disputed that COSPORP's intervention motion is timely – it is being made before CEIPTF's motion for class certification, and only requires a minor adjustment to the operative class certification discovery deadline.[2]  *See Wallach v. Eaton Corp.*, 837 F.3d 356, 361 (3d Cir. 2016) (motions made before class certification are presumptively timely); *see also Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949-50 (3d Cir. 2012) ("There is a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene") (*quoting Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995)).

---

[1]  Attached as Exhibit A is a true and correct copy of the Certification of Named Plaintiff Pursuant to Federal Securities Laws executed by COSPORP on May 30, 2023, which details COSPORP's purchases and sales of Mallinckrodt common stock during the Class Period.

[2]  On July 28, 2023, the Court granted the parties' request for a short extension of the operative class certification discovery deadline, *see* ECF No. 116 at ¶8, to afford Defendants an opportunity to depose COSPORP by no later than August 18, after which class certification discovery in this action will be complete.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

The Honorable Tonianne J. Bongiovanni
August 4, 2023
Page 3

On July 25, 2023, following the parties' continued discussions regarding this intervention motion, COSPORP produced documents to Defendants' counsel pursuant to the same parameters used by CEIPTF. In addition, the Court has permitted Defendants the opportunity to depose COSPORP by no later than August 18, thereby necessitating only a minor adjustment to the formerly operative class certification discovery deadline of August 9, 2023. *See* ECF No. 116 at ¶8. Thus, CEIPTF and COSPORP do not anticipate that the addition of COSPORP will meaningfully delay the proceedings in this action. Accordingly, the proposed intervention of COSPORP satisfies the requirements of Rule 24(b).

For the foregoing reasons, CEIPTF respectfully requests that the Court enter the attached proposed order pertaining to COSPORP's motion to intervene as a named plaintiff in this action.[3] CEIPTF appreciates the Court's attention to this motion and is prepared to address it further at the Court's convenience.

Respectfully submitted,

*/s/ James E. Cecchi*

JAMES E. CECCHI

Enclosures

cc: All Counsel of Record (via ECF)

---

[3]    A true and correct copy of the proposed order is attached hereto as Exhibit B.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION