GREGORY MANION  30(b)(6), Confidential
Barbara Strougo vs Mallinckrodt Public Ltd. Co.

July 18, 2023

1

Case 3:20-cv-10100-TJB    Document 132-3    Filed 02/21/24    Page 1 of 7 PageID: 1702

UNITED STATED DISTRICT COURT

DISTRICT OF NEW JERSEY

BARBARA STROUGO, Individually and on
Behalf of All Others Similarly Situated,
                Plaintiff

Civil Action No: 3:20-cv-10100-RK-TJB

vs.

MALLINCKRODT PUBLIC LIMITED
COMPANY, et al.
                Defendants.


  30(b)(6) DEPOSITION OF GREGORY MANION

        TAKEN PURSUANT TO NOTICE

      ON JULY 18, 2023 at 9:00 a.m.


                *** CONFIDENTIAL ***


Reporter: Angela Grinsven, CSR,

           Commissioner of Oaths

Videographer:  Ronald Eckstein, CIM, CCVS, CDVS



A P P E A R A N C E S:

Attorney for Plaintiff:

MICHAEL CAPECI
MIA BORNSTEIN
NATALIE BONO
       Robbins Geller Rudman & Dowd, LLP
       2 Duane St #7,
       New York, NY 10007161
       212-693-1058
       mcapeci@rgrdlaw.com


Attorney for Defendants:

MAURO ALLEN
ALLISON WUERTZ
            Hogan Lovells
            390 Madison Avenue
            New York, NY 10017
            212-918-3000
            allison.wuertz@hoganlovells.com
            mauro.allen@hoganlovells.com



                        I N D E X

GREGORY MANION

Examination by Ms. Allen                        6

Examination by Mr. Capeci                      164



GREGORY MANION  30(b)(6), Confidential                    July 18, 2023
Barbara Strougo vs Mallinckrodt Public Ltd. Co.                            4

```
                    INDEX   OF   EXHIBITS
NO.       DESCRIPTION                              PAGE

EXHIBIT NO. 1:    Notice of Deposition               15
EXHIBIT NO. 2:    Document commencing Bates
                  CEIPTF 0058925                     33
EXHIBIT NO. 3:     Document commencing Bates
                  CEIPTF 000496                      40
EXHIBIT NO. 4:    Document Commencing Bates
                  CEIPTF 0005636                     48
EXHIBIT NO. 5:    Document commencing Bates
                  CEIPTF 0005959                     53
EXHIBIT NO. 6:    Document commencing Bates
                  CEIPTF 0009233                     57
EXHIBIT NO. 7:    Document commencing Bates CEIPTF
0006400                                              66
EXHIBIT NO. 8:    Bates  CEIPTF 0005186.            70
EXHIBIT NO. 9:    Bates CEIPTF 0007155              77
EXHIBIT NO. 10:   Bates CEIPTF 0007661              88
EXHIBIT NO. 11:   Amended Complaint filed in
action                                               92
EXHIBIT NO. 12:    8-K filed by Mallinckrodt
with the Securities and Exchange Commission
on May 21, 2019                                     104
EXHIBIT NO. 13: Document No. 4090 in Case No.
20-12522-JTD in the United States Bankruptcy
Court for the District of Delaware                 106
EXHIBIT NO. 14: Document No. 6378 in Case No.
20-12522-JTD in the United States Bankruptcy
Court for the District of Delaware                 107
EXHIBIT MANION NO. 15:  Document No. 6758 in Case No.
20-12522-JTD in the United States Bankruptcy
Court for the District of Delaware                 108
EXHIBIT NO. 16:   stipulated dismissal of the
          appeal                                   109
EXHIBIT NO. 17:   Document commencing Bates
                  CEIPTF 0010095                   114
EXHIBIT NO. 18:   Bates CEIPTF 0009644             119
EXHIBIT NO. 19:   Bates CEIPTF 0009659             130
EXHIBIT NO. 20:   Document commencing Bates
CEIPTF 0009737                                     140
EXHIBIT NO. 21:   Document commencing Bates
          CEIPTF 0009826                           146
EXHIBIT NO. 22:   Document commencing Bates
                  CEIPTF 0009921                   150
EXHIBIT NO. 23:   Document commencing Bates
                  CEIPTF 0010012                   152
EXHIBIT NO. 24:   Document commencing Bates
                  CEIPTF 0058932                   157
```



decision about whether or not to filed a motion    12:15:18
for reconsideration.  Is that the kind of
litigation decision that is reviewed and approved
by the trust?

    MR. CAPECI:  Objection; asked and    12:15:31
answered.  You can answer.

    THE DEPONENT:  The board of trustees
relies on the professional opinion
provided by Robbins Geller.

BY MS. ALLEN    12:15:43

Q.    Okay.  All right.  Let's turn to
page 470.

I think this, through the end of
the document is all -- do you know what this
document is?    12:18:26

A.    Looks like a proof of claim to
submit to the bankruptcy court.

Q.    And can you describe at a high
level what that is?

A.    It's allowing the trust fund to    12:18:55
submit a document that would allow the bankruptcy
court to exclude Mallinckrodt obligation to pay
the statement of claim if they were successful in
this securities fraud case.

Q.    Okay.  So do you know why the    12:19:44



Fund submitted this document?

MR. CAPECI:  Objection.  I'm going to counsel the witness to answer that question to the best of his ability without revealing the content of any attorney-client privileged communication.

THE DEPONENT:  We rely on the legal advice from Robbins Geller.

BY MS. ALLEN

Q.    Was the Fund provided updates on what happened with this proof of claim?

A.    Yes.

Q.    Was the Fund provided -- or what is your understanding of what happened with the proof of claim?

A.    Proof of claim on the bankruptcy?

Q.    Mm-hmm.

A.    The Fund was advised that proof of claim survived, meaning that it was not part of the bankruptcy.

Q.    Does the Fund understand what the scope of the proof of claim that survived is?

A.    Yes, that the class action lawsuit can go forward.



MR. CAPECI:  I mean, counsel, you might want to just be more precise here.

MS. ALLEN:  Okay.

BY MS. ALLEN

Q.    Was the Fund informed that the bankruptcy judge found that the proof of -- that the class proof of claim was submitted inappropriately?  Or --

MR. CAPECI:  Objection.

BY MS. ALLEN

Q.    Sorry, that the class proof of claim was invalid because the Fund did not seek permission from the court prior to submitting a class proof of claim.

MR. CAPECI:  Objection.

THE DEPONENT:  The trust relies on the professional advice of Robbins Geller.

BY MS. ALLEN

Q.    Is it your testimony today that the Fund's understanding is that the proof of claim allowed the class action to go forward?

MR. CAPECI:  Objection.  I mean, again, we're delving into attorney-client privileged communications.  Please answer the question as best you can.

12:21:30

12:21:39

12:22:01

12:22:16

12:22:32

12:22:50

