# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MALLINCKRODT PUBLIC LIMITED COMPANY, *et al.*,<br><br>Mallinckrodt. | Civil Action No.:  3:20-10100 (RK) (TJB) |

**MALLINCKRODT PLC'S RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY**

Pursuant to Federal Rules of Civil Procedure 26, 34(c), and 45, and Local Civil Rules of the United States District Court for the District of New Jersey 26.1 and 34.1 (the "Applicable Rules"), Non-Party Mallinckrodt plc ("Mallinckrodt" or the "Company"), by its undersigned attorneys, hereby responds and objects to Lead Plaintiff's Notice of Subpoena for Production of Documents from Non-Party (the "Subpoena") served on Mallinckrodt by Lead Plaintiff Canadian Elevator Industry Pension Trust Fund ("Lead Plaintiff") in the above-captioned matter (the "Action").  The responses and objections set forth herein are based upon the information presently available to Mallinckrodt, and Mallinckrodt expressly reserves the right to modify, supplement, or amend its responses and/or objections should Mallinckrodt discover additional information or grounds for further objections.

**GENERAL OBJECTIONS**

Mallinckrodt responds to the Document Requests (the "Requests"), as well as the Instructions, Definitions, Form of Production, and Relevant Time Period sections of the

1

Subpoena, subject to the below General Objections. These objections form a part of the overall response to each individual request in the Requests (each a "Request") and are set forth here to avoid duplication and repetition. The General Objections may also be specifically referred to in certain forthcoming Requests for purposes of emphasis and clarity. Failure to make a Specific Objection, however, should not be construed as a waiver of any General Objection.

1.  Mallinckrodt objects to the Requests to the extent that they call for documents that Mallinckrodt already has produced to government regulators, including the Department of Justice and Securities and Exchange Commission, concerning the same subject matter requested in the Subpoena. The Company already has collected, reviewed, and produced a substantial volume of documents over the course of several years (the "Government Productions"), and has produced the Government Productions to Plaintiffs.

2.  Mallinckrodt objects to the Requests to the extent that they seek information constituting trade secrets or information that is confidential, proprietary, commercially sensitive, competitively significant or personal information relating to Mallinckrodt plc and its affiliates, employees or clients, customers or counterparties, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings. Mallinckrodt's responses are all subject to entry of, and shall be governed by, the Stipulation and Confidentiality Order entered by the Court on March 16, 2023 (ECF. No. 115).

3.  Mallinckrodt objects to the Requests to the extent they require the production of more or different information than is required to be provided under the Applicable Rules. Mallinckrodt will not produce more than is required under the Applicable Rules.

4.  Mallinckrodt objects to each Request, Definition, and Instruction to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney

work product doctrine, the common-interest privilege, the joint defense privilege, or any other applicable law, regulation, privilege, immunity, or discovery protection doctrine.  Inadvertent disclosure of any privileged information or document in response to a Request shall not be deemed a waiver of the applicable protection, and Mallinckrodt reserves the right to recover all copies of any such document(s) inadvertently produced in response to any Request.

5.      Mallinckrodt objects to the Requests to the extent they:  (a) call for information that is not in Mallinckrodt's possession, custody, or control; (b) seek documents or information that are equally available to Lead Plaintiff; (c) seek documents that are already in Lead Plaintiff's possession, custody, or control; (d) seek documents that are publicly available; (e) require Mallinckrodt to create documents not currently in its possession, custody, or control; or (f) call for information that is available through a more convenient, more efficient, less burdensome, or less expensive means than the Requests.

6.      Mallinckrodt objects to the Requests to the extent they seek discovery not proportional to the needs of the case, considering, among other things, the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, whether the burden or expense outweighs its likely benefit, and the duty to avoid imposing undue burden or expense on a non-party subject to a subpoena.

7.      Mallinckrodt objects to the Requests to the extent they purport to require Mallinckrodt to conduct more than a reasonable and diligent search through readily accessible files from readily accessible sources where responsive information reasonably would be expected to be found in order to respond to a Request.

8.    Mallinckrodt objects to any Request seeking "all" documents or communications because Mallinckrodt cannot guarantee that it has located every single document or communication responsive to a Request.  Mallinckrodt will only respond to each Request by producing responsive, non-privileged documents and communications within its possession, custody, or control that can be located after a reasonably diligent and good faith search.

9.    Mallinckrodt objects to the Requests to the extent that the time period specified on the face of any Request is not reasonable, therefore making any such Request overly broad, unduly burdensome, and calling for information that is neither relevant to the claims, defenses, or subject matter of the Action.

10.    Mallinckrodt objects to the Requests to the extent that they are vague, ambiguous, overly broad, lacking in particularity, unreasonable, unduly burdensome or oppressive, or call for information that is not relevant to any party's claim or defense.

11.    Mallinckrodt objects to the Requests to the extent that they are redundant or duplicative of other specific Requests.  Where information or a document may be responsive to more than one Request, Mallinckrodt will provide that information or produce that document only once.

12.    In providing responses to the Requests, Mallinckrodt does not in any way waive any objections as to competency, relevance, materiality, or admissibility.  Mallinckrodt expressly reserves the right to objects to the use of any documents produced pursuant to the Requests at any subsequent proceedings, including any trial in this action.  Mallinckrodt further reserves the right to objects to additional discovery into the subject matter of the Requests.

13.    Any response to the Requests indicating that non-privileged, responsive documents or communications will be produced is not an indication or representation that any

4

such documents or communications exist, but rather that such documents or communications will be produced if they are located in the course of a reasonably diligent, good faith search in accordance with the search parameters to be negotiated and agreed to by the parties.

14.    Neither the Requests nor responses to them shall be construed as admissions that any fact or circumstance alleged in any Request occurred or existed or that Lead Plaintiff's characterization of any facts or circumstances is correct.

15.    Mallinckrodt reserves the right to revise, supplement, or update its responses to the Requests at any time both during discovery and at trial, but nothing in these responses and objections obliges it to do so.

16.    The information and documents supplied in response to the Requests are for this Action only and for no other purpose.

### **OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

1.    Mallinckrodt objects to all definitions and instructions to the extent they seek to impose a burden greater than that set forth in the Applicable Rules.

2.    Mallinckrodt objects to Instruction No. 2 as overbroad and unduly burdensome to the extent that it instructs Mallinckrodt to produce "all documents" in the possession custody and control of its "predecessors, successors, parents, subsidiaries, joint ventures, divisions or affiliates, directors, officers, managing agents, agents, consultants, employees, attorneys, accountants or other representatives." Subject to the foregoing General and Specific Objections, Mallinckrodt will produce responsive, non-privileged documents in its possession, custody, and control.

3.    Mallinckrodt objects to Instruction No. 5 because it seeks to impose a burden greater than that set forth in the Applicable Rules.

4.      Mallinckrodt objects to Instruction No. 6 because it seeks to impose a burden greater than that set forth in the Applicable Rules.

5.      Mallinckrodt objects to Instruction No. 10 as overbroad and unduly burdensome because it requires the production of documents that have already been produced in this Action.

6.      Mallinckrodt objects to the definition of "You," "Your," "Mallinckrodt" or the "Company" as overbroad and unduly burdensome to the extent that it includes "subsidiaries, . . . divisions, subdivisions, affiliates, predecessors (including, but not limited to, Questcor), successors, joint ventures, present and former officers, directors, employees, representatives, agents, consultants, and all other persons acting or purporting to act on behalf of the foregoing." Mallinckrodt will interpret the terms "You," Your," "Mallinckrodt" and the "Company" to include Mallinckrodt plc.

7.      Mallinckrodt objects to the instruction within the "Relevant Time Period" section that seeks to require Mallinckrodt to produce documents dated, prepared, created, used, or received before or after the relevant time period.

## OBJECTION TO THE RELEVANT PERIOD

Mallinckrodt objects to the Relevant Period defined in the Subpoena as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of information relevant to any party's claim or defense, and not proportional to the needs of the case.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

Mallinckrodt asserts the following Specific Responses and Objections to each individual Request, subject to and without waiving the foregoing General Objections, which are incorporated by reference into each specific response and objection as if fully stated therein:

## REQUEST FOR PRODUCTION NO. 1:

All documents concerning the Release and Injunction from the Bankruptcy Litigation.

6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Mallinckrodt objects to this Request because it is overbroad, calls for information not relevant to any party's claim or defense, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Mallinckrodt further objects to this Request because it seeks untimely class certification discovery. The deadline for the completion of class certification discovery was August 9, 2023. ECF No. 116.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show any indemnification given by Mallinckrodt to the Defendants for their potential liability in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Mallinckrodt objects to this Request because it seeks documents for the purpose of the enforcement of a potential judgment, which is premature at this time. Mallinckrodt further objects to this Request because it calls for information not relevant to any party's claim or defense, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Mallinckrodt further objects to this Request because it seeks documents that are publicly available. Mallinckrodt refers Plaintiffs to the publicly available plans of reorganization for the 2020 bankruptcy[1] and August 2023 bankruptcies[2] as well as the Company's certificate of incorporation and bylaws. Subject to the foregoing General and Specific Objections, to the extent any relevant standalone indemnification agreement between Mallinckrodt and any individual defendant in the Action exists, Mallinckrodt will produce any such agreement in its possession, custody, or control.

---

[1]     Available at https://restructuring.ra.kroll.com/Mallinckrodt.

[2]     Available at https://restructuring.ra.kroll.com/mallinckrodt2023/Home-Index.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show Mallinckrodt's ability to satisfy any judgment against Defendants in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Mallinckrodt objects to this Request because it seeks documents for the purpose of the enforcement of a potential judgment, which is premature at this time. Mallinckrodt further objects to this Request because it calls for information not relevant to any party's claim or defense and seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Mallinckrodt also objects to this request because it seeks documents that are publicly available. Mallinckrodt refers Plaintiffs to Mallinckrodt's publicly filed financial statements as well as the publicly available financial information Mallinckrodt disclosed during the 2020 and 2023 bankruptcy proceedings.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show Mallinckrodt's financial condition at the time of the SEC Order, as discussed in paragraph 34 therein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Mallinckrodt objects to this Request because it seeks documents for the purpose of the enforcement of a potential judgment, which is premature at this time. Mallinckrodt further objects to this Request because it calls for information not relevant to any party's claim or defense, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Mallinckrodt also objects to this request because it seeks documents that are publicly available. Mallinckrodt refers Plaintiffs to Mallinckrodt's publicly filed financial statements as well as the publicly available financial information Mallinckrodt disclosed during the 2020 and 2023 bankruptcy proceedings.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning Mallinckrodt's efforts to comply with the undertakings described in paragraphs 35 to 47 of the SEC Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Mallinckrodt objects to this Request because it is overbroad, calls for information not relevant to any party's claim or defense, and seeks documents protected by the attorney-client privilege, the attorney work product doctrine and/or other applicable privileges or immunities. Mallinckrodt further objects to this Request as premature as compliance efforts are ongoing.

Dated:    New York, New York
          January 2, 2024

                                          **HOGAN LOVELLS US LLP**

                                          By: _____

                                          Allison M. Wuertz
                                          allison.wuertz@hoganlovells.com

                                          William M. Regan
                                          william.regan@hoganlovells.com (*pro hac vice*
                                          motion forthcoming)

                                          390 Madison Avenue
                                          New York, NY 10017
                                          (212) 918-3000 (p)
                                          (212) 918-3100 (f)

                                          *Attorneys for Non-Party Mallinckrodt plc*

9