# EXHIBIT C

1

                      UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE


                                        .    Chapter 11
IN RE:                                  .
                                        .    Case No. 20-12522 (JTD)
MALLINCKRODT PLC, *et al.,*             .
                                        .
                                        .    Courtroom No. 5
                                        .    824 North Market Street
                                        .    Wilmington, Delaware 19801
                                        .
                      Debtors.          .    Monday, January 3, 2022
. . . . . . . . . . . . . . . . . .          10:00 A.M.

                         TRANSCRIPT OF HEARING
                   BEFORE THE HONORABLE JOHN T. DORSEY
                    UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtors:          Michael Merchant, Esquire
                          RICHARDS, LAYTON & FINGER LLP
                          20 North King Street
                          Wilmington, Delaware 19801

                          - and -

                          Christopher Harris, Esquire
                          Anupama Yerramalli, Esquire
                          LATHAM & WATKINS LLP
                          1271 Avenue of the Americas
                          New York, New York 10020


Audio Operator:           Lisa Brown

Transcription Company:    Reliable
                          1007 N. Orange Street
                          Wilmington, Delaware 19801
                          (302)654-8080
                          Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

mute.

THE COURT:  Yes, now is a good time to take a break.  Let's take a break and come back at 11:25.

(Recess taken at 11:07 a.m.)

(Proceedings resumed at 11:25 a.m.)

THE COURT:  All right, we are back on the record.

Mr. Harris, you may proceed.

MR. HARRIS:  Thank you, Your Honor.

We were just about to discuss the releases.  And to be clear there are four different kinds of releases in the plan which I will discuss each of them in turn.

Our position is the releases are authorized by 1123(b)(6) and 105, among other provisions.  Those releases are the debtor release released by the debtor which is in Article 9(b); the consensual non-debtor third-party release, that's in Article 9(c), and that is the release we were just talking about with Canadian Elevator; the opioid release and channeling injunction, that's in Articles 9(d) and 9(h); and the release of opioid claimants in Article 9(e).

Ms. Reiser, could we pull-up Slide 18?

So the importance of each of these releases cannot be understated.  Mr. Welch testified that the releases are integral to the plan.  But for the provision of these releases the underlying deals that are embodied in the plan would not have been done.  They were negotiated over an

extended period of time by very competent parties.  So the evidence, the only evidence, is that the releases are each essential components to the plan.

Now I will discuss each of them in turn starting briefly with the debtor release.  I say briefly because we believe no one is challenging the debtor releases.  So as I said, to save everyone time I will rely on the extensive evidence that we presented at the hearing which is summarized in the appendix at the end of this demonstrative deck.  If, in fact, someone attempts to raise a challenge to the debtor releases in their closing statement I will address that in rebuttal.

So the only thing I would point out now is that the debtor release is sufficiently and narrowly tailored.  It excludes gross negligence, willful misconduct and actual fraud, and it's similar to other debtor releases approved in this district.  As Mr. Welch testified, the debtor release was essential to the settlements and should not have occurred without it.

So let me turn to the third-party release.  So that is the release by non-opioid third parties of the release parties.  Article 9(c) of the plan provides what is a customary consensual third-party release by the non-debtor releasing parties which does not include opioid claimants. The third-party release generally provides for the release by

claimants and shareholders of claims against the release parties in excluding opioid claims, and also notably excluding claims for actual fraud, gross negligence and willful misconduct.

Critically, and this is the evidence that is relevant to this issue, all parties in interest had the ability to opt-out of the release and that's what makes it consensual.  The SEC, the U.S. Trustee, Canadian Elevator, the Ad Hoc Acthar Group, and certain shareholders have each objected to the third-party releases on the grounds that they are not consensual.

So what is the legal standard?  Courts in this jurisdiction have recognized two things: first, a Chapter 11 plan may include consensual releases of non-debtors by other non-debtors; second, non-debtor releases are consensual when the holders of the claim or equity interest had an opportunity, but chose not to opt out of the releases.  Here, the evidence is that the third-party releases are consensual because the holders of claims of equity up and down the voting ladder all had ample opportunity to opt out.

Could we do slide 21, Ms. Reiser?

So this lists who the non-debtor releasing parties are.  Starting at the top of the voting ladder unemployed creditors would all opt out by objecting to the confirmation. So unimpaired creditors each received a notice of non-voting