# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MALLINCKRODT PUBLIC LIMITED COMPANY, *et al.*,<br><br>Defendants. | Civil Action No.: 3:20-10100 (MAS) (TJB) |

**DEFENDANTS' FIRST REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, and subject to the Definitions and Instructions set forth below, Defendants Mark C. Trudeau, Matthew K. Harbaugh, George A. Kegler, Bryan M. Reasons, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, and Mark J. Casey (collectively, "Defendants"), by their undersigned attorneys, hereby request and demand that Lead Plaintiff Canadian Elevator Industry Pension Trust Fund ("Lead Plaintiff" or "CEIPTF") produce for inspection and copying, at the office of Hogan Lovells US LLP, 390 Madison Avenue, New York, NY 10017, no later than March 17, 2023, all of the Documents in its possession, custody, or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to those matters addressed below (the "Requests"):

**DEFINITIONS**

A.    The term "Action" shall mean the above-captioned putative class action.

1

B.      "Class" means the putative class of all purchasers of Mallinckrodt Common Stock between May 3, 2016 and March 18, 2020, inclusive.

C.      "Class Period" means May 3, 2016 through March 18, 2020, inclusive.

D.      The term "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, instant message, text message, or other written or oral transmission, or exchange or transfer of information in any form between two or more Persons, including in Person or by telephone, facsimile, telegraph, telex, letter, email or other medium.

E.      The term "Complaint" shall mean the Amended Complaint filed by Lead Plaintiff CEIPTF on August 10, 2020 in the above-captioned action.

F.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

G.      "Date" means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

H.      The term "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including, but not limited to, all originals, non-identical copies, and drafts of any written, printed, handwritten, recorded, or graphic matter of any kind, however produced or reproduced, and regardless of where located, including, but not limited to, any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office Communications, email message, instant message, text message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever

2

printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including, but not limited to, tape, cassette, disc, magnetic card, or recording.  "Document" shall also include the file folders in which said Documents are maintained and any table of contents or index thereto, and copies of Documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.  "Document" shall further include any copy containing or having attached thereto any alterations, notes, comments, or other material not appearing on the original, and shall also include drafts, revisions of drafts, and other preliminary or preparatory material, from whatever source, underlying, supporting, or used in the preparation of any Document. "Document" shall also include any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

I.      The term "J.P. Morgan Analyst Reports" shall mean the research reports issued by J.P. Morgan on May 8, 2019, May 21, 2019, and May 24, 2019.

J.      The term "Lead Plaintiff" shall mean Lead Plaintiff CEIPTF.

K.      The term "Mallinckrodt" shall mean Mallinckrodt Public Company Limited and includes its predecessors, subsidiaries, and affiliates.

L.      The term "Mallinckrodt Common Stock" means any common stock issued by Mallinckrodt.

M.      The term "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

N.      The term "Piper Jaffray Analyst Report" shall mean the research report issued by Piper Jaffray on May 30, 2019.

O.      The term "refer" shall mean analyze, comprise, concern, consider, contain, constitute, define, describe, discuss, embody, evaluate, evidence, explain, memorialize, mention, record, reflect, refute, review, report, show, state, summarize, support, or in any way pertain to the subject matter of any Request.

P.      The term "Transaction" shall mean any investment, purchase, sale, exercise of option, or other acquisition, or disposition of Mallinckrodt Common Stock.

Q.      The term "Wells Fargo Analyst Reports" shall mean the research reports issued by Wells Fargo Securities, LLC on May 7, 2019 and May 21, 2019.

R.      The terms "You" and "Your" shall mean CEIPTF and any present and former directors, officers, trustees, administrators, employees, agents, representatives, or other Persons acting or purporting to act on its behalf.

## INSTRUCTIONS

A.      The words in each Request shall be construed so that each Request shall be construed broadly rather than narrowly and, therefore:  the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all;" the word "any" means "any and all" or "each and every;" and the term "including" shall be construed to mean "without limitation."

B.      Each Request seeks production of each Document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each Document, including all attachments, appendices, exhibits, lists, schedules, or other matters at any time affixed thereto.  If a Document responsive to a Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

4

C.      If any Document requested herein was formerly in Your possession, custody or control and has been lost or destroyed or otherwise disposed of, You are requested to submit, in lieu of any such Document, a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the Person(s) who prepared or authored the Document, and, if applicable, the Person(s) to whom the Document was sent, (c) specifying the Date on which the Document was prepared or transmitted and (d) specifying the Date on which the Document was lost, destroyed, or otherwise disposed of and, if destroyed, the conditions of, and reasons for, such destruction and the Person(s) performing the destruction.

D.      Pursuant to Local Civil Rule 34.1, if any Document requested herein is withheld on the basis of any claim of privilege, You shall, in Your response or objection, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, set forth the state privilege rule being invoked and indicate whether any Documents responsive to the Request in question exist.

E.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph, and the rest shall be produced.  A redaction log including the information identified in Paragraph D above should be provided for such Documents.

F.      All Documents and Communications should be produced in accordance with the provisions of the ESI Protocol to be agreed to by the parties.

G.      For each Document requested, produce the entire Document, including all cover letters and emails, attachments, appendices, and exhibits.  If any of the requested documents cannot be produced in full, produce them to the extent possible, and specify the

5

reason for your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portions.

H.      For each Document requested, produce each and every non-identical duplicate of each Document within the scope of any Request, whether different from the original because of stamps, indications of recipient(s), handwritten notes, marks, comments, or attachments to different documents, or for any other reason.

I.      All Documents in the possession, custody or control of Lead Plaintiff within the scope of any Request shall be produced in response to these Requests.

J.      Whenever necessary to bring within the scope of the Requests that which might otherwise be construed to be outside the scope:  (a) the use of any verb in any tense shall be construed as the use of that verb in all other tenses; and (b) the use of a word in its singular form shall be deemed to include within its use the plural form and vice versa.

K.      Each Request shall be deemed continuing so as to require prompt supplemental responses, in accordance with Federal Rule of Civil Procedure 26(e), if You obtain or discover additional Documents between the time of initial production and the time of deposition, settlement, or trial.

L.      Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

M.      If You believe that any Request, or any Definition or Instruction, is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous, and (ii) describe the manner in which You construed the Request in order to frame Your response.

6

N.     Unless otherwise specified, You are requested to produce Documents responsive to the Requests that concern, whether in whole or in part, the period of January 1, 2016 through the present, inclusive, even if dated, prepared, generated, or received prior or subsequent to that period.

## DOCUMENTS TO BE PRODUCED

1.     Documents sufficient to show Your total holdings of Mallinckrodt Common Stock as of the start of the Class Period.

2.     Documents sufficient to show Your total holdings of Mallinckrodt Common Stock as of the end of the Class Period.

3.     Documents sufficient to show the Date(s) of all of Your Transactions.

4.     Documents sufficient to show the Person, including brokers or agents, from or through whom You made each Transaction.

5.     Documents sufficient to show the price that You paid or received for Mallinckrodt Common Stock in connection with each Transaction.

6.     Documents sufficient to identify the Date and terms of any swap, derivative, hedge, or other derivative transaction You entered into, including any swap, derivative, hedge, or other transaction through which You sought to offset, reduce, or limit Your economic exposure to either (a) Your holdings of Mallinckrodt Common Stock; or (b) any Transaction identified in response to Request No. 1.

7.     All Documents concerning any potential or actual investment, purchase, acquisition, sale, or other disposal by You of Mallinckrodt Common Stock, including but not limited to Documents concerning Your consideration of and decision (a) to buy, sell, or hold Mallinckrodt Common Stock; or (b) to engage in any transaction by which You sought to offset,

7

reduce, or limit Your economic exposure to any transaction in Mallinckrodt Common Stock, as identified in response to Request No. 6.

8.     To the extent not produced in response to Request No. 7, all Documents concerning Your monitoring of the performance of Your investment in Mallinckrodt's common stock.

9.     To the extent not produced in response to Request Nos. 1–8, all Documents concerning Your transactions in Mallinckrodt Common Stock, including, without limitation, the following examples:  transaction confirmations, purchase or sale orders, account statements, instructions to brokers or agents, or other Documents relating to such transactions; Documents and Communications reviewed, consulted, obtained, prepared, or relied upon in deciding to make such transactions, including, without limitation, brochures, prospectuses, press releases, financial statements, quarterly statements, newspaper or other media clippings, and documents accessed through the internet; Documents executed by or on behalf of You in connection with such transactions; Documents and Communications evidencing or referring to any Communication between You and any other Person relating to such transactions; Documents and Communications reflecting the gains and/or losses incurred by You with respect to such transactions, including, without limitation, Documents concerning the amounts, prices, and Dates of all Your transactions in Mallinckrodt Common Stock and Your basis in Mallinckrodt Common Stock; Documents and Communications concerning the expected duration of any investment by You in Mallinckrodt Common Stock either prior to, after, or at the time of investment; and tax returns and tax return schedules or other Documents and Communications reflecting how Your transactions in Mallinckrodt Common Stock were reported for tax purposes.

10.     All Documents concerning any transcripts of investor conference calls with Mallinckrodt senior management, any information posted on Mallinckrodt's corporate website,

any securities analyst report concerning Mallinckrodt, and any news article or media coverage concerning the allegations in the Complaint, including, without limitation, the J.P. Morgan Analyst Reports, the Wells Fargo Analyst Reports, and the Piper Jaffray Analyst Report.

11.    All Documents concerning any meeting, teleconference, video conference, or other Communication of any kind that You had with any representative(s) of Mallinckrodt and/or any attendance or votes cast by You or for Your shares of Mallinckrodt Common Stock at Mallinckrodt's Annual Meeting of Stockholders or any other meeting of Mallinckrodt stockholders (including without limitation votes by proxy).

12.    All Documents concerning Mallinckrodt's business and financial condition.

13.    Documents sufficient to show Your investment policies, aims, guidelines, and strategies.

14.    Documents sufficient to show Your investment "black list" (*i.e.*, policies restricting Your investment in any company or type of company) and all companies or types of companies on that "black list."

15.    All Documents concerning meetings of the board of trustees (or committees or subcommittees thereof), or executive officers of Your organization at which Mallinckrodt, investment in Mallinckrodt, the performance of Your investments in Mallinckrodt, litigation involving Mallinckrodt, and/or the Action was discussed or mentioned, including without limitation: (a) agendas, minutes, or notes of any such meetings; and (b) documents circulated in connection with, and/or discussed during, any such meetings, including presentations or spreadsheets.

16.    All Documents concerning any portfolio or investment monitoring agreements between You and any other person or entity.

17.     Documents sufficient to identify the duties of, and instructions to, Your investment manager(s) and/or consultant(s), whether internal or external, including any relevant agreement(s) and investment guidelines, which applied to transactions in Mallinckrodt Common Stock on Your behalf during the Class Period.

18.     All Documents concerning (a) any investment management agreements that You have with funds owning Mallinckrodt Common Stock, and (b) any assignments of claims from any such funds to You.

19.     All Documents containing a substantially verbatim previous statement (as defined under Federal Rule of Civil Procedure 26(b)(3)(C)) concerning any facts relevant to the claims in this Action made by any Person with whom you have consulted in connection with investigating the allegations contained in the Complaint.

20.     All Documents concerning or reflecting communications between or among You and any Person (other than Your counsel in this Action) regarding Mallinckrodt or the subject matter of this Action, including without limitation:  any such communications concerning Mallinckrodt or the subject matter of this Action between or among You and (a) any other member of the putative Class in this Action (or any person acting on such putative Class member's behalf), (b) any other Person who transacted in Mallinckrodt Common Stock, (c) any journalist, reporter, or other member of the press, or (d) any government agency, including without limitation the United States Securities and Exchange Commission, the United States Department of Justice, the Centers for Medicare and Medicaid Services, and the Department of Health & Human Services.

21.     All Documents concerning Your compensation arrangement with Your counsel for this Action and concerning any promised, proposed, or expected compensation to You for serving as a proposed or actual lead plaintiff in this Action.

22.     All Documents concerning any loss or damage the putative Class allegedly suffered by reason of the claims asserted in this Action.

23.     To the extent not covered by Documents responsive to any of the earlier Requests, all Documents on which You intend to introduce, refer to, or rely upon at any deposition or at trial in the Action.

24.     Documents sufficient to identify Your policies or practices for the maintenance, destruction, or retention of Documents or files.

Dated:     New York, New York
           February 16, 2023

                                    **HOGAN LOVELLS US LLP**

                                    By:  /s/Allison M. Wuertz

                                    Allison M. Wuertz
                                    allison.wuertz@hoganlovells.com

                                    William M. Regan
                                    william.regan@hoganlovells.com (*pro hac vice* motion forthcoming)

                                    390 Madison Avenue
                                    New York, NY 10017
                                    (212) 918-3000 (p)
                                    (212) 918-3100 (f)

                                    *Attorneys for Mark C. Trudeau, Matthew K. Harbaugh, George A. Kegler, Bryan M. Reasons, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, and Mark J. Casey*

11