# EXHIBIT F

<table>
<tr><td>

BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated,

              Plaintiff,

    v.

MALLINCKRODT PUBLIC LIMITED COMPANY, *et al.*,

              Defendants.

</td><td>

Civil Action No.:  3:20-10100 (MAS) (TJB)

</td></tr>
</table>

## **DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 33, and subject to the Definitions and Instructions set forth below, Defendants Mark C. Trudeau, Matthew K. Harbaugh, George A. Kegler, Bryan M. Reasons, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, and Mark J. Casey (collectively, "Defendants"), by their undersigned attorneys, hereby request and demand that Lead Plaintiff Canadian Elevator Industry Pension Trust Fund ("Lead Plaintiff" or "CEIPTF") answer the following interrogatories (the "Interrogatories") no later than March 17, 2023, and that Lead Plaintiff supplement its answers if any further information is acquired, up to the date of trial.

## **DEFINITIONS**

A.      The term "Action" shall mean the above-captioned putative class action.

B.      "Class Period" means May 3, 2016 through March 18, 2020, inclusive.

C.      The term "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, instant message, text

1

message, or other written or oral transmission, or exchange or transfer of information in any form between two or more Persons, including in Person or by telephone, facsimile, telegraph, telex, letter, email or other medium.

D.    The term "Complaint" shall mean the Amended Complaint filed by Lead Plaintiff CEIPTF on August 10, 2020 in the above-captioned action.

E.    "Date" means the exact day, month, and year, if ascertainable, or if not, the best approximation (including relationship to other events).

F.    The term "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including, but not limited to, all originals, non-identical copies, and drafts of any written, printed, handwritten, recorded, or graphic matter of any kind, however produced or reproduced, and regardless of where located, including, but not limited to, any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office Communications, email message, instant message, text message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including, but not limited to, tape, cassette, disc, magnetic card, or recording.  "Document" shall also include the file folders in which said Documents are maintained and any table of contents or index thereto, and copies of Documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.  "Document" shall further include any copy containing or having attached thereto any alterations, notes, comments, or other material not appearing on the original, and shall also include drafts, revisions of drafts, and other preliminary or preparatory material,

2

from whatever source, underlying, supporting, or used in the preparation of any Document. "Document" shall also include any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

I.      With respect to a Document, the term "Identify" shall mean to give the (1) type of Document; (2) general subject matter; (3) Date; and (4) author(s), addressee(s), and recipient(s).

J.      With respect to a Person, the term "Identify" shall mean to give the Person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment, job title at that place of employment, and a description of that person's job responsibilities at that place of employment.

K.      The term "Mallinckrodt" shall mean Mallinckrodt Public Company Limited and includes its predecessors, subsidiaries, and affiliates.

L.      The term "Mallinckrodt common stock" means any common stock issued by Mallinckrodt.

M.      The term "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

N.      The term "relate" shall mean analyze, comprise, concern, consider, contain, constitute, define, describe, discuss, embody, evaluate, evidence, explain, memorialize, mention, record, reflect, refute, review, report, show, state, summarize, support, or in any way pertain to the subject matter of any Request.

O.      The terms "You" and "Your" shall mean CEIPTF and any present and former directors, officers, trustees, administrators, employees, agents, representatives, or other Persons acting or purporting to act on its behalf.

3

## **INSTRUCTIONS**

A.      The words in each Interrogatory shall be construed so that each Interrogatory shall be construed broadly rather than narrowly and, therefore:  the singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all;" the word "any" means "any and all" or "each and every;" and the term "including" shall be construed to mean "without limitation."

B.      Whenever an Interrogatory calls for the identification of a Person, the identification should include the full name and address of all such Persons, and if the Person is a natural person, the identification should also include his or her most recent occupation (including title and job description) and most recent known employer, including the name and address of such employer.  If the information for any natural person was different at the time with which a particular Interrogatory is concerned, supply both current information and such different information as applies to the time in question.

C.      In answering each Interrogatory, You should Identify all Documents relied upon to draft the answer given and any Documents that corroborate the answer given or the substance of the answer given.  In identifying each such Document, include the Date, author, name, and title of every addressee, including every recipient of copies, the title of the Document, and a brief description of the nature (*i.e.*, letter, telegram) and the contents of each Document.

D.      Pursuant to Local Civil Rule 33.1(c), if You assert a claim of privilege in responding or objecting to any discovery requested in these Interrogatories, You shall, in Your response or objection, identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, set forth the state privilege rule being invoked and indicate whether, as to the information requested, (a) any Documents exist or (b) any oral Communications took place.

4

E.      Each Interrogatory shall be deemed continuing so as to require prompt supplemental responses, in accordance with Federal Rule of Civil Procedure 26(e), if You obtain or discover additional Documents or information between the time of Your initial response and the time of deposition, settlement, or trial.

F.      Each Interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation or exclusion.

G.      If You believe that any Interrogatory, or any Definition or Instruction, is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous, and (ii) describe the manner in which You construed the Interrogatory in order to frame Your response.

H.      Unless otherwise specified, these Interrogatories concern the period of January 1, 2016 through the present, inclusive.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify all witnesses with knowledge of the facts related to the subject matter of the Complaint.

**RESPONSE:**

**INTERROGATORY NO. 2:**  Identify and provide, to the extent known, the name, email address, title, position, and role of all Persons who, acting on Your behalf, participated in any meetings with Mallinckrodt or any Mallinckrodt representative or agent, including telephone calls or other Communications, and identify the Date of such meetings or Communications as well as the name, email address, title, position, and role of all Mallinckrodt personnel that

5

participated in such meetings or Communications, for the period of January 1, 2016 through the end of the Class Period, inclusive.

**RESPONSE:**

**INTERROGATORY NO. 3:**  Identify and provide, to the extent known, the name, email address, title, position, and role of all Persons who, acting on Your behalf, participated in or otherwise observed any of Mallinckrodt earnings calls, conferences, or other public appearances or meetings during the period of January 1, 2016 through the end of the Class Period, inclusive.

**RESPONSE:**

**INTERROGATORY NO. 4:**  Identify and provide, to the extent known, the name, email address, title, position, and role of all Persons (including Your employees and outside investment advisors, brokers, or consultants) involved in evaluating whether You should buy, sell, or hold an investment in Mallinckrodt common stock, for the period of January 1, 2016 through the end of the Class Period, inclusive.

**RESPONSE:**

6

**INTERROGATORY NO. 5:** Describe the type of damages, the amount of damages, and the particular allegations to which the damages relate.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify the custodian(s) and location(s) of all Documents potentially relevant to the Action.

**RESPONSE:**

**INTERROGATORY NO. 7:** Provide a general description of all Documents potentially relevant to the Action.

**RESPONSE:**

**INTERROGATORY NO. 8:** Identify and provide, to the extent known, the name, email address, title, position, and role of all Persons who assisted in answering or providing information in preparing responses to any Interrogatory or request for production propounded by any defendant in the Action and the Documents they reviewed, considered, or relied upon in preparing the responses.

**RESPONSE:**

7

Dated:   New York, New York
         February 16, 2023

**HOGAN LOVELLS US LLP**

By: /s/Allison M. Wuertz

Allison M. Wuertz
allison.wuertz@hoganlovells.com

William M. Regan
william.regan@hoganlovells.com (*pro hac vice*
motion forthcoming)

390 Madison Avenue
New York, NY 10017
(212) 918-3000 (p)
(212) 918-3100 (f)

*Attorneys for Mark C. Trudeau, Matthew K.*
*Harbaugh, George A. Kegler, Bryan M. Reasons,*
*Kathleen A. Schaefer, Angus C. Russell, Melvin D.*
*Booth, JoAnn A. Reed, Paul R. Carter, and Mark J.*
*Casey*