# EXHIBIT G

CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
LINDSEY H. TAYLOR
KEVIN G. COOPER
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com
kcooper@carellabyrne.com

Local Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MALLINCKRODT PUBLIC LIMITED COMPANY, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:20-cv-10100-RK (TJB) <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) |

Pursuant to Federal Rule of Civil Procedure ("Rules" or "Rule") 26 and 30, and the applicable Local Rules of the United States District Court for the District of New Jersey (the "Local Rules"), Lead Plaintiff Canadian Elevator Industry Pension Trust Fund ("Plaintiff" or "Lead Plaintiff"), by and through its attorneys, hereby provides the following responses and objections ("Responses") to Defendants' Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Notice"), dated July 13, 2023, as follows:

## I.      RESERVATION OF RIGHTS

1.      Plaintiff's Responses to this Notice are made for the sole purpose of the above-captioned action (the "Action").  Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, and privacy, and all objections are reserved and may be interposed at the time of trial.  Nor shall any response be construed as a waiver or abridgement of any applicable privilege, or any objection set forth herein.

2.      By making a specific objection to any part of the Notice, Plaintiff does not imply that the specific objection is not applicable to any other part of the Notice, or that the General Objections are not applicable.

3.      Plaintiff's Responses to the Notice are made to the best of its present knowledge, information, and belief and is, at all times, subject to such additional or different information that further investigation may uncover.  Without assuming any obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend or supplement its Responses and make any further objections or Responses that it deems appropriate as and when additional facts are discovered or ascertained.

## II.   GENERAL OBJECTIONS

Plaintiff objects to the Notice on the following grounds, each of which is expressly incorporated by reference in the Responses to the individual deposition topics ("Deposition Topic" or "Deposition Topics") below.  All individual Responses set forth herein are subject to and without waiver of any of these General Objections.

1.   Plaintiff objects to the Definitions to the extent that they are overbroad, unduly burdensome or impose upon Plaintiff obligations that are not imposed by Rule 30(b)(6) or other applicable law.

2.   Plaintiff objects to the Deposition Topics to the extent that they are vague, ambiguous, employ imprecise descriptions of the information sought, and/or require Plaintiff to speculate as to the nature or scope of the information sought.  Plaintiff further objects to the Deposition Topics to the extent they fail to "describe with reasonable particularity the matters for examination," as required by Rule 30(b)(6).

3.   Plaintiff objects to the Deposition Topics to the extent that they seek information that is not relevant to any party's claim or defense in this Action and/or are disproportionate to the needs of the Action.

4.   Plaintiff objects to the Deposition Topics generally to the extent they purport to impose undue burdens on Plaintiff that are beyond what is required by Rule 30(b)(6) or any other applicable law.

5.   Plaintiff objects to the Deposition Topics to the extent they are not limited to any reasonable time period.

6.   Plaintiff objects to the Deposition Topics to the extent they are duplicative of discovery previously served on Plaintiff in this Action.  Plaintiff further objects to the Deposition

Topics to the extent they seek information more appropriately obtained through less burdensome discovery mechanisms, including requests for production of documents or interrogatories.

7.    Plaintiff objects to the Deposition Topics to the extent they purport to place an obligation on Plaintiff to obtain information that is already known to Defendants or information that is available to Defendants through other sources, including third parties, which are more convenient, less burdensome and less expensive.

8.    Plaintiff objects to the Deposition Topics to the extent they are invasive of the attorney-client privilege, work product doctrine, or any other applicable privilege, protection, or immunity.  Any inadvertent disclosure by Plaintiff of any privileged or protected information shall not be deemed a waiver of such privilege, protection, or objection.

9.    Plaintiff objects to the Deposition Topics insofar as they seek information not currently in Plaintiff's possession, custody, or control.  Plaintiff further objects to the Deposition Topics to the extent they purport to require Plaintiff to provide information on behalf of, or with respect to, individuals or entities other than Plaintiff.  Plaintiff objects to the Deposition Topics to the extent they seek information beyond what is available from a reasonable search of Plaintiff's files likely to contain relevant or responsive information to the subject matter of this Action.

10.    Plaintiff objects to the Deposition Topics insofar as they call for a legal conclusion or require the application of legal definitions or principles.

11.    Plaintiff objects to the Deposition Topics to the extent they seek information relating to expert opinion or testimony.

12.    Plaintiff objects to the timeliness of service of the Deposition Topics, as they were served three business days before the scheduled deposition.

### III.    OBJECTIONS TO DEFINITIONS

1.    Plaintiff objects to the definition of the term "Communication" or "Communications" to the extent it is overly broad, unduly burdensome, vague, ambiguous and imposes any obligation on Plaintiff beyond those required by the Rules or other applicable law.

2.    Plaintiff objects to the definition of the term "Person" as overbroad, unduly burdensome as the definition purports to include "natural persons, corporations, limited or general partnerships, joint ventures, firms, associations, proprietorships, agencies, boards, authorities, governmental entities, or any other entity."

3.    Plaintiff objects to the definition of the terms "Plaintiff," "You," or "Your" on the grounds that these terms are overbroad and unduly burdensome as the definitions purport to include "anyone acting on your behalf, and its respective directors, employees, representatives, consultants and/or agents, and any other Person acting on their behalf."  Lead Plaintiff further objects to these definitions to the extent that they purport to encompass information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or any other lawfully recognized privilege, protection or immunity from disclosure, and/or to the extent that they purport to impose obligations greater than those set forth in the Rules and other applicable law, including by imposing a discovery obligation on any person who is not a party to the litigation. For each Deposition Topic, Plaintiff will interpret the terms "Plaintiff," "You," and "Your" as referring to Lead Plaintiff only, and will only provide responsive information that is within Lead Plaintiff's possession, custody, or control.  "Plaintiff," You," and "Your" shall not include third parties, consultants, or others retained by Lead Plaintiff or by Lead Plaintiff's attorneys.

4.    Plaintiff objects to the definition of the terms "Include," "Including," or "Includes" to the extent that "including, but not limited to" is overly broad and imposes obligations greater than those set forth in Rule 30(b)(6) which requires reasonable particularity.

5.    Plaintiff objects to the definition of the terms "Refer to," "Referring to" or "Relating to" as vague, ambiguous, overly broad, and unduly burdensome to the extent it purports to include "concern, pertain to, reflect, discuss, show, constitute, contain, embody, identify, support, memorialize, mention, regard, be connected with, or be in any way logically or factually connected with the matter discussed."

## IV.    SPECIFIC RESPONSES AND OBJECTIONS TO DEPOSITION TOPICS

DEPOSITION TOPIC NO. 1:

The allegations set forth in the Complaint.

SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 1:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad and unduly burdensome and to the extent that it seeks information already in Defendants' possession, custody, or control.  Plaintiff further objects to this Deposition Topic as seeking information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity.   Plaintiff also objects to this Deposition Topic to the extent it calls for a legal conclusion.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify regarding the allegations set forth in the Complaint.

DEPOSITION TOPIC NO. 2:

All Documents produced by You or at Your direction in this matter.

SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 2:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad and unduly burdensome and to the extent that it seeks information already in Defendants' possession, custody, or control.  Plaintiff further objects to this Deposition Topic as seeking information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify regarding the Documents produced by Plaintiff in this Action.

DEPOSITION TOPIC NO. 3:

The factual basis for each of Your claims in the above-captioned action.

SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 3:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad, unduly burdensome, vague and ambiguous.  Plaintiff further objects to the extent this Deposition Topic seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity. Plaintiff further objects to this Deposition Topic to the extent it seeks information not currently in Plaintiff's possession, custody, or control.  Plaintiff also objects that this Deposition Topic is not limited to any time period.  Plaintiff further objects to this Deposition Topic to the extent that it calls for a legal conclusion or legal opinion or requires the application of legal definitions or principles.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify regarding the allegations set forth in the Complaint.

DEPOSITION TOPIC NO. 4:

Communications with or concerning Mallinckrodt.

SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 4:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad, unduly burdensome, vague and ambiguous. Plaintiff further objects to the extent this Deposition Topic seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity. Plaintiff further objects to this Deposition Topic on the ground that it is vague and ambiguous to the extent that the referenced Communications are not limited to any particular subject matter. Plaintiff further objects to the extent that this Deposition Topic seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case. Plaintiff further objects that this Deposition Topic is not limited to any time period. Plaintiff also objects to the extent this Deposition Topic seeks information already in Defendants' possession, custody, or control.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify regarding Plaintiff's Communications, if any, with Mallinckrodt from May 3, 2016, through the filing of Plaintiff's motion to be appointed as lead plaintiff on September 24, 2019.

DEPOSITION TOPIC NO. 5:

Information Related to Your purchases of, sales of, or transactions in Mallinckrodt securities, including Mallinckrodt common stock.

SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 5:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad and unduly burdensome as it seeks information outside of Plaintiff's possession, custody, and control. Plaintiff further objects to this Deposition Topic on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity. Plaintiff also objects that this Deposition Topic is not limited to any time period. Plaintiff further objects to the extent this Deposition Topic seeks information not in Plaintiff's possession, custody, or control, and/or that are in the possession, custody, or control of third parties, including Plaintiff's investment managers and/or investment consultants. Plaintiff also objects to the term "including" to the extent it is overbroad and is defined as "including but not limited to" and imposes obligations greater than those set forth in Rule 30(b)(6) or other applicable law. Plaintiff further objects to this Deposition Topic to the extent it seeks information about Mallinckrodt securities other than Mallinckrodt common stock because, as Defendants recognized in their First Request for Production of Documents to Plaintiff, dated February 16, 2023, only Mallinckrodt common stock is at issue in this Action.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify about the fact that purchases or sales in Mallinckrodt common stock were made on Plaintiff's behalf between August 2, 2018, to July 24, 2019.

DEPOSITION TOPIC NO. 6:

Information Related to the services performed for You by Mackenzie, including in its capacity as Your investment manager, including Mackenzie's decisions to invest in Mallinckrodt securities, Mackenzie's monitoring of the investment in Mallinckrodt common stock, and Mackenzie's Communications to You Related to Your investment in Mallinckrodt common stock.

SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 6:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad and unduly burdensome as it seeks information outside of Plaintiff's possession, custody, and control.  Plaintiff further objects to this Deposition Topic on the grounds that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity.  Plaintiff also objects that this Deposition Topic is not limited to any time period.  Plaintiff further objects to this Deposition Topic to the extent the information is more appropriately discovered through less burdensome discovery mechanisms, including requests for production of documents or interrogatories or third party discovery.  Plaintiff also objects to the term "including" to the extent it is defined as "including but not limited to" and imposes obligations greater than those set forth in Rule 30(b)(6). Plaintiff also objects to the term "Communication" to the extent this definition is overly broad and imposes obligations beyond those set forth in the Rules.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify regarding Plaintiff's retention of Mackenzie, Plaintiff's operative investment strategy or guidelines between August 2, 2018, to July 24, 2019, and Mackenzie's reports to Plaintiff regarding Mallinckrodt common stock during the Class Period.

DEPOSITION TOPIC NO. 7:

All statements made by Mallinckrodt or Defendants that You contend are false or misleading.

SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 7:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad and unduly burdensome as it seeks information outside of Plaintiff's possession, custody, and control. Plaintiff further objects to this Deposition Topic on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity. Plaintiff also objects that this Topic is not limited to any time period. Plaintiff also objects to this Deposition Topic to the extent that it seeks information already in Defendants' possession, custody or control. Plaintiff also objects to this Deposition Topic as unreasonably cumulative or duplicative. Plaintiff further objects to this Deposition Topic to the extent it calls for a legal conclusion or legal opinion or requires the application of legal definitions or principles.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify regarding the allegations set forth in the Complaint.

DEPOSITION TOPIC NO. 8:

Information Related to Your participation in the Bankruptcy Action, including Your efforts to submit a proof of claim in the Bankruptcy Action on behalf of the putative class in the above-captioned action, object to the Bankruptcy Plan on behalf of the putative class in the above-captioned action, and opt out of any or all aspects of the Bankruptcy Plan.

- 11 -

<u>SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 8</u>:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad and unduly burdensome.  Plaintiff further objects to this Deposition Topic on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity.  Plaintiff further objects to this Deposition Topic to the extent that it seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case.  Plaintiff also objects to this Deposition Topic as not limited to any time period.  Plaintiff further objects to the extent this Deposition Topic seeks information already in Defendants' possession, custody or control. Plaintiff also objects to the term "including" to the extent it is overly broad and is defined as "including but not limited to" and imposes obligations greater than those set forth in Rules 30(b)(6) and other applicable law. Plaintiff also objects to this Deposition Topic to the extent that it seeks information that is available to Defendants through other sources. Plaintiff further objects to this Deposition Topic to the extent it calls for a legal conclusion, legal opinion or requires the application of legal definitions or principles.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify about the fact that Plaintiff submitted a proof of claim in the Bankruptcy Action and objected to the Bankruptcy Plan.

<u>DEPOSITION TOPIC NO. 9</u>:

Information Related to Your role as Lead Plaintiff.

<u>SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 9</u>:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad and unduly burdensome.  Plaintiff further objects to this

Deposition Topic on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity.  Plaintiff objects to the use of the undefined term "role" as lacking sufficient definition to permit a response. Plaintiff further objects to the extent that this Deposition Topic seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case.  Plaintiff also objects that this Deposition Topic is not limited to any time period.  Plaintiff further objects to this Deposition Topic to the extent that it seeks the production of information available to Defendants via alternate means, including means that are less expensive or burdensome.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify regarding the information set forth in Plaintiff's Certification Pursuant to the Federal Securities Laws, dated August 10, 2020. *See* ECF No. 56-1 ("Certification").

DEPOSITION TOPIC NO. 10:

Information Related to Your relationship with Robbins Geller Rudman & Dowd LLP, including but not limited to Your compensation arrangement and Your investment monitoring agreement.

SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 10:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad and unduly burdensome.  Plaintiff further objects to this Deposition Topic on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity.  Plaintiff further objects to the extent that this Deposition Topic seeks information that is not relevant to any party's claim or defense and is disproportionate to the needs of the case.  Plaintiff also objects that this

Deposition Topic is not limited to any time period. Plaintiff further objects to the phrase "including but not limited to" as overbroad and imposes obligations greater than those set forth in Rule 30(b)(6) which requires reasonable particularity.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify regarding the terms of Plaintiff's investment monitoring agreement with, and engagement of, Robbins Geller Rudman & Dowd LLP as relevant to this Action.

DEPOSITION TOPIC NO. 11:

Any damages You claim You have suffered as a result of Defendants' and Mallinckrodt's acts or omissions alleged in Your Complaint.

SPECIFIC OBJECTION TO DEPOSITION TOPIC NO. 11:

In addition to the Responses set forth in Sections I through III, Plaintiff specifically objects to this Deposition Topic as overbroad and unduly burdensome as it seeks information outside of Plaintiff's possession, custody and control and/or that is in the possession, custody, or control of third parties, including Plaintiff's attorneys. Plaintiff further objects to this Deposition Topic on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, protection or immunity. Plaintiff also objects that this Deposition Topic is not limited to any time period. Plaintiff also objects to this Deposition Topic to the extent it seeks information relating to damages, which is subject to expert input, analysis, and testimony at the later stages of this Action. Plaintiff objects to this Deposition Topic insofar as it calls for a legal conclusion, legal opinion, or requires the application of legal definitions or principles. Plaintiff further objects to this Deposition Topic to the extent that it seeks information relating to expert opinions or testimony.

Subject to, and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make a representative available on July 18, 2023, to testify regarding the information contained in Plaintiffs' Certification.

DATED:  July 17, 2023

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD (*pro hac vice*)
MICHAEL G. CAPECI (*pro hac vice*)
AVITAL O. MALINA (*pro hac vice*)
NATALIE C. BONO (*pro hac vice*)


                    */s/ Michael G. Capeci*
                    MICHAEL G. CAPECI

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mcapeci@rgrdlaw.com
amalina@rgrdlaw.com
nbono@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
LINDSEY H. TAYLOR
KEVIN G. COOPER
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com
kcooper@carellabyrne.com

*Local Counsel for Lead Plaintiff*

- 15 -

## CERTIFICATE OF SERVICE

I, Michael G. Capeci, hereby certify that on July 17, 2023, I caused a true and correct copy of the foregoing document to be served on all defense counsel of record by providing them with copies via electronic mail.

*/s/ Michael G. Capeci*
MICHAEL G. CAPECI
