# EXHIBIT K

# In the Matter Of:

## STROUGO vs MALLINCKRODT PUBLIC LTD.

3:20-cv-10100-RK-TJB

## STEVEN P. FEINSTEIN

*July 27, 2023*



800.211.DEPO (3376)
*EsquireSolutions.com*

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - x

BARBARA STROUGO, Individually

and on Behalf of All Others Similarly

Situated,

                     Plaintiff,

    v.                          Civil Action

                         No. 3:20-cv-10100-RK-TJB

MALLINCKRODT PUBLIC LIMITED

COMPANY, et al,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

VIDEOTAPED DEPOSITION

OF STEVEN P. FEINSTEIN

July 27, 2023

9:31 a.m.

Hogan Lovells US, LLP

125 High Street

Boston, Massachusetts

Reporter:  Nancy L. LaCivita



three-page single sentence paragraph and asking him to opine on it.  So we're going to object to this entire line of questioning, and the witness can answer to the best he can.

A.  I have to admit I don't understand the question.

Q.  My question is if the effect of this release is that certain class members may not be entitled and may not have a claim until there is a final adjudication of fraud, does that impact your ability at this point to opine on whether there is a single damages methodology applicable to all members of the class?

MR. CAPECI:  Objection.

A.  Your question is contingent on the "if," but I don't understand what came after if.  I don't understand the contingent scenario.

Q.  So certain members of the class in this instance may have released their claims unless there is a final adjudication of fraud which we don't have here.

So it's a little bit of a chicken and egg.  So I'm wondering if you have a mix of class members some of whom may have opted out and



have claims.  Some of whom who don't have claims.  They failed to opt out.  They've released their claims and some of whom may have claims that are contingent on a final adjudication from the court.

Does that at all impact your class wide and standard methodology?  And if you don't know, that is fine, too.  I'm just asking.

MR. CAPECI:  Objection.

A.  Well, the language I use in my report for my conclusion -- I think to answer your question, one would have to know who is in the class for sure, and that seems to be a legal determination that I'm not able to make.

Oftentimes I use language that says that this damage formula is for those class members that have claims, but it's not my determination as to who has claims.  I mean, based on the legal provisions of what you just read.

I can tell you that the damage formula is common -- as a formula, it would be common for any investor who purchased during the class period whether they are in the class or not for a legal reason, but whether they are in the class or not for legal reasons is beyond my



purview and my understanding, my expertise.

Q.  Does it impact your opinion if the question of -- strike that.

In any of your other reports that you have submitted in class actions, have any of them involved a company that subsequently went into bankruptcy?

A.  Yes.

Q.  In those instances, were there any special considerations that you incorporated into your analyses given the filing of bankruptcy?

A.  Not that I can recall.

Q.  Going back to your report, paragraph 156. You can set the plan aside.

A.  I've oftentimes encountered language in the cases that -- in a complaint that will exclude certain investors because those investors might be defendants or might be insiders to the company, but it's never my decision whether someone is excluded from the class for some reason other than they were not an investor in the stock during the period.

My formula would fit any investor who purchased or acquired securities during the



800.211.DEPO (3376)
EsquireSolutions.com

class period, but it is completely outside the economic analysis whether someone might be excluded from the class for some other reason.

Q. Just based on what you said, so the reason for their exclusion, you're agnostic as to that.

You are calculating damages for folks who are left in the class after the legal determination of who is excluded?

A. That is fair. That is right.

Q. Paragraph 156 of your initial report if you would -- we looked at this previously.

A. Okay.

Q. The very last sentence of that paragraph says, "The out-of-pocket methodology of calculating damages also takes into account to formulate prescriptions in relevant case law and statutes."

Can you identify for me what those case law and statutes are that you're referring here?

A. Sure. So PSLRA 95 was a private securities litigation reform act of 1985 has a limit, a constraint that -- well, for one,

