# EXHIBIT M

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CANADIAN ELEVATOR INDUSTRY PENSION FUND, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>MARK C. TRUDEAU, et al.,<br><br>Defendants. | Civil Action No.:  3:20-10100 (MAS) (TJB) |

**DEFENDANTS' INITIAL DISCLOSURES**
**PURSUANT TO FED R. CIV. P. 26(a)(1)**

Defendants Mark C. Trudeau, Matthew K. Harbaugh, George A. Kegler, Bryan M. Reasons, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, and Mark J. Casey (collectively, "Defendants"), submit these initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) (the "Initial Disclosures").

**RESERVATIONS**

Defendants' Initial Disclosures are made subject to and without limiting any of the following:

1.      Defendants' identification of categories of documents does not constitute a representation or implied representation that any particular document exists within its possession, custody, or control.

2.      These Initial Disclosures are made without waiver of, or prejudice to, any objections or assertions of privilege that Defendants may have of any type or kind.  Defendants expressly reserve all objections and assertions of privilege, including, but not limited to: (a) attorney-client privilege; (b) work-product protection; (c) any other applicable privilege or

1

protection under federal or state law; (d) relevance; (e) undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these Initial Disclosures or the subject matter thereof; (i) producing proprietary and confidential business information, financial data, and trade secrets that belong either to Defendants, Mallinckrodt, or to individuals and entities with whom Mallinckrodt conducts, or has conducted, business without an appropriate confidentiality agreement or protective order; (j) producing documents containing information disclosed or transmitted to any state or federal agency, to the extent such information is confidential and not permitted or required to be disclosed under applicable law; and (k) confidentiality.

3.      Nothing in these Initial Disclosures constitutes a waiver of any claim or defense, whether procedural or substantive, including any claim or defense as to the sufficiency of the Amended Complaint dated August 10, 2020 (ECF No. 56) (the "AC").

4.      Nothing in these Initial Disclosures constitutes an admission or concession on the part of any Defendant with respect to any issues of fact or law.

5.      These Initial Disclosures are made upon information presently known to Defendants.  Defendants have not completed their investigation of this case and reserve their rights to clarify, amend, modify, or supplement the information contained in the Initial Disclosures if and when they obtain supplemental information, to the extent required by the Federal Rules of Civil Procedure or the applicable local rules and practices of the Court.

6.      Defendants reserve their rights to modify the lists below and to identify and call as witnesses additional persons if, during the course of discovery and investigation relating to this case, Defendants learn that such additional persons have knowledge or information that Defendants may use to support their claims or defenses.

7.      Defendants reserve their rights to rely on witnesses or documents or other materials identified in the initial disclosures of any other party to this action.

## RULE 26(a)(1) DISCLOSURES

Rule 26(a)(1)(A)(i) Disclosures

Discovery in this action is ongoing, and there may be individuals who have knowledge and information regarding claims and defenses in this action whose identities may not yet have been ascertained.  Based on information currently available, the following individuals or categories of individuals likely have discoverable information that Defendants may use to support their claims or defenses (unless solely for impeachment).

Defendants do not authorize communication by Plaintiffs, or any other persons, with Mallinckrodt or any employee or former employee of Mallinckrodt, and nothing in these disclosures should be construed to authorize Plaintiffs, or any other persons, to contact any individuals where such contact would violate applicable law, abridge any rule of professional conduct, induce the breach of any contract, or infringe any confidentiality agreement.  Where individuals are noted to be represented by counsel, such individuals should be contacted only through their counsel.

**Plaintiff**

| Entity | Subject(s) | Last Known Contact Information |
|---|---|---|
| Canadian Elevator Industry Pension Trust Fund | Plaintiff's investment strategy; Plaintiff's reliance on public statements | c/o Robbins Geller Rudman & Dowd LLP 58 South Service Road, Suite 200 Melville, NY 11747 |

3

**Current and Former Mallinckrodt Executives and Employees**

| Individual | Subject(s) | Last Known Contact Information |
|---|---|---|
| Diane Bass | Communications with auditors; accounting practices; the Medicaid Drug Rebate Program ("MDRP"); Mallinckrodt's communications with CMS | Mallinckrodt plc c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
| Melvin D. Booth | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's public disclosures; Mallinckrodt's business | c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
| Lynn Buhl | Mallinckrodt's participation in the MDRP; Mallinckrodt government pricing process | |
| Paul R. Carter | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's public disclosures; Mallinckrodt's business | c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
| Mark Casey | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community; communications with CMS | c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
| Melissa Daley | Mallinckrodt's participation in the MDRP; Mallinckrodt government pricing process | |
| Kay Forshee | Mallinckrodt's participation in the MDRP; Mallinckrodt government pricing process; Mallinckrodt's communications with CMS | |
| Matthew Harbaugh | Mallinckrodt's financial performance during the relevant time period; communications with the investor community; acquisition of Questcor | c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
| Mark Huddleston | Mallinckrodt's risk management process | |
| George Kegler | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community; | c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |

4

| | communications with auditors; accounting practices | |
|---|---|---|
| Cole Lannum | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community | c/o Mike Brown<br>WilmerHale<br>60 State Street<br>Boston, MA 01209 |
| Mairi Lough | Mallinckrodt's government pricing process; Mallinckrodt's communications with CMS | |
| Nathan McCutcheon | Mallinckrodt's communications with CMS; sales and financial performance of Acthar | |
| Stephanie Miller | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community | |
| Hugh O'Neill | Acquisition of Questcor; Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community; communications with CMS | |
| Bryan Reasons | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community; communications with auditors; accounting practices | Mallinckrodt plc<br>c/o Hogan Lovells US LLP<br>390 Madison Ave<br>New York, NY 10017 |
| JoAnn A. Reed | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's public disclosures; Mallinckrodt's business | c/o Hogan Lovells US LLP<br>390 Madison Ave<br>New York, NY 10017 |
| Megan Roberts | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community; communications with auditors; accounting practices | Mallinckrodt plc<br>c/o Hogan Lovells US LLP<br>390 Madison Ave<br>New York, NY 10017 |
| Michele Robertson | Mallinckrodt's communications with CMS | |

5

| Angus D. Russell | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's public disclosures; Mallinckrodt's business | c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
|---|---|---|
| Kathleen Schaefer | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community; Mallinckrodt's communications with auditors; accounting practices; communications with CMS | c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
| Dan Speciale | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community | Mallinckrodt plc c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
| Mark Trudeau | Mallinckrodt's financial performance during the relevant time period and communications with the investor community; acquisition of Questcor; communications with CMS | c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
| Mark Tyndall | Mallinckrodt's communications with the investor community; communications with CMS; receipt of civil investigation demands | Mallinckrodt plc c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |

**Non-Party Entities**

| Individual/Entity | Subject(s) | Last Known Contact Information |
|---|---|---|
| Mallinckrodt plc | Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community | c/o Hogan Lovells US LLP 390 Madison Ave New York, NY 10017 |
| Deloitte & Touche LLP | Mallinckrodt's public disclosures; Mallinckrodt's audit process | c/o Lisa Wood Foley Hoag LLP Seaport West 155 Seaport Blvd. Boston, MA 02210-2600 |
| Ernst & Young LLP | Mallinckrodt's internal controls | 1775 Tysons Blvd. Tysons, VA 22102 |

| Individual/Entity | Subject(s) | Last Known Contact Information |
|---|---|---|
| Kekst CNC | Mallinckrodt's communications with the investor community; Mallinckrodt's public statements | 437 Madison Ave., 47th Fl. New York, NY 10022 |
| Centers for Medicare and Medicaid Services | Communications with Mallinckrodt concerning Acthar's base date AMP; Mallinckrodt's participation in the MDRP | 7500 Security Blvd. Baltimore, MD 21244 |
| Department of Health and Human Services | Communications with Mallinckrodt concerning Acthar's base date AMP; Mallinckrodt's participation in the MDRP | 200 Independence Ave., SW Washington, D.C. 20201 |
| Department of Justice | Civil investigative demands issued to Mallinckrodt; investigation and actions against Mallinckrodt | 950 Pennsylvania Ave., NW Washington, D.C. 20530 |

In addition, members of Mallinckrodt's Board of Directors (the "Board") received information regarding several subjects, including: Mallinckrodt's financial performance during the relevant time period; Mallinckrodt's communications with the investor community; Mallinckrodt's communications with CMS; Mallinckrodt's public disclosures. Members of the Audit Committee of the Board also received information regarding additional subjects, including the Company's accounting practices and communications with auditors. Over the course of the putative class period alleged in the AC (the "Class Period"), 9 individuals (other than Mr. Booth, Mr. Carter, Ms. Reed, Mr. Russell, and Mr. Trudeau) served on the Board. These additional Board members who served during the Class Period are: David R. Carlucci, J. Martin Carroll, Diane H. Gulyas, David Y. Norton, Carlos V. Paya, Virgil D. Thompson, Anne C. Whitaker, Kneeland C. Youngblood, M.D., and Joseph A. Zaccagnino. Defendants are not aware of contact information for these additional Board members.

**<u>Rule 26(a)(1)(A)(ii) Disclosure</u>**

Defendants' evaluation of documents relevant to this action and information that they may use to support their claims or defenses is ongoing.  Defendants expressly reserve the right to supplement these Initial Disclosures with additional categories of documents and information. Based upon the information currently available, the documents in Defendants' possession, custody, or control that they currently anticipate may be used to support their claims or defenses, unless solely for impeachment, are documents related to:

| Category | Location |
|---|---|
| Mallinckrodt's financial performance during the relevant time period | Email and hard copy files of each of Defendants. |
| Mallinckrodt's public disclosures during the relevant time period | Email and hard copy files of each of Defendants. |
| Mallinckrodt's accounting practices during the relevant time period | Email and hard copy files of each of Defendants. |
| Mallinckrodt's internal controls during the relevant time period | Email and hard copy files of each of Defendants. |
| Mallinckrodt's corporate governance practices during the relevant time period | Email and hard copy files of each of Defendants. |
| Mallinckrodt's communications with auditors during the relevant time period | Email and hard copy files of each of Defendants. |
| Mallinckrodt's communications with CMS during the relevant time period | Email and hard copy files of each of Defendants. |
| Mallinckrodt's participation in the MDRP during the relevant time period | Email and hard copy files of each of Defendants. |
| Mallinckrodt's acquisition of Questcor | Email and hard copy files of each of Defendants. |
| Mallinckrodt's communications with regulators and other government entities during the relevant time period | Email and hard copy files of each of Defendants. |

In addition, Defendants may also rely on publicly available documents and on documents produced by Plaintiffs, each other, or third parties in this litigation, including Mallinckrodt plc.

**Rule 26(a)(1)(A)(iii) Disclosure**

Defendants are not claiming any damages in this lawsuit, other than reserving the right to seek reimbursement of their costs and attorneys' fees in accordance with 15 U.S.C. § 78u-4(a)(8) and 15 U.S.C. § 78u-4(c)(2) if warranted. Defendants, however, deny that Plaintiffs have suffered any injury or damages based on the allegations in the AC.

**Rule 26(a)(1)(A)(iv) Disclosure**

Defendants will produce to Plaintiffs, under the terms of a Joint Stipulation and Protective Order to be entered by the parties, copies of the insurance agreements under which an insurance business may be liable to satisfy all or part of a judgment that may be entered against Defendants in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Expert Disclosures**

Defendants will disclose any experts they have retained in this matter in accordance with the applicable schedule for designation of experts once a scheduling order has been approved by the Court.

Dated:   New York, New York
         February 9, 2023

HOGAN LOVELLS US LLP

By:   _____

Allison M. Wuertz
allison.wuertz@hoganlovells.com

William M. Regan
william.regan@hoganlovells.com (*pro hac vice* motion forthcoming)

9

390 Madison Avenue
New York, NY 10017
(212) 918-3000 (p)
(212) 918-3100 (f)

*Attorneys for Mark C. Trudeau, Matthew K. Harbaugh, George A. Kegler, Bryan M. Reasons, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, and Mark J. Casey*

10