# EXHIBIT N

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MALLINCKRODT PUBLIC LIMITED COMPANY, *et al.*,<br><br>Defendants. | Civil Action No.:  3:20-10100 (MAS) (TJB) |

**MALLINCKRODT PLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Pursuant to Federal Rule of Civil Procedure 45, non-party Mallinckrodt plc ("Mallinckrodt" or the "Company"), by its undersigned attorneys, hereby responds and objects to Plaintiffs' Subpoena to Testify at a Deposition in a Civil Action, pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Subpoena") served on the Company by Lead Plaintiff Canadian Elevator Industry Pension Trust Fund ("Lead Plaintiff" or "CEIPTF") in the above-captioned matter (the "Action").  The responses and objections set forth herein are based upon the information presently available to Mallinckrodt, and Mallinckrodt expressly reserves the right to modify, supplement, or amend its responses and/or objections should it discover additional information or grounds for further objections.

**GENERAL OBJECTIONS**

Mallinckrodt responds to the Subpoena's Deposition Topic Requests (the "Requests"), including the Definitions and Instructions referenced therein, subject to the below General Objections.  These objections form a part of the overall response to each individual request (each

1

a "Request") and are set forth here to avoid duplication and repetition.  The General Objections may also be specifically referred to in certain forthcoming Requests for purposes of emphasis and clarity.  Failure to make a Specific Objection, however, should not be construed as a waiver of any General Objection.

1.    Mallinckrodt objects to the Subpoena on the ground that Plaintiffs have failed to take reasonable steps to avoid imposing undue burden or expense on Mallinckrodt as required by Rule 45(d)(1) of the Federal Rules of Civil Procedure.  In particular, Mallinckrodt objects to the Subpoena because (a) to date none of the actual parties to the Action have provided any deposition testimony on merits issues, and (b) the Subpoena seeks Rule 30(b)(6) testimony that is likely to be substantially duplicative of testimony obtained from individual party and non-party witnesses in this litigation.  It is Mallinckrodt's position that Plaintiffs should first depose up to 20 individual party and non-party witnesses (twice the presumptive limit provide for Rule 30(a)(1) of the Federal Rules of Civil Procedure) and, if Plaintiffs believe they require additional information after completing those depositions, the parties should at that time meet-and-confer as to the need for additional individual depositions and/or the scope of a Mallinckrodt Rule 30(b)(6) deposition.  In connection with that meet-and-confer process, Mallinckrodt is willing to review the deposition testimony of its current and former directors and employees and, where appropriate, designate portions of that testimony as the Company's Rule 30(b)(6) testimony.

2.    Mallinckrodt objects to the Subpoena on the ground that, contrary to the requirements of Rule 30(b)(6) of the Federal Rules, it seeks information that it known or not reasonably available to Mallinckrodt.  In particular, the Subpoena seeks information on topics and events dating back to 2010 and potentially much earlier in time.  Nearly all of the individuals involved in such events are no longer directors or employees of Mallinckrodt or its affiliates or

acquired entities and, as such, no longer have information that is within Mallinckrodt's possession, custody or control.

3.      Mallinckrodt objects to each Request, and to each Definition and Instruction in the Requests, to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common-interest privilege, the joint defense privilege, or any other applicable law, regulation, privilege, immunity, or discovery protection doctrine.  Inadvertent disclosure of any privileged information or document in response to a Request shall not be deemed a waiver of the applicable protection, and Mallinckrodt reserves the right to recover all copies of any such document(s) inadvertently produced in response to any Request.

4.      These General Objections are given without in any way waiving all rights to object to the Requests or any subsequent requests.  Any agreement to testify as to certain requested deposition topics should not be deemed an admission, indication, or representation as to the existence of relevant information on that topic.

5.      Mallinckrodt reserves the right to assert additional responses and objections to the Subpoena as appropriate and to amend and/or supplement these responses at any time prior to the trial of this action consistent with the Federal Rules of Civil Procedure.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.      Mallinckrodt objects to all Definitions and Instructions to the extent they seek to impose a burden greater than that set forth in Rule 45 of the Federal Rules of Civil Procedure.

2.      Mallinckrodt objects to Instruction No. 1 as overbroad and unduly burdensome to the extent that it requires the Mallinckrodt deponent to have knowledge of "any policies, practices,

and documents associated with the topic," as well as "any employees, personnel, or agents responsible for the policies, practices, and documents associated with the topic."

3.      Mallinckrodt objects to Instruction No. 2 to the extent it purports to require the Mallinckrodt deponent to accurately predict the specific questions that Plaintiffs will ask at a deposition.

4.      Mallinckrodt objects to the definition of "Acthar" as vague, ambiguous, and confusing, such as to render one or more of the Requests unintelligible.

5.      Mallinckrodt objects to the definition of "Auditors" as overbroad and unduly burdensome to the extent that it includes each firm's "subsidiaries, divisions, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, employees, representatives, agents, consultants, and all other persons acting or purporting to act on behalf of [each firm]." Mallinckrodt will interpret the term "Auditors" to mean Deloitte & Touche LLP.

6.      Mallinckrodt objects to the definition of "CMS" as vague, ambiguous, and unduly burdensome in that it purports to require Mallinckrodt to identify any "person, employee, agent, or representative" acting on CMS's behalf.

7.      Mallinckrodt objects to the definition of "FDA" as vague, ambiguous, and unduly burdensome in that it purports to require Mallinckrodt to identify any "person, employee, agent, or representative" acting on FDA's behalf.

8.      Mallinckrodt objects to the definition of "Identify" as overbroad and unduly burdensome to the extent that it requires Mallinckrodt to provide address and employment information for natural persons.

4

9. Mallinckrodt objects to the definition of "Investigation" as vague, ambiguous, and overbroad.

10. Mallinckrodt objects to the definition of "MDRP" as vague, ambiguous, and confusing, such as to render one or more of the Requests unintelligible.

11. Mallinckrodt objects to the definition of "Meeting" or "meetings" as vague, ambiguous, and overbroad.

12. Mallinckrodt objects to the definition of "Questcor" as overbroad and unduly burdensome to the extent that it includes Questcor Pharmaceuticals, Inc.'s "subsidiaries, divisions, subdivisions, affiliates, predecessors, successors (including, but not limited to, Mallinckrodt), joint ventures, present and former officers, directors, employees, representatives, agents, consultants, and all other persons acting or purporting to act on behalf of [each entity]." Mallinckrodt will interpret the term "Questcor" to mean Questcor Pharmaceuticals, Inc.

13. Mallinckrodt objects to the definition of "Type 6 NDA" as argumentative, lacking foundation, and incorporating allegations and assertions that are disputed or erroneous.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

As noted above, Mallinckrodt objects to the Subpoena as a whole for the reasons set forth in the General Objections. The Company provides these topic-by-topic objections solely for completeness and it reserves all available rights and remedies:

**REQUEST FOR DEPOSITION TOPIC NO. 1:**

Mallinckrodt's document retention, maintenance, preservation and destruction policies.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 1:**

Mallinckrodt agrees to testify as to Deposition Topic No. 1.

5

### REQUEST FOR DEPOSITION TOPIC NO. 2:

All steps taken and efforts made by Defendants, on their behalf or at their request, to search for, identify, preserve, restore, collect, review and produce all documents, data compilations (including electronically stored data), and tangible objects that are in the custody and control of Mallinckrodt potentially relating to this Action, the allegations in the Complaint, or that are potentially responsive to Lead Plaintiff's Notice of Subpoena for Production of Documents from Non-Party, dated February 16, 2023.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 2:

Mallinckrodt objects to this Request on the grounds that it is overbroad and unduly burdensome in that it requires Mallinckrodt to be aware of "all steps taken and efforts made by Defendants," including "on behalf or at their request." Mallinckrodt further objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity. Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 2.

### REQUEST FOR DEPOSITION TOPIC NO. 3:

Mallinckrodt's document production(s) in response to any Investigation by any regulatory or government agency, federal or state law enforcement agency, or legislative body or representative, no matter where located, including, but not limited to, the DOJ, FDA, CMS, and the SEC, concerning Acthar's base date AMP, Acthar's participation in the MDRP, and Acthar rebates.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 3:

Mallinckrodt objects to this Request on the grounds that it is overbroad and unduly burdensome. Mallinckrodt further objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity. Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 3.

**REQUEST FOR DEPOSITION TOPIC NO. 4:**

Communications between Mallinckrodt (including, but not limited to, any of the Defendants) and any regulatory or government agency, federal or state law enforcement agency, or legislative body or representative, no matter where located, including, but not limited to, the DOJ, FDA, CMS, and the SEC, concerning Acthar's base date AMP, Acthar's participation in the MDRP, and Acthar rebates.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 4:**

Mallinckrodt objects to this Request on the grounds that it is overbroad and unduly burdensome in that it requires Mallinckrodt to testify as to communications with "any regulatory or government agency, federal or state law enforcement agency, or legislative body or representative, no matter where located" concerning "Acthar's base date AMP, Acthar's participation in the MDRP, and Acthar rebates." Mallinckrodt further objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity. Mallinckrodt agrees to testify as to Deposition Topic No. 4 only with respect to Mallinckrodt's communications with federal regulators concerning Questcor's 2012 application to CMS to "reset" the base date AMP for Acthar, CMS's 2012 approval of that request, and the correspondence between CMS and Mallinckrodt between April 2016 and May 2019 as to whether Mallinckrodt should "revert" to the original base date AMP for Acthar (collectively, the "CMS Matter").

**REQUEST FOR DEPOSITION TOPIC NO. 5:**

Settlements, stipulations or agreements entered into by Mallinckrodt and/or any of the Defendants in response to any Investigation concerning Acthar's base date AMP, Acthar's participation in the MDRP, and Acthar rebates by any regulatory or government agency, federal or state law enforcement agency, or legislative body or representative, no matter where located.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 5:**

Mallinckrodt objects to this Request on the grounds that it is overbroad and unduly burdensome in that it requires Mallinckrodt to testify as to "Acthar rebates by any regulatory or

7

government agency, federal or state law enforcement agency, or legislative body or representative, no matter where located" concerning "Acthar's base date AMP, Acthar's participation in the MDRP, and Acthar rebates." Mallinckrodt further objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity. Subject to these objections, Mallinckrodt agrees to testify as to non-privileged issues concerning Deposition Topic No. 5 to the extent such issues involve the CMS Matter.

**REQUEST FOR DEPOSITION TOPIC NO. 6:**

Mallinckrodt's participation in the MDRP.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 6:**

Mallinckrodt objects to this Request on the ground that it is vague in its use of the undefined term "participation." Mallinckrodt further objects to this Request on the grounds that it is overbroad, unduly burdensome, and irrelevant to the Action. Subject to these objections, Mallinckrodt agrees to testify concerning Deposition Topic No. 6 to the extent such issues involve the CMS Matter.

**REQUEST FOR DEPOSITION TOPIC NO. 7:**

Mallinckrodt's policies, practices, procedures, reports or communications for calculating, evaluating, and/or monitoring Acthar's base date AMP.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 7:**

Mallinckrodt objects to this Request on the grounds that it is overbroad and unduly burdensome. Subject to these objections, Mallinckrodt agrees to testify as to Deposition Topic No. 7 to the extent such issues involve the CMS Matter.

**REQUEST FOR DEPOSITION TOPIC NO. 8:**

The resignation, termination, remand, departure, or retirement of Landolt, Forshee, and any of the Defendants.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 8:**

Mallinckrodt agrees to testify as to Deposition Topic No. 8.

**REQUEST FOR DEPOSITION TOPIC NO. 9:**

The identity and/or description of all regularly scheduled meetings, discussions, conference calls, presentations, trainings, or reviews regarding Acthar's base date AMP.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 9:**

Mallinckrodt objects to this Request on the ground that it is overbroad and unduly burdensome.  Subject to these objections, Mallinckrodt agrees to testify as to Deposition Topic No. 9 to the extent such issues involve the CMS Matter.

**REQUEST FOR DEPOSITION TOPIC NO. 10:**

Mallinckrodt's understanding of the correct base date AMP for Acthar.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 10:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Further, Mallinckrodt is not aware of any non-privileged information concerning Deposition Topic No. 10 other than what has been set forth in written communications between Mallinckrodt and CMS and in public court filings.  Subject to these objections, Mallinckrodt agrees to testify as to Deposition Topic No. 10.

**REQUEST FOR DEPOSITION TOPIC NO. 11:**

Questcor's reset of Acthar's base date AMP.

9

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 11:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Further, Mallinckrodt is not aware of any non-privileged information concerning Deposition Topic No. 11 other than what has been set forth in written communications between Mallinckrodt and CMS and in public court filings.  Subject to these objections, Mallinckrodt agrees to testify as to Deposition Topic No. 11.

**REQUEST FOR DEPOSITION TOPIC NO. 12:**

The identity and/or description of all regularly scheduled meetings, discussions, conference calls, presentations, trainings, or reviews regarding Mallinckrodt's compliance with ASC 450 with respect to Acthar's base date AMP.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 12:**

Mallinckrodt objects to this Request on the ground that it is overbroad and unduly burdensome.  Subject to these objections, Mallinckrodt agrees to testify as to Deposition Topic No. 12 to the extent such issues involve the CMS Matter.

**REQUEST FOR DEPOSITION TOPIC NO. 13:**

The identity and/or description of all regularly scheduled meetings, discussions, conference calls, presentations, trainings, or reviews regarding Mallinckrodt's disclosure policies.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 13:**

Mallinckrodt objects to this Request on the ground that it is vague in its use of the undefined term "disclosure policies."  Mallinckrodt further objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Subject to these objections, Mallinckrodt agrees to testify concerning Deposition Topic No. 13 to the extent such issues involve the CMS Matter..

10

**REQUEST FOR DEPOSITION TOPIC NO. 14:**

Mallinckrodt's revenues and profits from Acthar sales.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 14:**

Mallinckrodt objects to this Request on the ground that it is vague in its use of the undefined terms "revenues" and "profits."  Mallinckrodt further objects to this Request on the grounds that it is overbroad and unduly burdensome.  Subject to these objections, Mallinckrodt agrees to testify concerning Deposition Topic No. 14 to the extent such issues involve the CMS Matter in general and Mallinckrodt's forecast of $1 billion in net revenue for Acthar in 2019 in particular.

**REQUEST FOR DEPOSITION TOPIC NO. 15:**

Mallinckrodt's decision to initiate the CMS Litigation and the events that occurred during the CMS Litigation.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 15:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Further, Mallinckrodt is not aware of any non-privileged information concerning Deposition Topic No. 15 other than what has been set forth in public court filings.  Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 15.

**REQUEST FOR DEPOSITION TOPIC NO. 16:**

Mallinckrodt's decision to settle the CMS Litigation.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 16:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Further, Mallinckrodt is not aware of any non-privileged

11

information concerning Deposition Topic No. 16 other than what has been set forth in public court filings.  Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 16.

### REQUEST FOR DEPOSITION TOPIC NO. 17:

Mallinckrodt's response to the Landolt Litigation and the events that occurred during the Landolt Litigation.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 17:

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Further, Mallinckrodt is not aware of any non-privileged information concerning Deposition Topic No. 17 other than what has been set forth in public court filings.  Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 17.

### REQUEST FOR DEPOSITION TOPIC NO. 18:

Mallinckrodt's decision to settle the Landolt Litigation.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 18:

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Further, Mallinckrodt is not aware of any non-privileged information concerning Deposition Topic No. 18 other than what has been set forth in public court filings.  Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 18.

### REQUEST FOR DEPOSITION TOPIC NO. 19:

The relationship between the CMS Litigation and Mallinckrodt's decision to initiate the Bankruptcy Litigation.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 19:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Subject to these objections, Mallinckrodt agrees to testify concerning Deposition Topic No. 19 to the extent the Company has knowledge as to whether the CMS Matter resulted in a liability that contributed to the Company's decision to file bankruptcy.

**REQUEST FOR DEPOSITION TOPIC NO. 20:**

The terms, effect, intent, design, or purpose of the Release and Injunction from the Bankruptcy Litigation.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 20:**

Mallinckrodt objects to this Request on the ground that it seeks discovery concerning class certification issues after the close of class discovery.  Mallinckrodt further objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity. Further, Mallinckrodt is not aware of any non-privileged information concerning Deposition Topic No. 20 other than what has been set forth in public court filings.  Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 20.

**REQUEST FOR DEPOSITION TOPIC NO. 21:**

The applicability of the Release and Injunction from the Bankruptcy Litigation to this Action.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 21:**

Mallinckrodt objects to this Request on the ground that it seeks discovery concerning class certification issues after the close of class discovery.  Mallinckrodt further objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client

13

privilege, the attorney work product doctrine, or another applicable privilege or immunity. Further, Mallinckrodt is not aware of any non-privileged information concerning Deposition Topic No. 21 other than what has been set forth in public court filings.  Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 21.

### REQUEST FOR DEPOSITION TOPIC NO. 22:

The identity and/or description of all persons involved in Mallinckrodt's efforts to settle, resolve, conclude, mediate, or dispose of the Strunck Litigation.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 22:

Mallinckrodt agrees to testify as to Deposition Topic No. 22.

### REQUEST FOR DEPOSITION TOPIC NO. 23:

The timeline of Mallinckrodt's negotiations with the DOJ to settle the Strunck Litigation.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 23:

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Subject to these objections, Mallinckrodt agrees to testify as to non-privileged issues concerning Deposition Topic No. 23.

### REQUEST FOR DEPOSITION TOPIC NO. 24:

The identity and/or description of all persons involved in the due diligence for the Questcor Acquisition.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 24:

Mallinckrodt agrees to testify as to Deposition Topic No. 24 to the extent such issues involve the CMS Matter.

### REQUEST FOR DEPOSITION TOPIC NO. 25:

The due diligence findings made in connection with the Questcor Acquisition regarding Acthar's base date AMP.

14

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 25:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Subject to these objections, Mallinckrodt agrees to testify as to non-privileged issues concerning Deposition Topic No. 25 to the extent such issues involve the CMS Matter.

**REQUEST FOR DEPOSITION TOPIC NO. 26:**

The sNDA for Acthar to obtain approval to treat infantile spasms.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 26:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning events occurring at Mallinckrodt's predecessor company.  Mallinckrodt is therefore not likely to employ any individual with knowledge of Deposition Topic No. 26, nor is Mallinckrodt likely to have information relevant to Deposition Topic No. 26 within its possession, custody or control, other than the documents that Mallinckrodt has already produced to Plaintiffs in this Action.  Subject to these objections, Mallinckrodt agrees to testify as to Deposition Topic No. 26 to the extent such issues involve the CMS Matter.

**REQUEST FOR DEPOSITION TOPIC NO. 27:**

The Type 6 NDA for Acthar assigned by the FDA.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 27:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning events occurring at Mallinckrodt's predecessor company.  Mallinckrodt is therefore not likely to employ any individual with knowledge of Deposition Topic No. 27, nor is Mallinckrodt likely to have information relevant to Deposition Topic No. 27 within its possession, custody or control,

15

other than the documents that Mallinckrodt has already produced to Plaintiffs in this Action.

Subject to these objections, Mallinckrodt agrees to testify as to Deposition Topic No. 27 to the

extent such issues involve the CMS Matter.

### REQUEST FOR DEPOSITION TOPIC NO. 28:

The identity and/or description of all persons involved in creating Mallinckrodt's fiscal year 2019 financial guidance.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 28:

Mallinckrodt agrees to testify as to Deposition Topic No. 28.

### REQUEST FOR DEPOSITION TOPIC NO. 29:

The identity and/or description of all regularly scheduled meetings, discussions, conference calls, presentations, trainings, or reviews regarding Mallinckrodt's fiscal year 2019 financial guidance.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 29:

Mallinckrodt agrees to testify as to Deposition Topic No. 29.

### REQUEST FOR DEPOSITION TOPIC NO. 30:

Any indemnification given by Mallinckrodt to Defendants for their potential liability in this Action.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 30:

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics

that are protected by the attorney-client privilege, the attorney work product doctrine, or another

applicable privilege or immunity.  Further, Mallinckrodt is not aware of any non-privileged

information concerning Deposition Topic No. 30 other than what has been set forth in public court

filings.  Subject to these objections, Mallinckrodt agrees to testify as to Deposition Topic No. 30.

### REQUEST FOR DEPOSITION TOPIC NO. 31:

Mallinckrodt's ability to satisfy any judgment against Defendants in this Action.

16

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 31:**

Mallinckrodt objects to this Request on the ground that it seeks premature judgment collection discovery. Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 31.

**REQUEST FOR DEPOSITION TOPIC NO. 32:**

The identity and/or description of all persons from Mallinckrodt involved in the SEC Proceeding.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 32:**

Mallinckrodt objects to this Request on the ground that the Company has already produced to Plaintiffs in this Action documents concerning the SEC Proceeding, including all deposition transcripts. Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 32.

**REQUEST FOR DEPOSITION TOPIC NO. 33:**

The factual findings made in the SEC Order.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 33:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity, and because the SEC Order contained an express "no admissions" clause. Subject to these objections, Mallinckrodt agrees to testify as to Deposition Topic No. 33.

**REQUEST FOR DEPOSITION TOPIC NO. 34:**

Mallinckrodt's financial condition at the time of the SEC Order.

17

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 34:**

Mallinckrodt objects to this Request on the ground that it seeks premature judgment collection discovery.  Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 34.

**REQUEST FOR DEPOSITION TOPIC NO. 35:**

Mallinckrodt's efforts to comply with the undertakings described in the SEC Order.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 35:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning events that are not relevant to the Action, and because Mallinckrodt is currently in the process of complying with the undertakings described in the SEC Order. Mallinckrodt therefore does not agree to testify as to Deposition Topic No. 35.

**REQUEST FOR DEPOSITION TOPIC NO. 36:**

The August 2019 Earnings Announcement and the reaction of the market, investors, and analysts.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 36:**

Mallinckrodt agrees to testify as to Deposition Topic No. 36.

**REQUEST FOR DEPOSITION TOPIC NO. 37:**

The CMS Litigation Announcements and the reaction of the market, investors, and analysts.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 37:**

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity.  Subject to these objections, Mallinckrodt agrees to testify as to non-privileged issues concerning Deposition Topic No. 37.

18

### REQUEST FOR DEPOSITION TOPIC NO. 38:

The CNN Article and the Mallinckrodt Response and the reaction of the market, investors, and analysts.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 38:

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity. Subject to these objections, Mallinckrodt agrees to testify as to non-privileged issues concerning Deposition Topic No. 38.

### REQUEST FOR DEPOSITION TOPIC NO. 39:

The DOJ Release and the reaction of the market, investors, and analysts.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 39:

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity. Subject to these objections, Mallinckrodt agrees to testify as to non-privileged issues concerning Deposition Topic No. 39.

### REQUEST FOR DEPOSITION TOPIC NO. 40:

The Summary Judgment Decision Announcement and the reaction of the market, investors, and analysts.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 40:

Mallinckrodt objects to this Request on the ground that it seeks testimony concerning topics that are protected by the attorney-client privilege, the attorney work product doctrine, or another applicable privilege or immunity. Subject to these objections, Mallinckrodt agrees to testify as to non-privileged issues concerning Deposition Topic No. 40.

Dated:    New York, New York
          January 19, 2024

                                        **HOGAN LOVELLS US LLP**

                                        By:  /s/ *Allison M. Wuertz*

                                        Allison M. Wuertz
                                        allison.wuertz@hoganlovells.com

                                        William M. Regan
                                        william.regan@hoganlovells.com (*pro hac vice*
                                        motion forthcoming)

                                        390 Madison Avenue
                                        New York, NY 10017
                                        (212) 918-3000 (p)
                                        (212) 918-3100 (f)

                                        *Attorneys for Mark C. Trudeau, Matthew K. Harbaugh, George A. Kegler, Bryan M. Reasons, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, Mark J. Casey, and non-parties Mallinckrodt, Michael Mulroy, and Don M. Bailey*

20