CARELLA, BYRNE, CECCHI,
   BRODY & AGNELLO, P.C.
JAMES E. CECCHI
KEVIN G. COOPER
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

Local Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) No. 3:20-cv-10100-RK (TJB) |
| Plaintiff, | ) ) CLASS ACTION |
| vs. | ) ) [PROPOSED] ORDER ) PRELIMINARILY APPROVING ) SETTLEMENT AND PROVIDING |
| MALLINCKRODT PUBLIC LIMITED COMPANY, et al., | ) SETTLEMENT AND PROVIDING ) FOR NOTICE ) |
| Defendants. | ) ) |

WHEREAS, an action is pending before this Court entitled *Strougo v. Mallinckrodt Public Limited Company, et al.*, No. 3:20-cv-10100-RK (TJB) (D.N.J.) (the "Litigation");

WHEREAS, Lead Plaintiff Canadian Elevator Industry Pension Trust Fund and named plaintiff City of Sunrise Police Officers' Retirement Plan having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated September 18, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule

23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, this Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Mallinckrodt plc ("Mallinckrodt") common stock between May 3, 2016, and March 13, 2020, inclusive. Excluded from the Class are: (1) the Individual Defendants; (2) any directors and officers of Mallinckrodt during the Class Period and members of their immediate families and their legal representatives, heirs, successors, or assigns, and (3) any entity in which any Individual Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion. To the extent any Mallinckrodt employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any Person who is excluded from the Class by definition.

3.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of

the Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Canadian Elevator Industry Pension Trust Fund and named plaintiff City of Sunrise Police Officers' Retirement Plan are preliminarily certified as Class Representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP is preliminarily certified as Class Counsel.

5.      The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) being fair, reasonable, and adequate to the Class; and (v) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2024, at ____ __.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, N.J.

08608, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.13 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Plaintiffs; and (e) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

7. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶9 of this Order, meet the requirements of Federal

Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by the Individual Defendants, and the costs associated with providing the record holder information required pursuant to ¶9(a) of this Order, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

9.      The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a)      Not later than ten (10) calendar days after entry by this Court of this Order, the Individual Defendants shall use their best efforts to provide or cause to be provided to the Claims Administrator, at no cost to Plaintiffs or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Mallinckrodt common stock during the Class Period, as set forth in the records of Mallinckrodt's transfer agent;

(b)    Not later than twenty-one (21) calendar days after entry by this Court of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where an email is unavailable) to all potential Class Members at the addresses set forth in the records provided by the Individual Defendants, or who otherwise can be identified with reasonable effort and shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed to nominees and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.MallinckrodtSecuritiesSettlement.com.    For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(c)    Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d)    Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Individual Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.    Nominees who purchased or otherwise acquired Mallinckrodt common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses,

and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11.    Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

12.    Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be mailed[1] or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to

---

[1]    Claims, requests for exclusion, objections, and other correspondence that are legibly postmarked will be treated as received on the postmark date. The documents providing notice shall advise Class Members that the U.S. Postal Service may not postmark mail which is not presented in person.

and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

13.    Any Class Member may enter an appearance in the Litigation, at his, her, its, or their own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14.    Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth herein. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked or received no later than twenty-one (21) calendar days prior to the Settlement Hearing. A Request for Exclusion must provide: (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of shares of Mallinckrodt common stock purchased or otherwise acquired and sold during the Class Period and the price paid for each such purchase or acquisition and received for each such sale; and (iii) a

statement that the Person wishes to be excluded from the Class, signed by the person or entity requesting exclusion or an authorized representative. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Mallinckrodt common stock during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in this paragraph shall be: (i) deemed to have waived his, her, its, or their right to be excluded from the Class; (ii) barred from requesting exclusion from the Class; (iii) bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (iv) barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Proofs of Claim may be accepted for processing as set forth in ¶12. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms

of the Settlement or any orders or judgments in the Litigation and shall not receive any payment out of the Net Settlement Fund.

15.    Lead Counsel or the Claims Administrator shall cause to be provided to the Individual Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

16.    Any Class Member who or which does not request exclusion from the Class may file a written objection to the Settlement and show cause why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why the requested amount of attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or to Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before twenty-one (21) calendar days prior to the Settlement Hearing, by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; and Hogan Lovells US LLP, Attn: Allison M. Wuertz, 390 Madison Avenue, New York, NY 10017, and filed said objections, papers, and briefs with the Clerk of the United

States District Court for the District of New Jersey, on or before twenty-one (21) calendar days prior to the Settlement Hearing. Any Class Member who does not make his, her, its, or their objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the request for attorneys' fees and expenses to Plaintiffs' Counsel or expenses of Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses to Plaintiffs' Counsel or Plaintiffs are required to indicate in their written objection their intention to appear at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

17.    Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to

the entire Class; (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, other acquisitions, and sales of Mallinckrodt common stock during the Class Period, including the dates and the number of shares purchased, acquired, or sold, and the price paid or received for each such purchase, acquisition, or sale; and (iv) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected.

18.    Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

19.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys'

fees and expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing.  Replies to any objections shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.    Neither the Released Defendant Parties nor the Individual Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

22.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

23.    All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall

have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.12 or 2.14 of the Stipulation.

24.     The contents of the Settlement Fund held by Robbins Geller Rudman & Dowd LLP (which the Court approves as the Escrow Agent), shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26.     Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (i) shall be offered against any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead

Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Litigation or in any other action, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) shall be offered against any of the Releasing Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiff Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (iii) shall be construed against any of the Releasing Plaintiff Parties or Released Defendant Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees

and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.  The Released Defendant Parties, Plaintiffs, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27.    If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of June 7, 2024.

28.    Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties.  Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant

Parties, any action or proceeding in any court or tribunal asserting any of the Released

Plaintiffs' Claims.

      IT IS SO ORDERED.

DATED: _____      _____

                                  THE HONORABLE ROBERT KIRSCH
                                  UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
KEVIN G. COOPER
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

Local Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:20-cv-10100-RK (TJB) |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | NOTICE OF PENDENCY AND |
| | ) | PROPOSED SETTLEMENT OF |
| vs. | ) | CLASS ACTION |
| MALLINCKRODT PUBLIC LIMITED COMPANY, et al., | ) ) | EXHIBIT 1 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED MALLINCKRODT PLC ("MALLINCKRODT" OR THE "COMPANY") COMMON STOCK BETWEEN MAY 3, 2016, AND MARCH 13, 2020, INCLUSIVE (THE "CLASS PERIOD")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.MALLINCKRODTSECURITIESSETTLEMENT.COM) ON OR BEFORE _____, 2024.**[1]

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Canadian Elevator Industry Pension Trust Fund and City of Sunrise Police Officers' Retirement Plan ("Plaintiffs") and Mark C. Trudeau, Bryan M. Reasons, George A. Kegler, Matthew K. Harbaugh, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, and Mark J. Casey ("Individual Defendants")[2]; (ii) the proposed $46 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated September 18, 2024 (the "Stipulation"), by and between Plaintiffs and the Individual Defendants (the "Settling

---

[1]   Claims, requests for exclusion, objections, and other correspondence that are legibly postmarked will be treated as received on the postmark date. Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

[2]   On October 12, 2020, Mallinckrodt filed a Chapter 11 bankruptcy petition, and as a result of the discharge obtained therein, is no longer a defendant in the Litigation.

Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[3]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Individual Defendants or the merits of the claims or defenses asserted by or against the Individual Defendants. This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before _____, 2024.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Individual Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that the Individual Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked or received on or before _____, 2024.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* on or before _____, 2024. If you submit a written objection, you may (but do not have to) attend the Settlement** |

---

[3]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.MallinckrodtSecuritiesSettlement.com.

| | Hearing. |
|---|---|
| **GO TO THE SETTLEMENT HEARING ON _____, 2024** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before _____, 2024.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Individual Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $46 million cash settlement fund has been established.  Based on Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of Mallinckrodt common stock under the Plan of Allocation is approximately $0.23, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim.  An individual Class Member may receive more or less than this estimated average distribution amount.  *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged.  The Individual Defendants deny that they are liable to the Class and deny that the Class has suffered any damages.  The issues on which the Settling Parties disagree are many, but include: (1) whether the Individual Defendants engaged

- 3 -

in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether the Individual Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Mallinckrodt common stock was allegedly artificially inflated (if at all) during the relevant period; and (4) the amount, if any, by which the price of Mallinckrodt common stock was allegedly artificially inflated (if at all) during the relevant period.

## Statement of Attorneys' Fees and Expenses Sought

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed one-third of the Settlement Amount, plus expenses not to exceed $1.5 million, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Mallinckrodt common share will be approximately $0.08. In addition, Plaintiffs may each seek an award not to exceed $10,000 in connection with their representation of the Class.

## Further Information

For further information regarding the Litigation, this Notice, or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 888-726-1568, or visit the website www.MallinckrodtSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.

## Please Do Not Call the Court or the Individual Defendants with Questions About the Settlement.

## Reasons for the Settlement

Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future.

For the Individual Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation.  The Individual Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

### 1.      What is the purpose of this Notice?

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement.  Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of New Jersey (the "Court"), and the case is known as *Strougo v. Mallinckrodt Public Limited Company, et al.*, No. 3:20-cv-10100-RK (TJB).  The case has been assigned to the Honorable Robert Kirsch.  The entities representing the Class are the "Plaintiffs," and the individuals they sued and who have now settled are called the "Individual Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

### 2.      What is this lawsuit about?

The initial complaint in the Litigation was filed in the United States District Court for the Southern District of New York (the "New York Court") on July 26, 2019.  On June 25, 2020, the New York Court appointed Canadian Elevator as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.  On July 30, 2020, the New York Court transferred the Litigation to the Court.

- 5 -

On August 10, 2020, Lead Plaintiff filed the Amended Complaint and Demand for Jury Trial ("Complaint") alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). On October 1, 2020, the Individual Defendants and Mallinckrodt moved to dismiss the Complaint. Mallinckrodt filed for Chapter 11 bankruptcy protection on October 12, 2020. Lead Plaintiff filed its opposition to the motion to dismiss on November 16, 2020.

On November 23, 2020, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") issued a temporary nine-month stay of the Litigation. On December 10, 2020, the Court adopted the Bankruptcy Court stay and vacated the motion to dismiss. Lead Plaintiff moved the Bankruptcy Court to reconsider the temporary stay; the Bankruptcy Court denied the motion for reconsideration on January 27, 2021.

On September 1, 2021, Lead Plaintiff filed an objection to the releases contained in Mallinckrodt's bankruptcy plan, and Mallinckrodt and the other debtors responded to Lead Plaintiff's objection. Lead Plaintiff filed a reply in support of its objection on December 21, 2021, and on March 2, 2022, the Bankruptcy Court approved the proposed bankruptcy plan. On March 17, 2022, the debtors allowed the Bankruptcy Court's injunction to be modified to permit this Litigation to continue while the bankruptcy approval process continued.

On April 19, 2022, the Litigation was transferred to the Hon. Michael A. Shipp. On May 2, 2022, the Individual Defendants filed their reply in support of their motion to dismiss. On December 14, 2022, Mallinckrodt was voluntarily dismissed from the Litigation without prejudice due to the discharge Mallinckrodt obtained from the Bankruptcy Court. On December 16, 2022, Judge Shipp denied the motion to dismiss in part and granted it in part. The Individual Defendants answered the Complaint on January 17, 2023.

On February 9, 2023, Lead Plaintiff and the Individual Defendants served their Initial Disclosures, and on February 16, 2023, Lead Plaintiff and the Individual Defendants served each other with discovery requests. Responses and objections were served on March 17, 2023.

On May 15, 2023, the Litigation was reassigned to Judge Kirsch.

On July 18, 2023, the Individual Defendants took the deposition of Greg Manion on behalf of Lead Plaintiff. On August 7, 2023, the Court granted Sunrise's motion to intervene and appointed it as a named plaintiff. On August 10, 2023, Plaintiffs served their motion for class certification, and on August 9, 2023, class

certification discovery concluded, except for the deposition of David Williams on behalf of named plaintiff Sunrise, which took place on August 17, 2023. On October 10, 2023, the Individual Defendants served their opposition to the class certification motion.

On December 12, 2023, document discovery concluded.

On March 7, 2024, the Court granted the parties' request to temporarily stay the Litigation pending the outcome of mediation.

Plaintiffs and the Individual Defendants participated in a voluntary confidential mediation session with David M. Murphy (of Phillips ADR), an experienced mediator, on March 21, 2024. The mediation session was preceded by the submission and exchange of mediation statements by both Plaintiffs and the Individual Defendants (the "Settling Parties"). The Settling Parties engaged in good-faith negotiations but did not reach a settlement at the mediation session. The Settling Parties participated in a second mediation session with Mr. Murphy on May 23, 2024. The Settling Parties engaged in good-faith negotiations but did not reach an agreement at the second mediation session, and following additional settlement discussions, on June 7, 2024, the Settling Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $46 million to be paid by the Individual Defendants and/or their insurers on behalf of the Individual Defendants for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) has been duly executed by the Settling Parties and reflects the final and binding agreement among the Settling Parties.

The Individual Defendants deny each and all of the claims and contentions of wrongdoing alleged by Plaintiffs in the Litigation. The Individual Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required by the federal securities laws, and that they at all times acted in good faith. The Individual Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any false or misleading statements by them and/or were caused by intervening events, and they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

## 3.    Why is there a settlement?

The Court has not decided in favor of the Individual Defendants or Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of

4854-8592-5838.v2

further litigation, and Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against the Individual Defendants, neither Plaintiffs nor the other members of the Class would recover anything from the Individual Defendants. Also, if the Individual Defendants were to prevail in proving any of their defenses at summary judgment, trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

| **4.** | **How do I know if I am a Member of the Class?** |
|---|---|

The Court directed that everyone who fits this description is a Class Member: All Persons who purchased or otherwise acquired Mallinckrodt common stock between May 3, 2016, and March 13, 2020, inclusive. Excluded from the Class are: (1) the Individual Defendants; (2) any directors and officers of Mallinckrodt during the Class Period and members of their immediate families and their legal representatives, heirs, successors, or assigns; and (3) any entity in which any Individual Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion. To the extent any Mallinckrodt employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any Person who is excluded from the Class by definition.

**Please Note**:  Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2024.

| **5.** | **What if I am still not sure if l am included in the Class?** |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at 888-726-1568, or you can fill out and return the Proof of Claim to see if you qualify.

4854-8592-5838.v2

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, the Individual Defendants and/or their insurance carriers on behalf of the Individual Defendants have agreed to pay or cause to be paid $46 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.MallinckrodtSecuritiesSettlement.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail it to the Claims Administrator at the address provided in the Proof of Claim or submit it online so that it is postmarked or received no later than _____, 2024**.

| 9. | When will I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2024, at _____ _.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

4854-8592-5838.v2

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against the Individual Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, foreseen or unforeseen, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, at law or in equity, whether direct representative, class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase or acquisition of Mallinckrodt common stock during the period between May 3, 2016, and March 13, 2020, inclusive, and (ii) the allegations, acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Plaintiffs and other Members of the Class in the Litigation. "Released Plaintiffs' Claims" does not include claims to enforce the Settlement, or any derivative or ERISA claims, or the claims of any Person who submits a request for exclusion from the Class in connection with this Settlement that is accepted by the Court.  "Released Plaintiffs' Claims" includes "Unknown Claims" as defined below.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Plaintiffs, Plaintiffs' Counsel, or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Individual Defendants or Mallinckrodt in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of the Individual

4854-8592-5838.v2

Defendants and/or Mallinckrodt, and/or any or all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' and/or Mallinckrodt's immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Individual Defendants is the settlor or which is for the benefit of any of the Individual Defendants and/or member(s) of his or her family, and any person, firm, trust, corporation, officer, director or other individual or entity in which any of the Individual Defendants and/or Mallinckrodt has a controlling interest or which is related to or affiliated with any of the Individual Defendants and/or Mallinckrodt.

- "Unknown Claims" means (a) any and all Released Plaintiffs' Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the

- 11 -

Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and

- 12 -

released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Individual Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, the Individual Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| **11.    How do I get out of the Class and the proposed Settlement?** |
|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Mallinckrodt Securities Settlement*." Your letter must include your purchases or other acquisitions of Mallinckrodt common stock during the Class Period, including the dates and number of shares of Mallinckrodt common stock purchased, acquired, or sold, and the price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone

- 13 -

number, and your signature.  You must mail your exclusion request so that it is **postmarked or received no later than _____, 2024** to:

*Mallinckrodt Securities Settlement*
Claims Administrator
c/o Gilardi – a Verita Company
EXCLUSIONS
P.O. Box 5100
Larkspur, CA  94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Individual Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

| 12. | **If I do not exclude myself, can I sue the Individual Defendants and the other Released Defendant Parties for the same thing later?** |
|---|---|

No.  Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue the Individual Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2024.

| 13. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement.  But you may have the right to potentially sue or be part of a different lawsuit against the Individual Defendants and/or the Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you.  These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

- 14 -

| 15.    How will the lawyers be paid? |
|---|

Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $1.5 million in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Plaintiffs may seek reimbursement for their time and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16.    How do I tell the Court that I object to the proposed Settlement? |
|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Mallinckrodt Securities Settlement*.  Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares of Mallinckrodt common stock purchased, acquired, or sold during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected.  You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of Mallinckrodt common stock during the Class Period.  Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received* no later than _____, 2024:**

| COURT | LEAD COUNSEL | INDIVIDUAL DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY Clarkson S. Fisher Building & U.S. Courthouse 402 East State Street Trenton, NJ 08608 | ROBBINS GELLER RUDMAN & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA 92101 | HOGAN LOVELLS US LLP Attn: Allison M. Wuertz 390 Madison Avenue New York, NY 10017 |

## 17. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Individual Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

## 18. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Settlement Hearing at _____ .m., on _____, 2024, in the Courtroom of the Honorable Robert Kirsch, at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how

- 16 -

long these decisions will take.  You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class.  **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.MallinckrodtSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing.  Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website.  Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website**.  Accordingly, please continue to check the Settlement website for important updates.

---

**19.    Do I have to come to the hearing?**

No.  Lead Counsel will answer any questions the Court may have.  But you are welcome to come at your own expense.  If you are a Class Member and send an objection, you do not have to come to Court to talk about it.  As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it.  You may also pay your own lawyer to attend the hearing, but it is not necessary.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

---

**20.    May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Mallinckrodt Securities Settlement*."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.

- 17 -

Your notice of intention to appear must be ***received* no later than _____, 2024**, and addressed to the Clerk of Court, Lead Counsel, and Individual Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Individual Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 888-726-1568 or by email at info@MallinckrodtSecuritiesSettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.MallinckrodtSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of New Jersey, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

| 23. | How will my claim be calculated? |
|---|---|

As discussed above, the Settlement provides $46 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to

- 18 -

eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.MallinckrodtSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan is not a formal damages analysis, and the calculations made in accordance with the Plan are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in consultation with Plaintiffs' damages expert. In developing the Plan, the expert calculated the estimated amount of alleged artificial inflation in the price of Mallinckrodt common stock that was allegedly proximately caused by the Individual Defendants' alleged materially false and misleading statements and omissions the Court previously found to be actionable.

In calculating the estimated artificial inflation allegedly caused by the misrepresentations and omissions, Plaintiffs' damages expert considered price changes in Mallinckrodt common stock in reaction to the public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud related, Mallinckrodt-specific information.

In order to have recoverable damages in connection with purchases and/or acquisitions of Mallinckrodt common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Mallinckrodt common stock. In this case, Plaintiffs allege that the Individual Defendants made false statements and omitted material facts during the period from May 3, 2016, through and including the close of trading on March 13, 2020, which

- 19 -

had the effect of artificially inflating the prices of Mallinckrodt common stock. As a result of the alleged corrective disclosures, artificial inflation was removed from the price of Mallinckrodt stock on April 30, 2019, May 21, 2019, August 6, 2019, March 3, 2020, and March 16, 2020.[4]

In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Mallinckrodt common stock must have been purchased or otherwise acquired during the Class Period and held through at least one corrective disclosure.

The Plan of Allocation is not a formal damage analysis. The Recognized Loss Amount is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount the Class Member will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90-day look-back amount of $2.83 per share of Mallinckrodt stock.[5]

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

Based on the formula stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of Mallinckrodt common stock during the Class Period that is listed on the Proof of Claim and for which adequate

---

[4]    Any transactions in Mallinckrodt common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[5]    "In any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with §28(D)(e)(1) of the Securities Exchange Act of 1934, Recognized Loss Amounts for Mallinckrodt stock are reduced to an appropriate extent by taking into account the closing prices of Mallinckrodt stock during the 90-day look-back period. The mean (average) closing price for Mallinckrodt stock during this 90-day look-back period was $2.83 per share as shown in Table 2.

4854-8592-5838.v2

documentation is provided.  If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

For each share of Mallinckrodt common stock purchased or otherwise acquired during the period from May 3, 2016, through March 13, 2020, inclusive, and:

(a)    sold prior to April 30, 2019, the Recognized Loss Amount will be $0.00;

(b)    sold from April 30, 2019 through March 13, 2020, inclusive, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)    sold from March 16, 2020 through and including the close of trading on June 12, 2020, the Recognized Loss Amount will be ***the least of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between March 16, 2020 and the date of sale as stated in Table 2 below;

(d)    held as of the close of trading on June 12, 2020, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $2.83, the average closing price for Mallinckrodt common stock between March 16, 2020 and June 12, 2020 (the last entry in Table 2 below).

If a Class Member held Mallinckrodt common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of Mallinckrodt common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Claim Amount is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method.  Under the FIFO method, Mallinckrodt common stock sold during the Class Period will be matched, in chronological order first against Mallinckrodt common stock held at the beginning of the Class Period.  The remaining sales of Mallinckrodt common stock during the Class Period will then be matched, in chronological order against Mallinckrodt common stock purchased or acquired during the Class Period.

Purchases or acquisitions and sales of Mallinckrodt common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Mallinckrodt common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Mallinckrodt common stock for the calculation of a

- 21 -

Recognized Claim Amount, unless (i) the donor or decedent purchased or otherwise acquired such shares of Mallinckrodt common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Mallinckrodt common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Claim Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of the Recognized Claim Amounts of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim Amount divided by the total of the Recognized Claim Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose *pro rata* share of the Net Settlement Fund is $10.00 or greater.

If a claimant had a market gain with respect to their overall transactions in Mallinckrodt common stock during the Class Period, the value of the claimant's Recognized Claim Amount will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in Mallinckrodt common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim Amount calculated above, then the claimant's Recognized Claim Amount will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to his, her, or its overall transactions in Mallinckrodt common stock during the Class Period, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and Holding Value.[8]

---

[6]  The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Mallinckrodt common stock purchased or acquired during the Class Period.

[7]  The Claims Administrator will match any sales of Mallinckrodt common stock from the start of the Class Period through and including the close of trading on March 13, 2020, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request for review.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  The Individual Defendants, their counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Plaintiffs' Counsel, the Individual Defendants, or the Individual Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

---

of Mallinckrodt common stock sold from the start of the Class Period through and including the close of trading on March 13, 2020, will be the "Total Sales Proceeds."

[8]    The Claims Administrator will ascribe a "Holding Value" equal to $1.80 for each share of Mallinckrodt common stock purchased or acquired during the Class Period and still held as of the close of trading on March 13, 2020.

- 23 -

## TABLE 1

### Decline in Inflation Per Share of Mallinckrodt Common Stock by Date of Purchase and Date of Sale

| Purchase Date | Sale Date | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 5/3/2016 - 2/25/2019 | 2/26/2019 - 4/29/2019 | 4/30/2019 - 5/6/2019 | 5/7/2019 - 5/20/2019 | 5/21/2019 - 8/5/2019 | 8/6/2019 - 3/2/2020 | 3/3/2020 - 3/13/2020 | Sold on or Retained Beyond 3/16/2020 |
| 5/3/2016 - 2/25/2019 | $0.00 | $0.00 | $0.00 | $0.00 | $3.25 | $3.25 | $4.16 | $5.32 |
| 2/26/2019 - 4/29/2019 | | $0.00 | $2.97 | $2.97 | $6.22 | $6.22 | $7.13 | $8.29 |
| 4/30/2019 - 5/6/2019 | | | $0.00 | $0.00 | $3.25 | $3.25 | $4.16 | $5.32 |
| 5/7/2019 - 5/20/2019 | | | | $0.00 | $3.25 | $4.11 | $5.02 | $6.18 |
| 5/21/2019 - 8/5/2019 | | | | | $0.00 | $0.86 | $1.77 | $2.93 |
| 8/6/2019 - 3/2/2020 | | | | | | $0.00 | $0.91 | $2.07 |
| 3/3/2020 - 3/13/2020 | | | | | | | $0.00 | $1.16 |
| Purchased on or Beyond 3/16/2020 | | | | | | | | $0.00 |

- 24 -

**TABLE 2**

**Mallinckrodt Stock Closing Prices and Average Closing Prices**

| Date | Closing Price | Average Closing Price Between March 16, 2020 and Date Shown | Date | Closing Price | Average Closing Price Between March 16, 2020 and Date Shown |
|---|---|---|---|---|---|
| 3/16/2020 | $1.80 | $1.80 | 4/30/2020 | $4.06 | $2.67 |
| 3/17/2020 | $1.69 | $1.75 | 5/1/2020 | $3.33 | $2.69 |
| 3/18/2020 | $1.08 | $1.52 | 5/4/2020 | $3.30 | $2.71 |
| 3/19/2020 | $1.25 | $1.46 | 5/5/2020 | $2.81 | $2.71 |
| 3/20/2020 | $1.58 | $1.48 | 5/6/2020 | $2.94 | $2.72 |
| 3/23/2020 | $1.80 | $1.53 | 5/7/2020 | $3.17 | $2.73 |
| 3/24/2020 | $1.98 | $1.60 | 5/8/2020 | $3.05 | $2.74 |
| 3/25/2020 | $2.13 | $1.66 | 5/11/2020 | $3.00 | $2.75 |
| 3/26/2020 | $2.32 | $1.74 | 5/12/2020 | $2.98 | $2.75 |
| 3/27/2020 | $2.23 | $1.79 | 5/13/2020 | $2.96 | $2.76 |
| 3/30/2020 | $2.25 | $1.83 | 5/14/2020 | $2.96 | $2.76 |
| 3/31/2020 | $1.98 | $1.84 | 5/15/2020 | $3.13 | $2.77 |
| 4/1/2020 | $1.93 | $1.85 | 5/18/2020 | $3.35 | $2.78 |
| 4/2/2020 | $1.80 | $1.84 | 5/19/2020 | $3.22 | $2.79 |
| 4/3/2020 | $1.70 | $1.83 | 5/20/2020 | $3.35 | $2.80 |
| 4/6/2020 | $1.79 | $1.83 | 5/21/2020 | $3.38 | $2.82 |
| 4/7/2020 | $2.09 | $1.85 | 5/22/2020 | $3.37 | $2.83 |
| 4/8/2020 | $2.87 | $1.90 | 5/26/2020 | $3.35 | $2.84 |
| 4/9/2020 | $3.66 | $2.00 | 5/27/2020 | $3.03 | $2.84 |
| 4/13/2020 | $3.73 | $2.08 | 5/28/2020 | $2.89 | $2.84 |
| 4/14/2020 | $3.93 | $2.17 | 5/29/2020 | $2.82 | $2.84 |
| 4/15/2020 | $3.57 | $2.23 | 6/1/2020 | $2.91 | $2.84 |
| 4/16/2020 | $3.36 | $2.28 | 6/2/2020 | $2.79 | $2.84 |
| 4/17/2020 | $3.41 | $2.33 | 6/3/2020 | $2.77 | $2.84 |
| 4/20/2020 | $3.47 | $2.38 | 6/4/2020 | $2.81 | $2.84 |
| 4/21/2020 | $3.05 | $2.40 | 6/5/2020 | $2.82 | $2.84 |
| 4/22/2020 | $3.48 | $2.44 | 6/8/2020 | $2.95 | $2.84 |
| 4/23/2020 | $3.46 | $2.48 | 6/9/2020 | $3.00 | $2.84 |
| 4/24/2020 | $3.56 | $2.52 | 6/10/2020 | $2.80 | $2.84 |
| 4/27/2020 | $3.66 | $2.55 | 6/11/2020 | $2.54 | $2.84 |
| 4/28/2020 | $3.66 | $2.59 | 6/12/2020 | $2.50 | $2.83 |
| 4/29/2020 | $3.88 | $2.63 | | | |

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired Mallinckrodt common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of this Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of this Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free 888-726-1568, and may be downloaded from the Settlement website, www.MallinckrodtSecuritiesSettlement.com.  All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com or:

*Mallinckrodt Securities Settlement*
Claims Administrator
c/o Gilardi – a Verita Company
P.O. Box 301135
Los Angeles, CA  90030-1135
www.MallinckrodtSecuritiesSettlement.com

- 26 -

DATED: _____     _____
                            BY ORDER OF THE COURT
                            UNITED STATES DISTRICT COURT
                            DISTRICT OF NEW JERSEY

# EXHIBIT 2

CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
KEVIN G. COOPER
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

Local Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, )<br>)<br>) | No. 3:20-cv-10100-RK (TJB) |
| ) | |
| Plaintiff, )<br>) | CLASS ACTION |
| ) | |
| vs. )<br>) | PROOF OF CLAIM AND RELEASE |
| ) | |
| MALLINCKRODT PUBLIC LIMITED )<br>COMPANY, et al., )<br>) | EXHIBIT 2 |
| ) | |
| Defendants. )<br>) | |

## I.     GENERAL INSTRUCTIONS

1.     To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page ___ hereof, sign this Proof of Claim.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2024**, ADDRESSED AS FOLLOWS:

*Mallinckrodt Securities Settlement*
Claims Administrator
c/o Gilardi – a Verita Company
P.O. Box 301135
Los Angeles, CA  90030-1135
Online Submissions:
www.MallinckrodtSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

---

[1]     This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.MallinckrodtSecuritiesSettlement.com.

- 1 -

4.    If you are a Class Member and you do not timely request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the Releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.    If you are a Class Member, you will be bound by the terms of any judgments or orders entered in the Litigation WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM, unless you submit a request for exclusion from the Class.  Thus, if you are a Class Member, the Judgment will release, and you will be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting each and every Released Plaintiffs' Claims against the Released Defendant Parties.

6.    You are eligible to participate in the distribution of the Net Settlement Fund only if you are a Member of the Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Proof of Claim with the required documentation, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.    Submission of this Proof of Claim does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be

- 2 -

governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

## II.     CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired the common stock of Mallinckrodt plc ("Mallinckrodt") between May 3, 2016, and March 13, 2020, inclusive (the "Class Period"), and are not otherwise excluded from the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of the Mallinckrodt common stock that forms the basis of this claim.  THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF MALLINCKRODT COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim.  If you purchased or otherwise acquired Mallinckrodt common stock during the Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Proof of Claim to participate in the Settlement. If, however, you purchased or otherwise acquired Mallinckrodt common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third

- 3 -

party is the record owner.  The beneficial owner, not the record owner, must sign this Proof of Claim.

Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  Specifically, they must: (i) expressly state the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or full taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Mallinckrodt securities; and (iii) furnish herewith evidence of their authority to bind to the Proof of Claim the person or entity on whose behalf they are acting.  (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

You are required to submit genuine and sufficient documentation for all of your transactions and holdings in the Mallinckrodt common stock set forth in the Schedule

of Transactions in Part II of this Proof of Claim.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Settling Parties and the Claims Administrator do not independently have information about your investments in Mallinckrodt stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Proof of Claim or any supporting documents.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in Mallinckrodt common stock during the Class Period).

- 5 -

By submitting a signed Proof of Claim, you will be swearing that you: (i) own(ed) the Mallinckrodt common stock you have listed in the Proof of Claim; or (ii) are expressly authorized to act on behalf of the owner thereof.

By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing. This could take substantial time. Please be patient.

**If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Claims Administrator, c/o Gilardi – a Verita Company at P.O. Box 301135, Los Angeles, CA 90030-1135 or by email at info@MallinckrodtSecuritiesSettlement.com, or by toll-free phone at 888-726-1568, or you may download the documents from the Settlement website, www.MallinckrodtSecuritiesSettlement.com.**

## III. CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Mallinckrodt Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required

4857-9004-0270.v2

information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of Mallinckrodt common stock that took place between May 3, 2016 and June 12, 2020, inclusive, whether such transactions resulted in a profit or a loss.[2]  You must also provide all of the requested information with respect to the number of shares of Mallinckrodt common stock you held at the close of trading on May 2, 2016, March 13, 2020, and June 12, 2020.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Mallinckrodt common stock.  The date of a "short sale" is deemed to be the date of sale of Mallinckrodt common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN MALLINCKRODT COMMON STOCK SHOULD

---

[2]    Information requested about your purchases/acquisitions on March 14, 2020 through and including the close of trading on June 12, 2020 is needed only for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period are not eligible for a recovery because they are outside the Class Period.

BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN MALLINCKRODT COMMON STOCK**.

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.MallinckrodtSecuritiesSettlement.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claims should be submitted for each separate legal entity, and the complete name of the

beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The third party filer shall not be the payee of any distribution payment or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

4857-9004-0270.v2

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

*Strougo v. Mallinckrodt Public Limited Company, et al.*

No. 3:20-cv-10100-RK (TJB)

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later**

**Than:**

**_____, 2024**

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN MALLINCKRODT COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.

- 10 -

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.  First Name

Last Name (Co-Beneficial Owner)

M.I.  First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number

— — or

Taxpayer Identification Number

—

Telephone Number (Primary Daytime)

— —

Telephone Number (Alternate)

— —

Email Address

**MAILING INFORMATION**

Address

Address

City

State

Zip Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

- 11 -

PART II:    SCHEDULE OF TRANSACTIONS IN MALLINCKRODT COMMON STOCK

**A.    Number of shares of Mallinckrodt common stock held at the close of trading on May 2, 2016.  If none, write "0" or "zero." ___**

**B.    Purchases or other acquisitions of Mallinckrodt common stock between May 3, 2016 and June 12, 2020, inclusive:**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased or Otherwise Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | □ Y  □ N |
| 2._____ | 2._____ | 2._____ | □ Y  □ N |
| 3._____ | 3._____ | 3._____ | □ Y  □ N |

IMPORTANT:    (i)  If any purchase listed covered a "short sale," please mark Yes: □ Yes

(ii)  If you received shares through an acquisition or merger at some date beginning May 3, 2016 through June 12, 2020, please identify the date, the share amount, and the company acquired:

____ / ____ / _____            _____            _____
MM  DD YYYY            Merger Shares            Company

**C.    Sales of Mallinckrodt common stock between May 3, 2016 and June 12, 2020, inclusive:**

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____<br>2._____<br>3._____ | 1._____<br>2._____<br>3._____ | 1._____<br>2._____<br>3._____ | □ Y □ N<br>□ Y □ N<br>□ Y □ N |

**D.    Number of shares of Mallinckrodt common stock held at the close of trading on March 13, 2020: _____**

Proof of Position Enclosed:    □ Yes □ No

**E.    Number of shares of Mallinckrodt common stock held at the close of trading on June 12, 2020: _____**

Proof of Position Enclosed:    □ Yes □ No

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to the Claims

- 13 -

Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, other acquisitions, or sales of Mallinckrodt common stock during the relevant period and know of no other person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge, and dismiss from the Released Plaintiffs' Claims each and all of the "Released Defendant Parties," defined as any or all of the Individual Defendants and/or Mallinckrodt, and/or any or all of their related parties, including, without limitation, any and all of their current or former parents, subsidiaries, affiliates, predecessors, successors, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' and/or Mallinckrodt's immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Individual

- 14 -

Defendants is the settlor or which is for the benefit of any of the Individual Defendants and/or member(s) of his or her family, and any person, firm, trust, corporation, officer, director or other individual or entity in which any of the Individual Defendants and/or Mallinckrodt has a controlling interest or which is related to or affiliated with any of the Individual Defendants and/or Mallinckrodt.

2.      "Released Plaintiffs' Claims" means any and all claims, demands, losses, rights, liabilities, obligations, damages, issues, and causes of action of every nature and description, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, foreseen or unforeseen, whether arising under federal, state, local, statutory, common or foreign law, or any other law, rule or regulation, at law or in equity, whether direct representative, class or individual in nature, based on, arising out of, or in connection with both: (i) the purchase or acquisition of Mallinckrodt common stock during the period between May 3, 2016, and March 13, 2020, inclusive, and (ii) the allegations, acts, facts, matters, occurrences, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Plaintiffs and other Members of the Class in the Litigation.  "Released Plaintiffs' Claims" does not include claims to enforce the Settlement, or any derivative or ERISA claims, or the claims of any Person who submits a request for exclusion from the Class in connection with this Settlement that

is accepted by the Court. "Released Plaintiffs' Claims" includes "Unknown Claims" as defined below.

3.    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Plaintiffs, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class, and Plaintiffs' Counsel. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now

- 17 -

existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

- 18 -

4.      These Releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

## CERTIFICATION

By signing and submitting this Proof of Claim, the claimant(s) or the person(s) who represent(s) the claimant(s) certifies (certify), as follows:

1.      that I (we) read and understand the contents of the Notice and this Proof of Claim, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) Class Member(s), as defined in the Notice and on page ___ of this Proof of Claim, and is (are) not excluded from the Class by definition or pursuant to request as set forth in the Notice;

3.      that I (we) own(ed) the Mallinckrodt common stock identified in the Proof of Claim and have not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Mallinckrodt common stock, and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Proof of Claim as Lead Counsel, the Claims Administrator or the Court may require;

7.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity and amount of the claim made by means of this Proof of Claim;

8.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

9.      that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  If the IRS has notified the claimant(s) that he, she, or it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.

4857-9004-0270.v2

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS PROOF OF CLAIM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE EXECUTED THIS _____ DAY OF _____

(Month/Year)

in _____
          (City)                          (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

4857-9004-0270.v2

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

    1.    Please sign the above release and acknowledgment.

    2.    Remember to attach copies of supporting documentation.

    3.    **Do not send** originals of certificates or other documentation as they will not be returned.

    4.    Keep a copy of your Proof of Claim and all supporting documentation for your records.

    5.    If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

    6.    If you move, please send your new address to the address below.

    7.    **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR
MAILED NO LATER THAN _____, 2024, ADDRESSED AS
FOLLOWS:**

*Mallinckrodt Securities Settlement*
Claims Administrator
c/o Gilardi – a Verita Company
P.O. Box 301135
Los Angeles, CA  90030-1135
Online Submissions:
www.MallinckrodtSecuritiesSettlement.com

- 22 -

# EXHIBIT 3

CARELLA, BYRNE, CECCHI,
  BRODY & AGNELLO, P.C.
JAMES E. CECCHI
KEVIN G. COOPER
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

Local Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 3:20-cv-10100-RK (TJB) |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | SUMMARY NOTICE OF PENDENCY |
| | ) | AND PROPOSED SETTLEMENT OF |
| vs. | ) | CLASS ACTION |
| | ) | |
| MALLINCKRODT PUBLIC LIMITED COMPANY, et al., | ) ) | EXHIBIT 3 |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:  **ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED MALLINCKRODT PLC ("MALLINCKRODT") COMMON STOCK BETWEEN MAY 3, 2016, AND MARCH 13, 2020, INCLUSIVE ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement dated September 18, 2024 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice").  The Stipulation and Notice can be viewed at www.MallinckrodtSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Canadian Elevator Industry Pension Trust Fund and City of Sunrise Police Officers' Retirement Plan (together, "Plaintiffs"), and defendants Mark C. Trudeau, Bryan M. Reasons, George A. Kegler, Matthew K. Harbaugh, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, and Mark J. Casey (collectively, the "Individual Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $46 million in cash ("Settlement").  If approved by the Court, the Settlement will resolve all claims in the Litigation.

- 1 -

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on _____, 2024, at ___:___ .m., before the Honorable Robert Kirsch at the United States District Court, District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $46 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; (4) to award Plaintiffs their costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.MallinckrodtSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the

4884-0374-7278.v2

Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED MALLINCKRODT COMMON STOCK BETWEEN MAY 3, 2016, AND MARCH 13, 2020, INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2024)** or electronically via the Settlement website **(no later than _____, 2024)**.[1]  Failure to submit your Proof of Claim by _____, 2024, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation.  If you are a Class Member and do not request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

---

[1]    Proofs of Claim, requests for exclusion, objections, and other correspondence that are legibly postmarked will be treated as received on the postmark date.  Please be advised that the U.S. Postal Service may not postmark mail which is not presented in person.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.MallinckrodtSecuritiesSettlement.com, or by writing to:

*Mallinckrodt Securities Settlement*
Claims Administrator
c/o Gilardi – a Verita Company
P.O. Box 301135
Los Angeles, CA  90030-1135

Inquiries should NOT be directed to Individual Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED OR RECEIVED BY _____, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  IF YOU PROPERLY EXCLUDE YOURSELF

- 4 -

FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST THE INDIVIDUAL DEFENDANTS OR ANY OF THE OTHER RELEASED DEFENDANT PARTIES CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED ONE-THIRD OF THE $46 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $1.5 MILLION, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AN AWARD TO PLAINTIFFS FOR THEIR COSTS AND EXPENSES.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND THE INDIVIDUAL DEFENDANTS' COUNSEL **BY _____, 2024**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____      BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

4884-0374-7278.v2

# EXHIBIT 4

**<u>LEGAL NOTICE</u>**

*Strougo v. Mallinckrodt Public Limited Company, et al.*,
No. 3:20-cv-10100-RK (TJB)
c/o Gilardi – a Verita Company
P.O. Box 301135
Los Angeles, CA  90030-1135

www.MallinckrodtSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read this notice carefully.

**[INCLUDE BARCODE FOR WEBSITE]**

4870-5754-3886.v2

THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.MALLINCKRODTSECURITIESSETTLEMENT.COM OR CALL 888-726-1568 FOR MORE INFORMATION

If you purchased or otherwise acquired Mallinckrodt plc ("Mallinckrodt" or the "Company") common stock between May 3, 2016, and March 13, 2020, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on _____, 2024, at ___ ("Settlement Hearing"), before the Honorable Robert Kirsch, to determine whether the proposed Settlement of the Litigation against Individual Defendants Mark C. Trudeau, Bryan M. Reasons, George A. Kegler, Matthew K. Harbaugh, Kathleen A. Schaefer, Angus C. Russell, Melvin D. Booth, JoAnn A. Reed, Paul R. Carter, and Mark J. Casey for $46 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Litigation should be dismissed with prejudice against the Individual Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to one-third of the Settlement Amount, and expenses not to exceed $1.5 million, plus interest on both amounts, and awards to Plaintiffs, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, the Individual Defendants misled investors by making materially false and misleading statements and failing to disclose material information, which caused Mallinckrodt's stock to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing Mallinckrodt's stock price to fall. The Individual Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release form ("Claim Form") by visiting the website: www.MallinckrodtSecuritiesSettlement.com ("Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Mallinckrodt Securities Settlement*, c/o Gilardi – a Verita Company, P.O. Box 301135, Los Angeles, CA 90030-1135, or (ii) toll-free call: 888-726-1568.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2024. Your *pro rata* share of the Settlement will depend on the number of valid claims, and the number, size, and timing of your transactions in Mallinckrodt common stock. The estimated average distribution per share is approximately $0.23, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you are a Class Member and do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, and/or request for

award of attorneys' fees and expenses and awards to Plaintiffs no later than _____, 2024.  The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Plaintiffs and the Class are represented by Lead Counsel:  Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Settlement Hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time.  Please check the Website for updates.