CARELLA, BYRNE, CECCHI, BRODY
  & AGNELLO, P.C.
JAMES E. CECCHI
KEVIN G. COOPER
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

Local Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>     vs.<br><br>MALLINCKRODT PUBLIC LIMITED COMPANY, et al.,<br><br>               Defendants. | No. 3:20-cv-10100-RK (TJB)<br><br>CLASS ACTION<br><br>DECLARATION OF JAMES E. CECCHI FILED ON BEHALF OF CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C. IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, James E. Cecchi, Esq., declare as follows:

1.      I am partner of the firm of Carella, Byrne, Cecchi, Brody & Agnello, P.C., ("Carella Byrne" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees and expenses/charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is Liaison Counsel of record for Lead Plaintiff Canadian Elevator Industry Pension Trust Fund.

3.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  Based on this review, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      The number of hours spent on the Litigation by my Firm is 147.50.  A breakdown of the lodestar is provided in Exhibit A.  The lodestar amount for

attorney/paraprofessional time based on the Firm's current rates is $125,212.50. The hourly rates shown in Exhibit A are consistent with hourly rates submitted by the Firm in other securities class action litigation. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. Different timekeepers within the same employment category (*e.g.*, partners, associates, paralegals, etc.) may have different rates based on a variety of factors, including years of practice, years at the Firm, years in the current position (*e.g.*, years as a partner), relevant experience, relative expertise, and the rates of similarly experienced peers at this Firm or other firms. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

5.      My Firm seeks an award of $175.10 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in Exhibit B.

6.      The expenses pertaining to this case are reflected in the books and records of this Firm. These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

7.      My Firm resume is attached hereto as Exhibit C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of March, 2025, at Roseland, New Jersey.

_____
James E. Cecchi

# EXHIBIT A

# EXHIBIT A

*Strougo v. Mallinckrodt PLC, et al.,*
*Civil Action No.: 3:20-10100*

Carella, Byrne, Cecchi, Brody & Agnello, P.C.

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Cecchi, James | (P) | 27.00 | $ 1,300.00 | $ 35,100.00 |
| Troublefield, G. Glennon | (P) | 12.60 | $ 975.00 | $ 12,285.00 |
| Taylor, Lindsey | (P) | 7.20 | $ 975.00 | $ 7,020.00 |
| Ecklund, Donald | (P) | 1.40 | $ 975.00 | $ 1,365.00 |
| Cooper, Kevin | (P) | 67.80 | $ 850.00 | $ 57,630.00 |
| Paralegals | | | | |
| Houser, Nancy | | 1.00 | $ 225.00 | $ 225.00 |
| Tempesta, Laura | | 2.70 | $ 225.00 | $ 607.50 |
| Falduto, Jeff | | 0.40 | $ 400.00 | $ 160.00 |
| Rago, Mary Ellen | | 0.80 | $ 225.00 | $ 180.00 |
| Teixeira, Dylan | | 15.70 | $ 400.00 | $ 6,280.00 |
| Patel, Antra | | 10.90 | $ 400.00 | $ 4,360.00 |
| **TOTAL** | | **147.50** | | **$125,212.50** |

(P) Partner
(A) Associate
(OC) Of Counsel

# EXHIBIT B

**EXHIBIT B**

*Strougo v. Mallinckrodt PLC, et al.,*
*Civil Action No.: 3:20-10100*

Carella, Byrne, Cecchi, Brody & Agnello, P.C.

| CATEGORY | AMOUNT |
|---|---|
| Filing, Witness and Other Fees | $150.00 |
| Court Fees | $25.10 |
| *TOTAL* | *$175.10* |

# EXHIBIT C



# CLASS ACTION RESUME

Formed in 1976, Carella Byrne is one of the leading law firms in the New Jersey – New York metropolitan area, serving a diverse clientele ranging from small businesses to Fortune 500 corporations. Carella Byrne's class action practice - founded and led by James E. Cecchi - is the preeminent consumer class action firm in the State of New Jersey and across the United States. Mr. Cecchi has held leadership positions in many of the nation's most complex and important consumer class actions effecting consumer rights in the last ten years. The most recent examples, to name a few are: (1) *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*; (2) *In re Takata Airbag Product Defect Litigation*; (3) *In re National Prescription Opiate Litigation;* (4); *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation*; (5) *In re Mercedes-Benz Emissions Litigation*; (6) *In re Liquid Aluminum Sulfate Antitrust Litigation;* (7) *In re Volkswagen Timing Chain Product Liability Litigation;* (8) *In re Insulin Pricing Litigation*.

## REPRESENTATIVE MATTERS

- *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.) (Hon. Charles R. Breyer) (James Cecchi appointed to Steering Committee and as Settlement Class Counsel; settlement in excess of $15,000,000,000 for consumer fraud and warranty claims arising from the use of a defeat device to evade U.S. emissions regulations.)

- *In re: Takata Airbag Products Liability Litigation*, MDL No. 2599 (S.D. Fla.) (Hon. Frederico A. Moreno) (James Cecchi appointed to Steering Committee and as Settlement Class Counsel; settlement in excess of $1,500,000,000 for consumer fraud and warranty claims arising from use of defective and dangerous airbags; the case is ongoing as it pertains to second-wave defendants, including Mercedes Benz USA.)

- *In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litigation*, MDL No. 2904 (D.N.J.) (Hon. Madeline Cox Arleo) (James Cecchi appointed sole Lead Counsel in national Multi-District data breach litigation.)

- *In re National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio) (Hon. Dan A. Polster) (James Cecchi appointed to Plaintiffs' Executive Committee relating to marketing of opioid drugs. Recent settlements include a proposed $26 billion settlement with the nation's largest drug distributors and Johnson & Johnson.  Recent trial team victories include Track 3 bellwether of $650.6 million.)

- *In re: Mercedes-Benz Emissions Litigation*, Civil Action No. 16-cv-881 (D.N.J.) (Hon. Kevin McNulty) (James Cecchi appointed as Interim Co-Lead Counsel for Plaintiffs and the Proposed Class in a case arising out of the alleged use of a defeat device to evade U.S. emissions regulations; settlement with value in excess of $700,000,000 granted final approval.)

- *In Re: Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1938 (D.N.J.) (Hon. Dennis M. Cavanaugh); *In re Schering-Plough/Enhance Securities Litigation*, Civil Action No.: 08-cv-397 (D.N.J.) (Hon. Dennis M. Cavanaugh); *In re Merck & Co., Inc. Vytorin/Zetia Securities Litigation*, Civil Action No.: 08-cv-2177 (D.N.J.) (Hon. Dennis M. Cavanaugh) (consumer and securities fraud claims arising from marketing and sale of anti-cholesterol drugs Vytorin and Zetia) (Co-Lead Counsel in Consumer Cases which settled for $41,500,000 and Liaison Counsel in Securities Cases which collectively settled for $688,000,000.)

- *In re: Liquid Aluminum Sulfate Antitrust Litigation,* MDL No. 2687 (D.N.J.) (Hon. Jose L. Linares) (James Cecchi appointed as Lead Counsel and secured a settlement of greater than $100,000,000.)

- *In Re Effexor XR Antitrust Litigation,* Civil Action No. 11-cv-5661 (D.N.J.) (Hon. Joel A. Pisano) (claims on behalf of indirect purchasers of brand-name drug alleging that manufacturer obtained patent by fraud and enforced patent by sham litigation to maintain illegal monopoly of brand-name drug. James Cecchi appointed as Chair of Plaintiffs' Indirect Purchaser Executive Committee.)

- *Davis Landscape v. Hertz Equipment Rental*, Civil Action No. 06-cv-3830 (D.N.J.) (Hon. Dennis M. Cavanaugh) (Co-Lead Counsel in settlement valued at over $50,000,000 on behalf of contested nationwide class asserting claims that HERTZ' loss/damage waiver charges violated the New Jersey Consumer Fraud Act because it provides no benefit to customers.)

- *In Re: Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation*, MDL No. 1658 (D.N.J.) (Hon. Stanley R. Chesler) (securities fraud claims arising from Merck's failure to disclose problems with commercial viability of anti-pain drug Vioxx which settled for more than $1,000,000,000.)

- *In re: Mercedes-Benz Tele-Aid Contract Litigation*, MDL No. 1914 (Hon. Dickson R. Debevoise) (Co-Lead Counsel in $40,000,000 settlement of consumer fraud claims arising from Mercedes' failure to notify Tele-Aid customers of mandated change from analog to digital system, and charging customers to replace system Mercedes knew would be obsolete.)