CARELLA, BYRNE, CECCHI, BRODY
  & AGNELLO, P.C.
JAMES E. CECCHI
KEVIN G. COOPER
5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
kcooper@carellabyrne.com

Local Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA STROUGO, Individually and on Behalf of All Others Similarly Situated, ) ) ) | No. 3:20-cv-10100-RK (TJB) |
| ) ) | CLASS ACTION |
| Plaintiff, ) ) ) | [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH |
| vs. ) ) | PREJUDICE |
| MALLINCKRODT PUBLIC LIMITED ) COMPANY, et al., ) | |
| ) | |
| Defendants. ) ) | |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated December 23, 2024, on the application of Lead Plaintiff Canadian Elevator Industry Pension Trust Fund and named plaintiff City of Sunrise Police Officers' Retirement Plan for approval of the Settlement set forth in the Stipulation of Settlement dated September 18, 2024 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies, for purposes of this Settlement only, this Litigation as a class action on behalf of all Persons who purchased or otherwise acquired Mallinckrodt common stock between May 3, 2016, and March 13, 2020, inclusive.

- 1 -

Excluded from the Class are: (1) the Individual Defendants; (2) any directors and officers of Mallinckrodt during the Class Period and members of their immediate families and their legal representatives, heirs, successors, or assigns; and (3) any entity in which any Individual Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excluded himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion, as identified in Exhibit 1 hereto. To the extent any Mallinckrodt employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any Person who is excluded from the Class by definition.

4.    The Court finds that for purposes of the Settlement only: (a) Class Members are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and their counsel have fairly and adequately represented and protected the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Class Members in individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this

particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.  Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)  said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)  there was no collusion in connection with the Stipulation;

(c)  the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)  the record is sufficiently developed and complete to have enabled Plaintiffs and Individual Defendants to have adequately evaluated and considered their respective positions.

6.  Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

7.      The terms of the Stipulation and of this Judgment shall be forever binding on the Released Defendant Parties, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8.      Upon the Effective Date, and as provided in the Stipulation, Plaintiffs shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, resolved, compromised, settled, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims[1] (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

9.      Upon the Effective Date, and as provided in the Stipulation, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or other proceeding in any forum (including, but not limited to, any state or federal court of

---

[1]      The Releases set forth in paragraphs 4.1-4.6 of the Stipulation, together with the definitions contained in paragraphs 1.27 and 1.28 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.

law or equity, arbitration tribunal, or administrative forum), asserting the Released Plaintiffs' Claims against any of the Released Defendant Parties.

10.     Upon the Effective Date, the Releasing Plaintiff Parties shall be deemed to have covenanted not to sue any Released Defendant Parties on the basis of any Releasing Plaintiffs' Claims or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Plaintiffs' Claim against any Released Defendant Parties. The foregoing release is given regardless of whether Lead Plaintiff or any Class Member have: (i) executed and delivered a Proof of Claim; (ii) received the Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (v) had their claims approved or allowed. Nothing contained herein shall bar any action or claim to enforce the terms of the Stipulation or this Judgment.

11.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, resolved, compromised, settled, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against Plaintiffs, the Class, and Plaintiffs' Counsel. Claims to enforce the terms of the Stipulation are not released.

- 5 -

12.    The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation.

13.    Neither this Judgment nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be offered against any of the parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the parties as to the truth of any facts alleged, validity, merit, or deficiency of any claim or defense that was or could have been asserted in this Litigation, that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation.

- 6 -

14.    The notice of the pendency and proposed Settlement of the Litigation given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.    Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.    No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.    A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon.    The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.    Thus, the Court hereby determines that all Class Members are bound by this Judgment.

15.    The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.    No Released Defendant Party shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

16.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim, or of any wrongdoing or liability of the Individual Defendants or Defendants' Released Persons, (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made, or (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Individual Defendants or Defendants' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Individual Defendants and/or their respective Released Persons may file the Stipulation and/or this Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; (d) hearing and determining applications for approval of the Plan of Allocation; and (e) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

19.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and litigation expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.    The Court's orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement.

21.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Individual Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and Releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the

Settling Parties shall revert to their respective positions in the Litigation as of June 7, 2024, as provided in the Stipulation.

22.    Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23.    The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: _April 15, 2025_    _____

TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE

*DE No 157 is terminated*

- 10 -